# EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/30/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ G. Carini _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV01931 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Yvette M. Palazuelos | 9 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/30/2023
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By G. Carini _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
**Exhibit A**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**Exhibit A**
**- 10 -**

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 2 of 2

**Exhibit A**
**- 11 -**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/30/2023 02:46 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

23STCV01931

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Gillian L. Wade, State Bar No. 229124<br>10990 Wilshire Boulevard, Suite 800, Los Angeles, CA 90024<br><br>TELEPHONE NO.: (310) 396-9600   FAX NO. *(Optional):* (310) 396-9635<br>E-MAIL ADDRESS: gwade@mjfwlaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs Williene Jackson-Jones, et al. | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Williene Jackson-Jones, et al. v. Epoch Everlasting Play, LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV01931 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [x] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Three (3)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 30, 2023

Gillian L. Wade
_____
(TYPE OR PRINT NAME)

▶

*(signature)* JWade
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

Exhibit A

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**Exhibit A**

**- 13 -**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Williene Jackson-Jones, et al. v. Epoch Everlasting Play, LLC, et al. | 23STCV01931 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 7    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | Type of Action | B<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| Auto Tort | Auto (22) | ☐ | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ | A6070 Asbestos Property Damage | 2. |
| | | ☐ | A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ | A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ | A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ | A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ | A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ | A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☑ | A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ | A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ | A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ | A6013 Fraud (no contract) | 1., 2., 3. |

**Exhibit A**

**- 14 -**

| SHORT TITLE: Williene Jackson-Jones, et al. v. Epoch Everlasting Play, LLC, et al. | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons -See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Williene Jackson-Jones, et al. v. Epoch Everlasting Play, LLC, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☑ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Williene Jackson-Jones, et al. v. Epoch Everlasting Play, LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 North Hill Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV.      r            : I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: ___January 30, 2023___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

CIV 109 03-04 (Rev. 03/06)             **CIVIL CASE COVER SHEET ADDENDUM**             LASC, rule 2.0
LASC Approved                          **AND STATEMENT OF LOCATION**                   Page 4 of 4
                                       **Exhibit A**

23STCV01931

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Yvette Palazuelos

Electronically FILED by Superior Court of California, County of Los Angeles on 01/30/2023 02:46 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

1   **MILSTEIN JACKSON**
    **FAIRCHILD & WADE, LLP**
2   Gillian L. Wade, State Bar No. 229124
    gwade@mjfwlaw.com
3   Sara D. Avila, State Bar No. 263213
    savila@mjfwlaw.com
4   Marc A. Castaneda, State Bar No. 299001
    mcastaneda@mjfwlaw.com
5   10990 Wilshire Blvd., 8th Floor
    Los Angeles, California 90024
6   Tel: (310) 396-9600
    Fax: (310) 396-9635
7
    [Additional counsel on signature page.]
8
    *Attorneys for Plaintiffs and the Proposed Class*
9

10

11

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                        **COUNTY OF LOS ANGELES**

14

15  WILLIENE JACKSON-JONES,          Case No. 23STCV01931
    individually and on behalf of all others
16  situated, KAREN SANTOS, individually
    and on behalf of all situated,      **CLASS ACTION COMPLAINT**
17
18          Plaintiffs              1.   Violations of Unfair Competition Law,
                                         'Unlawful' Prong, Cal. Bus. & Prof. C. §
19      vs.                              17200, *et seq.*

20                                  2.   Violations of Unfair Competition Law,
                                         'Unfair' Prong, Cal. Bus. & Prof. C. §
21                                       17200, *et seq.*

22  EPOCH EVERLASTING PLAY, LLC, a  3.   Unjust Enrichment
    Delaware limited liability company,
23  TARGET CORPORATION, a Minnesota
    corporation, and AMAZON.COM
24  SERVICES LLC, a Delaware corporation,

25          Defendants.

26

27

28

                        CLASS ACTION COMPLAINT
                            **Exhibit A**
                              **- 18 -**

1    Plaintiffs Williene Jackson-Jones and Karen Santos ("Plaintiffs"), through undersigned

2    counsel, bring this Class Action Complaint against Defendants Epoch Everlasting Play, LLC, Target

3    Corporation, and Amazon.com Services LLC (collectively, "Defendants"), and allege the following

4    based upon the investigation of counsel, except as to allegations pertaining to Plaintiffs, which are

5    based upon personal knowledge:

6    <u>**NATURE OF THE ACTION**</u>

7    1.    Plaintiffs bring this action on their own behalf and on behalf of a class of consumers

8    as defined below to redress Defendants' unlawful sale of a line of flocked animal toy products

9    known as Calico Critters (the "Calico Critters Flocked Toys").

10    2.    The Calico Critters Flocked Toys constitute banned hazardous substances under

11    Section 15(a)(1) of the Consumer Product Safety Act, 15 U.S.C. § 2051, *et seq.* (the "CPSA")

12    because they are intended for use by children under 3 years of age and pose a choking, aspiration,

13    or ingestion hazard because of their small parts.

14    3.    The Calico Critters Flocked Toys are highly dangerous and have resulted in multiple

15    instances of children under 3 suffering severe injury and even death due to choking.

16    4.    Instead of making a safer toy, Defendants chose to play a labeling and marketing game

17    with deadly consequences. Defendants attempted to circumvent the regulation designed to protect

18    children under three by age labeling and marketing the toys as "3+" and providing a choking hazard

19    warning.

20    5.    The CPSC anticipated such games and issued guidelines to prevent such conduct by

21    toy manufacturers and distributers. According to the CPSC's Enforcement Policy and Procedural

22    Guides, placing a "not intended for children under three" label on a flocked toy that is by definition

23    intended for children under three years of age does not transform a banned hazardous substance into

24    a toy that is in compliance with CPSC regulations. *Enforcement Policy & Procedural Guide 2.05*,

25    Figure 2 (U.S. CSPC 1990).

26    6.    Despite Defendants' knowledge of the Calico Critters Flocked Toys' hazardous

27    nature, including instances of injury and death caused by their use, Defendants have sold and

28    continue to sell the Calico Critters Flocked Toys to consumers at various retail locations throughout

1    the country, with misleading (and potentially deadly) labeling. Defendants' introduction or delivery

2    for introduction of banned hazardous substances into interstate commerce is unlawful under 15

3    U.S.C. § 1263(a).

4      7.  Accordingly, this action seeks to provide restitution and related injunctive and

5    declaratory relief to California consumers harmed by Defendants' illegal sale of the Calico Critters

6    Flocked Toys, under the following causes of action: (i) violations of the 'unlawful' prong of

7    California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.* (the "UCL"); (ii)

8    violations of the 'unfair' prong of the UCL; and (iii) unjust enrichment.

9    **JURISDICTION AND VENUE**

10      8.  This Court has personal jurisdiction over Defendants because Defendants are foreign

11    entities authorized to do business in California and have sufficient minimum contacts with

12    California or otherwise intentionally avail themselves of the laws and markets of California, through

13    the distribution and sale of the Calico Critters Flocked Toys in California, to render the exercise of

14    jurisdiction by the California courts permissible.

15      9.  Defendants' activities in California gave rise to the claims identified herein, both

16    suffered by Plaintiffs and by members of the proposed Class. Defendants have introduced the

17    Calico Critters Flocked Toys into the stream of commerce in California, including the Calico

18    Critters Flocked Toys purchased by Plaintiffs and the Class, each of which give rise to the claims

19    of Plaintiffs and the Class.

20      10.  Venue is proper in this Court because Defendants have conducted business and

21    entered into transactions in this County, and the conduct at issue occurred in, and/or emanated from,

22    in part, this County. Moreover, Plaintiff Williene Jackson-Jones resides in this County.

23    **PARTIES**

24      11.  Plaintiff Williene Jackson-Jones is an individual, a resident of Lancaster, California,

25    and a member of the Class alleged herein.

26      12.  Plaintiff Karen Santos is an individual, a resident of Pleasanton, California, and a

27    member of the Class alleged herein.

28

2
**CLASS ACTION COMPLAINT**
Exhibit A
- 20 -

13.    Defendant Epoch Everlasting Play, LLC ("Epoch") is a Delaware limited liability company, having its principal office at 75D Lackawanna Avenue, Parsippany, New Jersey 07054, and is duly organized and existing pursuant to law. Epoch conducts substantial business in California and throughout the United States. At all relevant times, Epoch has been engaged in the marketing, distribution, and sale of the Calico Critters Flocked Toys in California and throughout the United States.

14.    Epoch, formerly known as International Playthings LLC, is a subsidiary of, and US-based distributor for a Japanese toy company named Epoch Co. Ltd. ("Epoch Co."). As the US-based distributor of Epoch Co., Epoch has the same duties, responsibilities and liability under the law in designing, manufacturing and marketing the Calico Critters Flocked Toys at issue.

15.    Defendant Target Corporation ("Target") is a retail company headquartered in Minnesota. Target primarily sells household goods, including the Calico Critters Flocked Toys purchased by Plaintiffs.

16.    Defendant Amazon.com Services LLC is an online retail company headquartered in Washington. Defendant sells a wide range of consumer products, including the Calico Critters Flocked Toys purchased by Plaintiffs.

## FACTUAL ALLEGATIONS

### A. Defendants' Hazardous Calico Critters Flocked Toys.

17.    Since the 1980s, Epoch has built an internationally-recognized brand of flocked toys, played with by little children throughout the world.  The Calico Critters Flocked Toys consist of anthropomorphized animals dressed in human clothes—plastic, poseable animal figures with a flocked exterior, giving the feel of fur and functioning as a mix between a stuffed animal and a doll.



18.   The Calico Critters Flocked Toys are flocked toys.  When a toy is "flocked," that means that its surface is coated in soft, fuzzy fibers that give the toy the feeling of velour or felt.

19.   In addition to the flocked figurines, Defendant's Calico Critters Flocked Toys include accessories, furniture, and dollhouse playsets.



**B. Calico Critters Are Intended for Children Under Age 3 as a Matter of Law, Yet They Present a Lethal Choking Hazard.**

20.   Critically, per federal regulations, flocked toys like the Calico Critters Flocked Toys are considered to be intended for children under 3 years old as a matter of law.

21.   The Consumer Product Safety Commission ("CPSC") has identified "stuffed, plush, and flocked animals and other figures"—like the Calico Critters Flocked Toys—as automatically intended for children under 3. *See* 16 C.F.R. 1501.2(a).

22.    The CPSC has also established regulations banning "[a]ny toy or other article intended for use by children under 3 years of age which presents a choking, aspiration, or ingestion hazard because of small parts as determined by part 1501 of this chapter and which is introduced into interstate commerce after January 1, 1980." 16 C.F.R. § 1500.18(a)(9).

23.    To determine whether a toy presents a choking, aspiration, or ingestion hazard, the CPSC provides a test procedure using a cylinder the size of a fully expanded throat of a child under three years old, known as the choke tube. *See* 16 C.F.R. § 1501.4. The choke tube is 1.25 inches in diameter. *Id.* If a toy fits the choke tube in any orientation and without being compressed, it fails to comply with the test procedure and is considered a choking, aspiration, or ingestion hazard.

24.    The Calico Critters Flocked Toys and their accessories are miniscule and "fit the choke tube," presenting a terrifying choking hazard to children under three.



25.    For example, the Calico Critters Town Tea and Treats Set purchased by Plaintiff Jackson-Jones contains miniature accessories, including a tea pot, tea pot lid, treat stand, handle, server, teacups, saucers, plates, and artificial macarons and chocolates—each of which easily fits the choke tube.




26.    Additionally, the Calico Critters Town Chocolate Lounge purchased by Plaintiff Jackson-Jones contains miniature plates, serving utensils, cups, saucers, and artificial treats that each fit within the choke tube as well.





27.    Furthermore, the Calico Critters Persian Cat Triplets purchased by Plaintiff Karen Santos contains three miniature cat figurines that are each 1.25 inches in length and also fit the choke tube.



28.    Because the Calico Critters Flocked Toys and their accessories are flocked toys and fit the choke tube, they constitute statutorily banned hazardous substances. *See* 15 U.S.C. § 2064(a)(1) ("the term 'substantial product hazard' means . . . a failure to comply with an applicable

7

1   consumer product safety rule under this Act or a similar rule, regulation, standard, or ban under any

2   other Act enforced by the Commission which creates a substantial risk of injury to the public").

3       29.    Defendants have violated and continue to violate the Federal Hazardous Substances

4   Act, 15 U.S.C. § 1261, *et seq*. ("FHSA") by introducing and/or delivering for introduction banned

5   hazardous substances into interstate commerce. *See* 15 U.S.C. § 1263(a).

6       30.    Instead of making a safer toy, Defendants chose to play a labeling and marketing game

7   with deadly consequences. Defendants attempted to circumvent the regulation designed to protect

8   children under three by age labeling and marketing the part as "3+" and providing a choking hazard

9   warning.

10      31.    But the CPSC anticipated such games and issued guidelines to prevent such conduct

11  by toy manufacturers and distributers.

12      32.    According to the CPSC's Enforcement Policy and Procedural Guides, placing a "not

13  intended for children under three" label on a flocked toy that is by definition intended for children

14  under three years of age does not transform a banned hazardous substance into a toy that is in

15  compliance with CPSC regulations. Enforcement Policy & Procedural Guide 2.05, Figure 2 (U.S.

16  CSPC 1990).

**C. Epoch Intentionally Marketed the Calico Critters Flocked Toys to Children Under Three Years of Age.**

17
18      33.    Epoch's marketing strategy for the Calico Critters Flocked Toys involved willful

19  ignorance, at best, and dangerous deception, at worst.  At every moment, however, Epoch refused

20  to acknowledge (1) the age of the children playing with its toys and (2) the inherent danger posed

21  to that audience.

22      34.    In one stunning example, Epoch failed to age grade[1] the Calico Critters Flocked Toys,

23  demonstrating its willingness to ignore regulations and remain ignorant.

24      35.    Nonetheless, Epoch ultimately learned the age demographic of its key audience—

25  including the fact that they were too young to play with Defendant's toys.  Marketing documents

26
27  _____
[1] Age grading is a process used to analyze a particular toy product to determine what age children
28  are appropriate to interact with the product. The process matches the attributes of the toy to the
    attributes of the child. It is used to determine what regulations will apply to the product.

8

**CLASS ACTION COMPLAINT**
**Exhibit A**

1  reveal that Epoch *intentionally marketed* the Calico Critters Flocked Toys to children under the age

2  of three.

3      36.    In August 2017, Epoch commissioned marketing research to understand the attitudes

4  and usage of the Calico Critters Brand in the United States. The report—"The Calico Critters Story,

5  Understanding Attitudes and Usage of the Brand, USA,"—contains information about Epoch's

6  intentional, purposeful, and research-backed marketing to two-year-old girls.

7      37.    Included within the report was a survey conducted in the United States among a

8  nationally representative population of category-involved girls and their parents, meaning that the

9  girls (1) play with or collect small toys, and (2) play with at least two brands in the Calico Critters

10  category. Epoch surveyed 300 parents of girls aged two to three. The mean age of the girls surveyed

11  in the aged-two-to-three category was two years, seven months old.

12      38.    The survey revealed the following: (1) the largest category of girls who play with

13  small dolls/collectibles is girls aged two to three; (2) girls tend to come to the Calico

14  Critters…around age 3; (3) 75% of girls ages two to three play with Calico Critters a few times a

15  week; (4) as girls age, the play severely drops, with the largest drop occurring at age 4 to 5; (5)

16  brand fanship is highest among girls aged two to three; and (6) overwhelmingly higher brand

17  engagement (emotional commitment or loyalty) occurs at age two to three than for any other age

18  subset, at 74%.

19      39.    The report also provided a marketing strategy, which included: (1) "touch points" of

20  "dolls, figures and playsets" beginning at age two; (2) developing stories that meet the girls where

21  they are, and beginning those stories to children as young as age two; (3) bypassing parents and

22  marketing directly to girls; and (4) using bold designs that catch the child's eye.

23      40.    The brand strategy included bypassing parents and marketing directly to girls:

24

25

26

27

28

**CLASS ACTION COMPLAINT**
**Exhibit A**



**Market directly to girls, not just parents**

- Use bold packaging designs that catch girls' attention in stores
- Offer TV ads
- Build word of mouth

# Small dolls and collectibles are an impulse buy, so packaging is important



**75%**

of these purchases are made in person at big box chain stores, such as:

TARGET.   Toys Я us
Walmart

41.    The executive summary of the report stated that fanship and engagement is strongest among younger girls (two-to-three-years-old), and decisions to purchase small dolls/collectibles are girl-led and usually occur on the spot:

**Executive Summary**

- ‣ **Small dolls and collectibles are popular among girls 2-11 –** they own lots of them and many girls play with them daily
  - ‣ And they play with them less as they grow
- ‣ **Decisions to purchase small dolls/collectibles are girl-led and** usually occur on the spot
- ‣ **Calico Critters has room to grow in awareness, fanship, and engagement** and is strongest among younger girls (2-3 years)
- ‣ **Calico Critters' brand essence is family, nature, and love,** setting it apart from competitors
  - ‣ **Calico Critters** is also seen as expensive
- ‣ **Calico Critters has the opportunity to build more stories** into the brand to gain an entry point, keep girls engaged longer, and compete in the landscape




42.     All of this information was actually known by Epoch as of at least August 2017.

43.     Following the report, Epoch actively initiated a campaign that mirrored the findings of the report and began marketing the Calico Critters Flocked Toys to girls under the age of three.

**D.  Target Intentionally Marketed the Calico Critters Flocked Toys to Children Under Three Years of Age.**

44.     At all times relevant to this complaint, Target owned and operated over 300 store locations in California. Among the stores owned and operated by Target is the location in Dublin, California, where Plaintiff Santos purchased Calico Critters Flocked Toys (the "subject store").

45.     Target controls the presentation of merchandise in each of its stores, including the subject store, requiring its employees to place its products in conformity with a series of presentation, signage and spacing standards (hereinafter the "presentation standards") researched and written by Target and communicated to its employees.

46.     Target's presentation standards are part of a researched marketing effort, specifically targeting young children and babies, with the purpose and design to lure them into buying certain products.

47.     As part of its marketing efforts, implemented through its presentation standards, Target requires its stores to place Calico Critters Flocked Toys at the face and eye level of children under the age of three.

48.     Target's aim is to increase the sales volume of these products to families, by enticing young children to see and access these products.

49.     Target's presentation standards has induced consumers into purchasing Calico Critters Flocked Toys for children under the age of three.

**E. History of Choking Events Caused by the Calico Critters Flocked Toys.**

50.     The Calico Critters Flocked Toys have been identified as dangerous choking hazards by a watchdog group—the U.S. Public Interest Research Group—that seeks the recall of these toys by the CPSC.[2]

51.     In April 2013, 22-month-old James Rencher swallowed and choked on a miniature doll pacifier at his home in Farmington, Utah. Although the doctors were able to remove the toy from his windpipe, he suffered brain trauma. The pacifier was part of a Calico Critters toy set.

52.     In May 2018, two-year-ten-month-old Dakotah Dedios swallowed and chocked on another pacifier toy from the Calico Critters Yellow Labrador Twins set, resulting in her death.

53.     James's injury and Dakotah's death were all the result of the Calico Critters Flocked Toys and Defendants' unlawful conduct of putting a banned hazardous substance on the market.

54.     The Calico Critters Flocked Toys were recently identified as one of the "Ten Worst Toys" by World Against Toys Causing Harm, Inc. According to the press release, "This set of cute 'critters' is labeled for ages '3+' on the throw-away packaging, however 'flocked animals', regardless of labels, are appealing to oral-age children, as recognized by the industry small parts regulation. The Calico Critters collection includes small parts, such as a pacifier, with the potential for choking injuries."[3]

**F. Plaintiffs' Purchase of Calico Critters Flocked Toys.**

55.     Plaintiff Jackson-Jones purchased the following Calico Critters Flocked Toys for her granddaughter on Amazon.com:

---

[2] SANTA FE NEW MEXICAN, Nov. 27, 2020, http://www.santafenewmexican.com/news/local_news/toy-linked-to-new-mexico-child-s-deathtops-watchlist/article_6cb49678-2e96-11eb-8fe3-6ffdaf34150d.html.
[3] *W.A.T.C.H. Reveals Its 2020 Nominees For The "10 Worst Toys" This Holiday Season* (Nov. 2020) (available at https://toysafety.org/wp-content/uploads/2020/11/2020-Ten-Worst-Toys-With-Photos.pdf)

12

**CLASS ACTION COMPLAINT**
**Exhibit A**

1         a) Calico Critters Baby Airplane Ride, Dollhouse Playset with Maple Cat Figure

2            Included (purchased June 11, 2021);

3         b) Calico Critters Sunshine Nursery Bus for Dolls (purchased June 6, 2021);

4         c) Calico Critters Baby Ferris Wheel, Dollhouse Playset with Toy Poodle Figure

5            Included (purchased June 4, 2021);

6         d) Calico Critters Town Chocolate Lounge (purchased May 25, 2021);

7         e) Calico Critters, Doll House Furniture and Decor, Laundry & Vacuum Cleaner

8            (purchased May 25, 2021);

9         f) Calico Critters Dress Up Set (Lavender & Aqua) (purchased May 25, 2021);

10        g) Calico Critters Town Girl Series - Silk Cat (purchased May 25, 2021); and

11        h) Calico Critters Town Tea and Treats Set (purchased May 22, 2021).

12       56.     The Calico Critters Flocked Toys purchased by Plaintiff Jackson-Jones were and are

13 banned hazardous substances, which Defendants unlawfully introduced and/or delivered for

14 introduction into interstate commerce, in violation of 15 U.S.C. § 1263(a).

15       57.     Had Plaintiff Jackson-Jones known these Calico Critters Flocked Toys were banned

16 hazardous substances, she would not have purchased them.

17       58.     Plaintiff Jackson-Jones has suffered an injury in fact and has lost money as a result of

18 Defendant's unlawful sale of the Calico Critters Flocked Toys.

19       59.     Plaintiff Santos purchased the following Calico Critters Flocked Toys for her two

20 grandchildren, who were under the age of three at the time of purchase, from a Target store in

21 Dublin, California:

22        a) Calico Critters Tuxedo Cat Family Set (purchased in November 2021);

23        b) Calico Critters Persian Cat Triplets (purchased in November 2021); and

24        c) Calico Critters Persian Cat Family (purchased in November 2021).

25       60.     The Calico Critters Flocked Toys purchased by Plaintiff Santos were and are banned

26 hazardous substances, which Defendants unlawfully introduced and/or delivered for introduction

27 into interstate commerce, in violation of 15 U.S.C. § 1263(a).

28

61.    Had Plaintiff Santos known these Calico Critters Flocked Toys were banned hazardous substances, she would not have purchased them.

62.    Plaintiff Santos has suffered an injury in fact and has lost money as a result of Defendant's unlawful sale of the Calico Critters Flocked Toys.

63.    Defendants continue to sell Calico Critters Flocked Toys, which pose an ongoing risk to children under the age of three, and Plaintiffs' grandchildren may be exposed to the products in the future. Thus, injunctive relief enjoining Defendants from selling Calico Critters Flocked Toys is appropriate.

## CLASS ALLEGATIONS

64.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth.

65.    Plaintiffs bring this action on behalf of themselves and all other similarly-situated persons as a class action pursuant to Code of Civil Procedure section 382.

66.    Plaintiffs seek to represent a class composed of and defined as follows (the "Class"):

**All persons in the State of California who purchased at least one Calico Critters Flocked Toys Product, for personal use and not for re-sale, since January 30, 2019.**

67.    Plaintiffs reserve the right to modify or refine the Class definition based upon discovery of new information or in order to accommodate any concerns of the Court.

68.    Specifically excluded from the proposed Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them. Also excluded from the proposed Class are the Court, the Court's immediate family and Court staff.

69.    **Ascertainable Class:** The members of the Class are readily ascertainable. The Class definition identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description. Other than by direct notice, alternatively proper and sufficient notice of

14

CLASS ACTION COMPLAINT
Exhibit A

this action may be provided to Class members through notice published in newspapers or other publications.

70. **Numerosity:** The proposed Class is so numerous that joinder of all members would be impracticable. The precise number of Class members is unknown at this time but can be readily determined from public records and Defendants' records. Plaintiffs reasonably estimate that the Class is likely to include over a thousand members.

71. **Commonality and Predominance:** A well-defined community of interest in the questions of law or fact involving and affecting all members of the Class exists, and common questions of law or fact are substantially similar and predominate over questions that may affect only individual Class members. The questions of law and fact common to Plaintiffs and the Class include, among others, the following:

a) Whether the Calico Critters Flocked Toys are statutorily banned hazardous substances;

b) Whether Defendants violated the FHSA by introducing and/or delivering for introduction banned hazardous substances into interstate commerce;

c) Whether Defendants' conduct caused Plaintiffs and the Class to suffer economic harm;

d) Whether Defendants violated California Business and Professions Code section 17200, *et seq.*;

e) Whether Defendants were unjustly enriched by their sale of the Calico Critters Flocked Toys;

f) Whether Plaintiffs and the Class are entitled to injunctive relief;

g) Whether Plaintiffs and the Class are entitled to restitution and if so, the appropriate measure; and,

h) Whether Plaintiffs and the Class are entitled to declaratory and/or other equitable relief.

72.  **Typicality:**  Plaintiffs are members of the Class they seek to represent. Plaintiffs' claims are typical of the Class members' claims because they all were injured as a result of Defendants' conduct.

73.  **Adequacy of Representation:** Plaintiffs are adequate representatives of the Class they seek to represent and will fairly and adequately protect the interests of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them and the Class. There are no conflicts between Plaintiffs and the unnamed class members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

74.  To prosecute this case, Plaintiffs have chosen the undersigned counsel, which is very experienced in class action litigation and has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

75.  **Superiority.**  A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

a)  Joinder of all class members would create extreme hardship and inconvenience for class members as they reside throughout the state;

b)  Individual claims by class members are impractical because the costs to pursue individual claims may exceed the value of what any one class member has at stake. As a result, individual class members may have no interest in prosecuting and controlling separate actions;

c)  There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

d)  The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

e)  Individual suits would not be cost effective or economically maintainable as individual actions; and

f)  This action is manageable as a class action.

76.     The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants. Class members can be readily identified using records and information kept by Defendants in the usual course of business and within their control.

77.     **Final Declaratory or Injunctive Relief.**  Plaintiffs also satisfy the requirements for maintaining a class seeking declaratory and/or injunctive relief.  Defendants have acted or refused to act on grounds that apply generally to the proposed Class, making final declaratory or injunctive relief appropriate with respect to the proposed Class as a whole.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law – Unlawful Prong**

**California Bus. and Prof. Code § 17200, *et seq.***

**(On Behalf of the Class)**

78.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

79.     Plaintiffs bring this claim under the 'unlawful' prong of the UCL, on behalf of themselves and the Class, who were subject to Defendants' above-described unlawful conduct.

80.     Defendants have violated and continues to violate the FHSA by introducing and/or delivering for introduction banned hazardous substances into interstate commerce. *See* 15 U.S.C. § 1263(a). The Calico Critters Flocked Toys are banned hazardous substances under Section 15(a)(1) of the CPSA because they are intended for use by children under 3 years of age and pose a choking, aspiration, or ingestion hazard because of their small parts.

81.     Defendants' violations of the FHSA and the CLRA constitute predicate acts which violate the UCL's 'unlawful' prong.

82.     Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth herein. Specifically, prior to filing this action, Plaintiffs purchased the Calico Critters Flocked Toys for their own personal use. In so doing, they were unaware that the Calico Critters Flocked Toys were banned

1    hazardous substances. Plaintiffs were harmed by Defendants' conduct because they would not have

2    purchased the Calico Critters Flocked Toys had they known they were banned hazardous

3    substances.

4          83.    Pursuant to section 17203 of the UCL, Plaintiffs and the Class seek restitution and an

5    order of this Court enjoining Defendants from engaging in the unlawful business practices alleged

6    herein in connection with the sale of the Calico Critters Flocked Toys.

7          84.    Specifically, Plaintiffs seek injunctive relief compelling Defendants to (1) recall the

8    Calico Critters Flocked Toys currently in distribution and (2) permanently refrain from selling

9    Calico Critters Flocked Toys in the future that pose a choking, aspiration, or ingestion hazard and

10   are intended for use by children under 3 years of age.

11         85.    Plaintiffs and the Class have no adequate remedy at law.

12                          **SECOND CAUSE OF ACTION**

13             **Violations of the Unfair Competition Law – Unfair Prong**

14               **California Bus. and Prof. Code § 17200, *et seq.***

15                          **(On Behalf of the Class)**

16         86.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully

17   set forth herein.

18         87.    Plaintiffs bring this claim under the 'unfair' prong of the UCL, on behalf of

19   themselves and the Class, who were subject to Defendants' above-described unfair conduct.

20         88.    As alleged hereinabove, Plaintiffs have standing to pursue this claim as Plaintiffs have

21   suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth

22   herein. Specifically, prior to filing this action, Plaintiffs purchased the Calico Critters Flocked Toys

23   for their own personal use. In so doing, they were unaware that the Calico Critters Flocked Toys

24   were banned hazardous substances.

25         89.    Defendants' business practices, as alleged herein, are unfair because their conduct in

26   selling banned hazardous substances is immoral, unethical, oppressive, unscrupulous or

27   substantially injurious to consumers. The gravity of the harm to consumers is not outweighed by the

28   utility of Defendants' conduct.

90.    Defendants' business practices are also unfair because they undermine public policy, which is tethered to specific statutory provisions, including the CPSA and the FHSA.

91.    Lastly, Defendants' business practices are unfair because: (1) the injury to the consumer is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the injury because they did not know the Calico Critters Flocked Toys were banned hazardous substances.

92.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described above.

93.    Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendants are continuing to sell the Calico Critters Flocked Toys.

94.    Pursuant to section 17203 of the UCL, Plaintiffs and the Class seek restitution and an order of this Court enjoining Defendants from engaging in the unfair business practices alleged herein in connection with the sale of the Calico Critters Flocked Toys.

95.    Specifically, Plaintiffs seek injunctive relief compelling Defendants to (1) recall the Calico Critters Flocked Toys currently in distribution and (2) permanently refrain from selling Calico Critters Flocked Toys in the future that pose a choking, aspiration, or ingestion hazard and are intended for use by children under 3 years of age.

96.    Plaintiffs and the Class have no adequate remedy at law.

### THIRD CAUSE OF ACTION

### Unjust Enrichment

### (On Behalf of the Class)

97.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

98.    Defendants should have never sold the Calico Critters Flocked Toys (and were actually legally precluded therefrom) because they are banned hazardous substances under Section 15(a)(1) of CPSA because they are intended for use by children under 3 years of age and pose a choking, aspiration, or ingestion hazard because of their small parts.

99.  As a result of Defendants' selling the Calico Critters Flocked Toys, Defendants received a benefit which was conferred upon them by Plaintiffs and the Class (and/or at their expense), and it is unjust for Defendants to retain that benefit.

100.  Under the circumstances, it is against equity and good conscience to permit Defendants to retain the ill-gotten benefits that it received from Plaintiffs and Class members.

101.  As a direct and proximate result of Defendants' actions, Defendants have been unjustly enriched. Plaintiffs and Class members have a right to restitution in an amount to be proven at trial.

102.  Plaintiffs and the Class have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the members of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A.  An order certifying that the action may be maintained as a Class Action;

B.  An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

C.  Pre-judgment interest from the date of filing this suit;

D.  Restitution;

E.  Reasonable attorneys' fees under Cal. Civ. Proc. Code § 1021.5;

F.  Costs of this suit; and

G.  Such other and further relief as the Court may deem necessary or appropriate.

### JURY DEMAND

Plaintiffs and the Class by counsel hereby request a trial by jury as to all issues so triable.

1    January 30, 2023                           Respectfully submitted,

2

3                                               _____
                                                Gillian L. Wade
4                                               Sara D. Avila
                                                Marc A. Castaneda
5                                               **MILSTEIN JACKSON FAIRCHILD & WADE, LLP**

6
                                                *Counsel for Plaintiffs and the Proposed Class*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

**CLASS ACTION COMPLAINT**
**Exhibit A**
**- 39 -**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING     )
FOR CIVIL                          )
                                   )
                                   )
                                   )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when technologically feasible without impairment of the document's image.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i)   Depositions;

ii)  Declarations;

iii) Exhibits (including exhibits to declarations);

iv)  Transcripts (including excerpts within transcripts);

v)   Points and Authorities;

vi)  Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.  (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**Exhibit A**

2019-GEN-014-00

1    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2        day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3        application must be provided to the court the day of the ex parte hearing.

4    9) PRINTED COURTESY COPIES

5    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10        electronic submission) is required for the following documents:

11        i)    Any printed document required pursuant to a Standing or General Order;

12        ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13            pages or more;

14        iii)  Pleadings and motions that include points and authorities;

15        iv)   Demurrers;

16        v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17        vi)   Motions for Summary Judgment/Adjudication; and

18        vii)  Motions to Compel Further Discovery.

19    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20        additional documents.  Courtroom specific courtesy copy guidelines can be found at

21        www.lacourt.org on the Civil webpage under "Courtroom Information."

22    10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23    a) Fees and costs associated with electronic filing must be waived for any litigant who has

24        received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25        1010.6(d)(2).)

26    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27        section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28        electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1 |11) SIGNATURES ON ELECTRONIC FILING

2 |  For purposes of this General Order, all electronic filings must be in compliance with California

3 |  Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4 |  Division of the Los Angeles County Superior Court.

5

6 |  This First Amended General Order supersedes any previous order related to electronic filing,

7 | and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8 | Supervising Judge and/or Presiding Judge.

9

10 | DATED:  May 3, 2019



Kevin C. Brazile

KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**Exhibit A**

**- 46 -**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/30/2023 12:46 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini, Deputy Clerk
23STCV01931

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET
CORPORATION, a Minnesota corporation, and (see Attachment to Summons)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS,
individually and on behalf of all situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **23STCV01931** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gillian L. Wade, Milstein Jackson Fairchild & Wade, LLP, 10990 Wilshire Blvd., Ste. 800, Los Angeles, CA 90024, Tel.: (310) 396-9600

| DATE: 01/30/2023 | Clerk, by | G. Carini | , Deputy |
|---|---|---|---|
| *(Fecha)* | David W. Slayton, Executive Officer/Clerk of Court *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

| SHORT TITLE:<br>Williene Jackson-Jones, et al. v. Epoch Everlasting Play, LLC, et al. | CASE NUMBER:<br>23STCV01931 |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

AMAZON.COM SERVICES LLC, a Delaware corporation,

Page __1__ of __1__

Form Adopted by Rule 982(a)(9)(A)<br>Judicial Council of California<br>982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.<br>www.USCourtForms.com

**Exhibit A**
**- 48 -**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

**Exhibit A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

**Exhibit A**
**- 50 -**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for  the cross-
<br>(INSERT DATE)<br>(INSERT DATE)<br>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢   _____
(ATTORNEY FOR PLAINTIFF)

➢   _____
(ATTORNEY FOR DEFENDANT)

➢   _____
(ATTORNEY FOR DEFENDANT)

➢   _____
(ATTORNEY FOR DEFENDANT)

➢   _____
(ATTORNEY FOR _____)

➢   _____
(ATTORNEY FOR _____)

➢   _____
(ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

| Print | Save |
|---|---|

**Exhibit A**

| Clear |
|---|

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**Exhibit A**
**- 52 -**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

**Exhibit A**

**- 53 -**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**Exhibit A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | | Save | | **Exhibit A** | | Clear |
|---|---|---|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:    _____          _____
                                                          JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

**Exhibit A**

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)
**Exhibit A**

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)
**Exhibit A**

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_    _____

5                           Carolyn B. Kuhl, Supervising Judge of the
                            Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

**Exhibit A**

**MILSTEIN JACKSON FAIRCHILD & WADE**

10990 Wilshire Boulevard
Eighth Floor
Los Angeles, CA 90024

**CERTIFIED MAIL**

0000 0227 3270



Hasler
02/28/2023
US POSTAGE $010.92

FIRST-CLASS MAIL

ZIP 90067
011E12651043

Corporation Service Company
Registered Agent for Epoch Everlasting Play LLC
251 Little Falls Drive
Wilmington, DE 19808

**Exhibit A**