| | |
|---|---|
| **MILSTEIN JACKSON FAIRCHILD & WADE, LLP**<br>Gillian L. Wade, State Bar No. 229124<br>gwade@mjfwlaw.com<br>Sara D. Avila, State Bar No. 26321<br>savila@mjfwlaw.com<br>Marc A. Castaneda, State Bar No. 299001<br>mcastaneda@mjfwlaw.com<br>10990 Wilshire Blvd., 8th Floor<br>Los Angeles, California 90024<br>Telephone: (310) 396-9600<br><br>Attorneys for Plaintiff and the Class<br>(additional counsel listed on signature block) | **ARNOLD & PORTER KAYE SCHOLER LLP**<br>James F. Speyer (Bar No. 133114)<br>james.speyer@arnoldporter.com<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017-5844<br>Telephone: +1 213.243.4000<br>Facsimile: +1 213.243.4199<br><br>Attorneys Defendants Epoch Everlasting Play, LLC and Target Corporation (additional counsel listed on signature block)<br><br>**K&L GATES LLP**<br>Kevin S. Asfour (SBN 228993)<br>*kevin.asfour@klgates.com*<br>10100 Santa Monica Blvd., 8th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 552-5000<br><br>Attorneys for Defendant Amazon.com Services LLC<br>(additional counsel listed on signature block) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all situated,<br><br>Plaintiffs<br><br>vs.<br><br>EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendants. | Case No. 2:23-cv-02567-ODW-SK<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:     July 10, 2023<br>Time:    1:30 p.m.<br>Judge:   Hon. Otis D. Wright |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), C.D. Cal. LR 26-1, and the Court's April 27, 2023 Order Setting Scheduling Conference, Plaintiffs Williene Jackson-Jones and Karen Santos ("Plaintiffs") and Defendants Epoch Everlasting Play, LLC, Target Corporation, and Amazon.com Services, LLC ("Defendants"), by their undersigned counsel, hereby submit this Joint Rule 26(f) Report.

A. **Statement of the Case**

Plaintiffs' Statement

The Calico Critters Flocked Toys (the "Products") are a brand of plastic, poseable animal figurines with a flocked exterior, giving them the feel of fur and functioning as a mix between a stuffed animal and a doll. In addition to the flocked figurines, the Products are also sold with accessories, furniture, and dollhouse playsets.

Since at least 2017, Epoch intentionally marketed their Products to children under the age of three. Epoch's internal market research, including a survey conducted among parents of girls aged two to three, showed that "brand engagement" (emotional commitment or loyalty) and fanship overwhelmingly occurs at age two to three. Epoch's marketing strategy included, among other things: (1) "touch points" of "dolls, figures and playsets" beginning at age two; (2) developing stories that meet the girls where they are and introducing those stories to children as young as age two; (3) bypassing parents and marketing directly to girls; and (4) using bold designs that catch their eye. Such internal documents show that Epoch intended the Products to be used by children under three years of age, in violation of federal regulations, and notwithstanding the "3+" label on the Products' packaging.

This strategy has had fatal results, as the small accessories included with the Products are choking hazards to children. At least two choking deaths and a separate catastrophic injury have been reported to date.

Defendants market and sell Calico Critters Flocked Toys directly to consumers. Target in particular controls how and where the Products are sold in its stores, and targets babies and young children as part of a researched marketing effort. For example,

to increase sales, Target requires its stores to place the Products at the face and eye level of children under three to entice young children to see and access them, and in turn induce consumers to purchase them for those children. Defendant Amazon.com Services LLC, which also sells Calico Critters through its online marketplace, behaves similarly.

Defendants have continued to carry out this highly effective (yet fatal) marketing and sale strategy despite repeated identification of the Products as unsafe by consumer watchdog groups and the above-mentioned reports of fatality and injury. Epoch did not change the Products' design or packaging, and the retailer Defendants did not change the Products placement after a 22-month old suffered from brain trauma in 2013 and a 26-month old's tragic death in 2018.

Plaintiffs allege causes of action for unjust enrichment and violations California's Unfair Competition Law, Cal. Bus. & Prof. C. §§17200, *et seq*. ("UCL") Specifically, Plaintiffs allege Defendants violated the UCL's 'unfair' and 'fraudulent' prongs. Regarding the 'unlawful' prong, the predicate unlawful act is the Federal Hazardous Substances Act, 15 U.S.C. § 1261, et seq. ("FHSA"). Defendant violated the FHSA, and by extension the UCL, by introducing and/or delivering for introduction banned hazardous substances into interstate commerce. *See* 15 U.S.C. § 1263(a) (prohibiting "[t]he introduction or delivery for introduction into interstate commerce of any misbranded hazardous substance or banned hazardous substance."). Under the FHSA, Congress empowered the Consumer Product Safety Commission ("CPSC") with the authority to declare what toys or articles are banned hazardous substances. *See generally* 15 U.S.C. § 1262. In turn, the CPSC promulgated the "small parts rule," which provides that "any toy intended for use by children under 3 years of age which presents a choking, aspiration or ingestion hazard because of small parts as determined by part 1501 of this chapter" is a banned hazardous substance. 16 C.F.R. § 1500.18(a)(9). Thus, for a toy to be deemed a banned hazardous substance, it must satisfy two requirements: (1) it must be intended for use by children under three, and

(2) it must itself be, or contain, a small part (as determined by whether the toy or part thereof fits without compression into a hollow cylinder one and one quarter inches in diameter (16 C.F.R. §1501.4)). *Id.*

Defendants' Position

Plaintiffs' Complaint is a purported class action filed by two named plaintiffs on behalf of a putative class of all California consumers who bought a Calico Critters product in the last four years. The Defendants are Epoch Everlasting Play, LLC ("EEP") (the distributor of Calico Critters), and Target Corporation ("Target") and Amazon.com Services, LLC ("Amazon") (retailers of Calico Critters).

Plaintiffs assert claims for violation of the California UCL and for unjust enrichment. Plaintiffs base their claims on the allegation that Calico Critters toys are banned hazardous substances under the Consumer Product Safety Act and thus that the sale of these toys is "unlawful" and "unfair" under the UCL. According to Plaintiffs, these toys are banned hazardous substances because they violate the CPSC's "small parts rule." The small parts rule prohibits the sale of toys that are intended for use by children under three and fit into a hollow cylinder with prescribed dimensions.

Defendants dispute that Calico Critters toys violate the small parts rule. Under the three-factor test used and repeatedly endorsed by the CPSC for determining which toys are intended for children under three, including (1) the manufacturer's stated intent, (2) the advertising, promotion and marketing of the toy, and (3) whether the toy is commonly recognized as being intended for children under three, Calico Critters toys are not intended for children under three. Defendants' position is more fully detailed in their pending Motion to Dismiss. *See* Dkt. Nos. 15 & 31.

Plaintiffs' allegation that defendants intentionally marketed the toys to children under three is categorically false.

**B.    Amended Pleadings**

Plaintiffs do not anticipate amending the complaint. However, if Defendants' Rule 12(b) motion to dismiss is granted with leave to amend, Plaintiffs may amend to

cure any perceived deficiencies.

C. **Dispositive Motions**

Plaintiffs' Statement

Plaintiffs do not believe any dispositive issues can be determined by motion.

Defendants' Position

Defendants have filed a Motion to Dismiss Plaintiffs' Complaint (Dkt. Nos. 15 & 31). The Motion is fully briefed and pending before the Court. If the Motion to Dismiss does not fully dispose of the case, Defendants anticipate filing a motion for summary judgment at an appropriate time.

D. **Discovery**

The parties propose the following discovery plan and pretrial deadlines:

| Event | Parties' Proposal |
|---|---|
| Deadline for Plaintiffs to File Motion for Class Certification | December 4, 2023 |
| Deadline for Defendants to File Opposition to Plaintiffs' Motion for Class Certification | January 15, 2024 |
| Deadline for Plaintiffs to File Reply in Support of Motion for Class Certification | February 12, 2024 |
| Fact discovery cutoff | April 8, 2024 |
| Exchange Opening Expert Witness Disclosures | May 15, 2024 |
| Rebuttal Expert Witness Disclosures Due | June 17, 2024 |
| Expert Discovery Cutoff | July 12, 2024 |
| Deadline to file MSJ | August 12, 2024 |
| Deadline to Oppose MSJ | September 9, 2024 |
| Deadline to File Reply ISO MSJ | September 30, 2024 |
| Final Pretrial Conference | Monday, November 11, 2024 |

| Trial | Tuesday, December 3, 2024 |
|---|---|

### E. Motions

The Parties' agreed-upon deadlines and briefing schedules for motions for class certification and summary judgment are set forth above in Section D.

### F. Settlement/ Alternative Dispute Resolution (ADR)

The Parties have not engaged in any efforts to settle or resolve the case to date. Pursuant to Local Rule 16-15.4, the Parties propose participating in a private mediation at an appropriate and mutually-agreeable time.

### G. Trial Estimate

The parties propose November 11, 2024 for the Final Pretrial Conference and December 3, 2024 for Trial, as shown in Section D above.

The parties estimate trial will be approximately five court days.

### H. Additional Parties

The parties do not anticipate adding additional parties at this time.

### I. Trial

This will be a bench trial.

### J. Other Issues

There are no other issues affecting the status or management of the case of which the parties are aware at this time.

### K. Bifurcation

At this time, the Parties do not propose and do not anticipate seeking the severance, bifurcation, or other ordering of proof in this case.

Dated:  July 3, 2023

MILSTEIN JACKSON
FAIRCHILD & WADE, LLP

By: /s/ Gillian L. Wade
Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.

**WH LAW**
David F. Slade (*pro hac vice*)
dslade@wh.law
1 Riverfront Pl., Ste. 745
North Little Rock, AR 72114
Telephone: (501)404-2052

**DURHAM, PITTARD & SPAULDING, LLP**
Justin R. Kaufman (*pro hac vice*)
jkaufman@dpslawgroup.com
Philip Kovnat (*pro hac vice*)
pkovnat@dpslawgroup.com
505 Cerillos Rd., Ste. A209
Santa Fe, NM 87501
Telephone: (505)986-0600

**MARTIN WALKER**
Jack Walker (*pro hac vice*)
jwalker@martinwalker.com
121 N. Spring Ave.
Tyler, TX 75702
Telephone: (903)526-1600

*Attorneys for Plaintiffs and the Proposed Class*

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:   */s/ James F. Speyer*
       James F. Speyer

Ian S. Hoffman (*pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys Defendants Epoch Everlasting Play, LLC and Target Corporation*

**K&L GATES LLP**

By:  */s/ Kevin S. Asfour*
       Kevin S. Asfour

Jennifer J. Nagle (*pro hac vice*)

jennifer.nagle@klgates.com
Robert W. Sparkes III (*pro hac vice*)
robert.sparkes@klgates.com
Michael R. Creta (*pro hac vice*)
michael.creta@klgates.com
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Telephone: (617) 261-3100