**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (admitted *pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendants*
EPOCH EVERLASTING PLAY, LLC
and TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all others situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendants. | Case No.: 2:23-cv-02567-ODW-SK<br><br>**DEFENDANT EPOCH EVERLASTING PLAY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT** |

Defendant Epoch Everlasting Play, LLC ("EEP"), by and through its undersigned counsel, hereby provides the following Answer and Affirmative Defenses to the Class Action Complaint filed by Plaintiffs.

## ANSWER

1. Answering Paragraph 1, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding why Plaintiffs bring this action. EEP denies that any sales of Calico Critters products were unlawful.

2. EEP denies Paragraph 2.

3. EEP denies Paragraph 3.

4. EEP denies Paragraph 4.

5. Answering Paragraph 5, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding why CPSC issued its guidelines. EEP admits that there is a CPSC Enforcement Policy & Procedural Guide 2.05, dated January 5, 1990, and refers to that document for its contents. EEP otherwise denies Paragraph 5.

6. EEP denies Paragraph 6.

7. Answering Paragraph 7, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding what this action seeks to provide. EEP otherwise denies Paragraph 7.

8. Paragraph 8, which purports to state the jurisdictional basis for this action, states a legal conclusion to which no response is required. To the extent a response is required, EEP admits that it has sold Calico Critters products to persons with mailing addresses in California, and to retailers who resell the products in California. EEP otherwise denies Paragraph 8.

9. Answering Paragraph 9, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding what gave rise to Plaintiffs' claims. EEP admits that it has sold Calico Critters products to persons with mailing

addresses in California, and to retailers who resell the products in California. EEP otherwise denies Paragraph 9.

10. Paragraph 10, which purports to state the basis for venue in this Court, states a legal conclusion to which no response is required. To the extent a response is required, EEP admits that it has sold Calico Critters products to persons with mailing addresses in Los Angeles County, California. EEP states that it lacks knowledge or information sufficient to form a specific belief regarding whether the other Defendants have sold Calico Critters products in Los Angeles County, or where Plaintiffs reside. EEP otherwise denies Paragraph 10.

11. EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 11.

12. EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 12.

13. EEP admits that it is a Delaware limited liability company and is duly organized and existing pursuant to law, but otherwise denies the first sentence of Paragraph 13. EEP further admits that it has sold Calico Critters products to persons with mailing addresses in the United States, including California, and to retailers who re-sell the products in the United States, including California. EEP otherwise denies Paragraph 13.

14. EEP admits the first sentence of Paragraph 14. Answering Paragraph 14, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in the second sentence of Paragraph 14 because EEP does not know what the phrase "same duties, responsibilities and liability" refers to. Further, the allegations in the second sentence of Paragraph 14 constitute legal or other conclusions to which no response is required. To the extent a further response is required, EEP denies the second sentence of Paragraph 14.

15. EEP admits the first sentence of Paragraph 15. EEP further admits that Target sells household goods and Calico Critters products. EEP lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased.

16. EEP admits the first sentence of Paragraph 16, and admits that Amazon sells a wide range of consumer products, including Calico Critters. EEP lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased.

17. To the extent Paragraph 17's reference to "little children" could be construed to allege that Calico Critters toys are intended for children under three, EEP denies the allegation. EEP also denies the description of Calico Critters as "a mix between a stuffed animal and a doll." EEP otherwise admits Paragraph 17.

18. EEP admits Paragraph 18.

19. In answering Paragraph 19, EEP admits that certain Calico Critters products consist of or include accessories, furniture, or dollhouse playsets. EEP denies Paragraph 19 to the extent it suggests that all Calico Critters products consist of or include such accessories, furniture, or dollhouse playsets.

20. EEP denies Paragraph 20.

21. EEP denies Paragraph 21.

22. Answering Paragraph 22, EEP states that CPSC promulgated a regulation appearing at 16 C.F.R. § 1500.18(a)(9), and EEP refers to that regulation for its contents. To the extent a further response is required, EEP denies Paragraph 22.

23. Answering Paragraph 23, EEP states that CPSC promulgated a regulation appearing at 16 C.F.R. § 1501.4, which is entitled "[s]ize requirements and test procedure," and EEP refers to that regulation for its contents. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required. To the extent a further response is required, EEP denies Paragraph 23.

24. EEP denies Paragraph 24.

25. Answering Paragraph 25, EEP admits that the accessories identified in Paragraph 25 fit within the choke tube. EEP lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased. EEP otherwise denies Paragraph 25.

26. Answering Paragraph 26, EEP admits that the accessories identified in Paragraph 26 fit within the choke tube. EEP lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased. EEP otherwise denies Paragraph 26.

27. Answering Paragraph 27, EEP lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased. EEP otherwise denies Paragraph 27.

28. EEP denies Paragraph 28.

29. EEP denies Paragraph 29.

30. EEP denies Paragraph 30.

31. EEP denies Paragraph 31.

32. Answering Paragraph 32, EEP admits that CPSC has issued an Enforcement Policy & Procedural Guide and refers to that document for its contents. EEP otherwise denies Paragraph 32.

33. EEP denies Paragraph 33.

34. EEP denies Paragraph 34.

35. EEP denies Paragraph 35.

36. Answering Paragraph 36, EEP admits it commissioned market research and obtained a report entitled “The Calico Critters Story, Understanding Attitudes and Usage of the Brand, USA,” and EEP refers to that document for its contents. EEP otherwise denies the second sentence of Paragraph 36.

37. Answering Paragraph 37, EEP admits that it obtained a report entitled "The Calico Critters Story, Understanding Attitudes and Usage of the Brand, USA," and EEP refers to that document for its contents. EEP otherwise denies Paragraph 37.

38. Answering Paragraph 38, EEP admits that it obtained a report entitled "The Calico Critters Story, Understanding Attitudes and Usage of the Brand, USA," and EEP refers to that document for its contents. EEP otherwise denies Paragraph 38.

39. Answering Paragraph 39, EEP admits that it obtained a report entitled "The Calico Critters Story, Understanding Attitudes and Usage of the Brand, USA," and EEP refers to that document for its contents. EEP otherwise denies Paragraph 39.

40. Answering Paragraph 40, EEP admits that it obtained a report entitled "The Calico Critters Story, Understanding Attitudes and Usage of the Brand, USA," and EEP refers to that document for its contents. EEP otherwise denies Paragraph 40.

41. Answering Paragraph 41, EEP admits that it obtained a report entitled "The Calico Critters Story, Understanding Attitudes and Usage of the Brand, USA," and EEP refers to that document for its contents. EEP otherwise denies Paragraph 41.

42. Answering Paragraph 42, EEP admits that, in or around August 2017, it obtained a report entitled "The Calico Critters Story, Understanding Attitudes and Usage of the Brand, USA," and EEP refers to that document for its contents. EEP otherwise denies Paragraph 42.

43. EEP denies Paragraph 43.

44. Answering Paragraph 44, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding how many stores Target owns and operates in California, or whether there is a store owned and operated by Target in Dublin, California. EEP further states that it lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased and from where.

45. Answering Paragraph 45, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 45.

46. Answering Paragraph 46, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 46.

47. Answering Paragraph 47, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 47.

48. Answering Paragraph 48, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 48.

49. Answering Paragraph 49, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 49.

50. Answering Paragraph 50, EEP admits that the U.S. Public Interest Research Group has published statements regarding Calico Critters on its website and refers to those statements for their content. EEP otherwise lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 50.

51. Answering Paragraph 51, EEP admits that it is aware of a news article describing a choking incident involving James Rencher and a Calico Critters product. EEP otherwise lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 51 and thus denies those allegations.

52. Answering Paragraph 52, EEP admits that Dakotah Dedious was involved in a fatal choking incident involving a Calico Critters product. EEP otherwise lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 51 and thus denies those allegations.

53. EEP denies Paragraph 53.

54. Answering Paragraph 54, EEP admits that World Against Toys Causing Harm, Inc. issued a press release addressing what it referred to as "10 Worst Toys," and EEP refers to that document for its contents. EEP otherwise denies Paragraph 54.

55. Answering Paragraph 55, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 55.

56. EEP denies Paragraph 56.

57. EEP denies Paragraph 57.

58. EEP denies Paragraph 58.

59. Answering Paragraph 59, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 59.

60. EEP denies Paragraph 60.

61. EEP denies Paragraph 61.

62. EEP denies Paragraph 62.

63. EEP denies Paragraph 63.

## CLASS ALLEGATIONS

64. Answering Paragraph 64, EEP states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

65. Answering Paragraph 65, EEP admits that Plaintiffs purport to bring this action as a putative class action. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.

66. Answering Paragraph 66, EEP admits that Plaintiffs purport to bring this action as a putative class action and that Plaintiffs seek to certify a class as defined in Paragraph 66. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.

67. The allegations in Paragraph 67 constitute legal or other conclusions to which no response is required.

68. Answering Paragraph 68, EEP admits that Plaintiffs purport to bring this action as a putative class action and that Plaintiffs seek to certify a class that excludes the persons identified in Paragraph 68. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.

69. The allegations in Paragraph 69 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 69.

70. The allegations in Paragraph 70 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 70.

71. The allegations in Paragraph 71 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 71.

72. The allegations in Paragraph 72 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 72.

73. The allegations in Paragraph 73 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 77.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

78. Answering Paragraph 78, EEP states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

79. Answering Paragraph 79, EEP denies that it engaged in any unlawful conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 79.

80. EEP denies the allegations in Paragraph 80.

81. Answering Paragraph 81, EEP denies that it engaged in any unlawful conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 81.

82. Answering Paragraph 82, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 82.

83. Answering Paragraph 83, EEP denies that it engaged in any unlawful conduct. The remaining allegations of this paragraph constitute legal or other

conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 83.

84. The allegations in Paragraph 84 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 84.

85. The allegations in Paragraph 85 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 85.

## SECOND CAUSE OF ACTION

86. Answering Paragraph 86, EEP states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

87. Answering Paragraph 87, EEP denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 87.

88. Answering Paragraph 88, EEP states that it lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 88.

89. Answering Paragraph 89, EEP denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 89.

90. Answering Paragraph 90, EEP denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other

conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 90.

91. Answering Paragraph 91, EEP denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 91.

92. Answering Paragraph 92, EEP states that allegations in this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 92.

93. Answering Paragraph 93, EEP denies that it engaged in any unfair or wrongful conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 93.

94. Answering Paragraph 94, EEP denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 95.

96. The allegations in Paragraph 96 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 96.

**THIRD CAUSE OF ACTION**

97. Answering Paragraph 97, EEP states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

98. The allegations in Paragraph 98 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 98.

99. The allegations in Paragraph 99 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 99.

100. The allegations in Paragraph 100 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 100.

101. The allegations in Paragraph 101 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 101.

102. The allegations in Paragraph 102 constitute legal or other conclusions to which no response is required. To the extent a response is required, EEP denies the allegations in Paragraph 102.

## PRAYER FOR RELIEF

Responding to the Prayer for Relief, EEP denies each and every allegation therein and denies that Plaintiffs are entitled to any relief. EEP further denies that Plaintiffs' proposed class satisfies the requirements for certification under Federal Rule of Civil Procedure 23.

## JURY DEMAND

Plaintiffs' jury demand constitutes legal or other conclusions to which no response is required. To the extent any response is required, EEP denies that Plaintiffs' claims, or those of the proposed class, are jury triable. Furthermore, the Parties have mutually agreed to a bench trial, and the Court has therefore ordered a

bench trial in this action. *See* Joint Rule 26(f) Report, Dkt. 41, at 6 (July 3, 2023); Scheduling and Case Management Order, Dkt. 44, at 21 (Nov. 14, 2023).

EEP denies each and every allegation in the Complaint not specifically admitted in response to Paragraphs 1-102, the Prayer for Relief, or the Jury Demand. Moreover, to the extent any response is required to the headings and subheadings in the Complaint, EEP denies each and every allegation made in the headings and subheadings.

## AFFIRMATIVE DEFENSES

WHEREFORE, without admitting any of the allegations in the Complaint that have previously been denied, and without assuming any burden of proof that EEP would not otherwise bear, Defendants assert the following affirmative defenses:

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted. This Affirmative Defense refers to and incorporates the bases set forth in each of the subsequent Affirmative Defenses.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because all acts and conduct of EEP, as alleged in the Complaint, both fully or substantially conformed to, complied with, and/or were authorized by applicable federal law and regulations, including the Small Parts Rule.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption to the extent those claims seek to impose standards that differ from and/or are inconsistent with federal law, including the Small Parts Rule as interpreted and enforced by CPSC.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because EEP's conduct as alleged in the Complaint was undertaken in good faith and in reliance on prior direction from CPSC, including CPSC's finding that Calico Critters are not categorically intended for children under three and may continue to be sold.

**Fifth Affirmative Defense**

To the extent Plaintiffs or any putative class members purchased the Calico Critters products for children under three years of age, their claims are barred, in whole or in part, based on the doctrine of unclean hands, assumption of the risk, waiver, estoppel, ratification, agreement, acquiescence, consent, and/or Plaintiffs' own comparative negligence because those products contained warning labels disclosing that the products are intended for children three and older and pose a choking hazard. Plaintiffs or any putative class members that purchased Calico Critters products for children under three did so despite the warning labels, and their claims must therefore fail.

**Sixth Affirmative Defense**

To the extent Plaintiffs or any putative class members purchased the Calico Critters products for children three or older, their claims are barred, in whole or in part, by a failure to prove that Defendants' alleged conduct caused their alleged harm or injuries. For these persons, the alleged illegality of the products due to their inclusion of small parts would not have been material to their decision to purchase the products.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were to prevail on any of the causes of action. Plaintiffs received the value of the products they purchased through use and enjoyment thereof, and the products retain value. Any remedy awarded to Plaintiffs would therefore unjustly enrich them.

**Eighth Affirmative Defense**

Plaintiffs' claims seeking restitution of the purchase price of the products are barred, in whole or in part, because Plaintiffs received value from the products, and thus restitution of the purchase price would amount to a windfall and equity may not be invoked to obtain a windfall. Plaintiffs received the value of the products they purchased through use and enjoyment thereof, and the products retain value. Any restitution awarded to Plaintiffs would therefore be a windfall and an inappropriate equitable remedy.

**Ninth Affirmative Defense**

Plaintiffs' claims against EEP seeking restitution of the purchase price of the products are barred, in whole or in part, because Plaintiffs did not purchase the products from EEP. Plaintiffs only allege transactions for the products with the retailers Amazon and Target. Therefore, EEP does not possess the alleged funds Plaintiffs seek to recover.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate, reduce, or otherwise avoid their alleged damages or injuries because Plaintiffs could have returned the items and obtained a refund.

**Eleventh Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek duplicative and/or cumulative remedies.

**Twelfth Affirmative Defense**

To the extent any of Plaintiffs' or the putative class members' purchases were made from Target through its Drive Up or Pick Up options, or shipped through Target.com, those individuals claims are barred, in whole or in part, because they agreed to a binding arbitration provision that waived their right to file a class action and agreed to binding arbitration.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages in fact, actual loss, injury or other legally cognizable injury. Plaintiffs and/or the intended end user were able to use the Calico Critters products they allegedly purchased as intended, and therefore obtained use and enjoyment therefrom. The products also continue to retain value.

EEP hereby gives notice that it intends to rely upon any other defense that may become available or appear during the this case, including during discovery proceedings, and hereby reserves the right to amend its Answer to assert any such defenses.

**EEP'S PRAYER FOR RELIEF**

WHEREFORE, EEP prays for entry of judgment in its favor and against Plaintiffs as follows:

(1) That the Complaint be dismissed in its entirety and with prejudice as against EEP;

(2) That Plaintiffs take nothing by way of the Complaint;

(3) That EEP recover its costs and disbursements in this action; and

(4) For such further relief as this Court deems just and proper.

Dated: December 13, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James F. Speyer*
James F. Speyer
Ian S. Hoffman

Attorneys for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION