**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (admitted *pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendants*
EPOCH EVERLASTING PLAY, LLC
and TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all others situated,

Plaintiffs,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**DEFENDANT TARGET CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant Target Corporation ("Target"), by and through its undersigned counsel, hereby provides the following Answer and Affirmative Defenses to the Class Action Complaint filed by Plaintiffs.

## ANSWER

1. Answering Paragraph 1, Target states that it lacks knowledge or information sufficient to form a specific belief regarding why Plaintiffs bring this action. Target denies that any sales of Calico Critters products were unlawful.

2. Target denies Paragraph 2.

3. Target denies Paragraph 3.

4. Target denies Paragraph 4.

5. Answering Paragraph 5, Target states that it lacks knowledge or information sufficient to form a specific belief regarding why CPSC issued its guidelines. Target admits that CPSC has issued an Enforcement Policy & Procedural Guide and refers to that document for its contents. Target otherwise denies Paragraph 5.

6. Target denies Paragraph 6.

7. Answering Paragraph 7, Target states that it lacks knowledge or information sufficient to form a specific belief regarding what this action seeks to provide. Target otherwise denies Paragraph 7.

8. Paragraph 8, which purports to state the jurisdictional basis for this action, states a legal conclusion to which no response is required. To the extent a response is required, Target admits that it has sold Calico Critters products at its California stores and online to persons with mailing addresses in California. Target otherwise denies Paragraph 8.

9. Answering Paragraph 9, Target states that it lacks knowledge or information sufficient to form a specific belief regarding what gave rise to Plaintiffs' claims. Target admits that it has sold Calico Critters products at its California stores

and online to persons with mailing addresses in California. Target otherwise denies Paragraph 9.

10. Paragraph 10, which purports to state the basis for venue in this Court, states a legal conclusion to which no response is required. To the extent a response is required, Target admits that it has sold Calico Critters products at its stores in Los Angeles County, California and online to persons with mailing addresses in Los Angeles County, California. Target states that it lacks knowledge or information sufficient to form a specific belief regarding whether the other Defendants have sold Calico Critters products in Los Angeles County, or where Plaintiffs reside. Target otherwise denies Paragraph 10.

11. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 11.

12. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 12.

13. Target admits EEP has sold Calico Critters to Target, and Target has re-sold those products in the United States, including California. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the remaining allegations in Paragraph 13.

14. Target admits EEP has sold Calico Critters to Target, and Target has re-sold those products in the United States, including California. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the remaining allegations in Paragraph 14.

15. Target admits the first sentence of Paragraph 15. Target further admits that it sells household goods and Calico Critters products. Target lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased.

16. Target admits the first sentence of Paragraph 16, and admits that Amazon sells a wide range of consumer products, including Calico Critters. Target

lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased.

17. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in the first sentence of Paragraph 17. Target denies that Calico Critters are "a mix between a stuffed animal and a doll" but otherwise admits the second sentence of Paragraph 17.

18. Target admits Paragraph 18.

19. In answering Paragraph 19, Target admits that certain Calico Critters products consist of or include accessories, furniture, or dollhouse playsets. Target denies Paragraph 19 to the extent it suggests that all Calico Critters products consist of or include such accessories, furniture, or dollhouse playsets.

20. Target denies Paragraph 20.

21. Target denies Paragraph 21.

22. Answering Paragraph 22, Target states that CPSC promulgated a regulation appearing at 16 C.F.R. § 1500.18(a)(9), and Target refers to that regulation for its contents. To the extent a further response is required, Target denies Paragraph 22.

23. Answering Paragraph 23, Target states that CPSC promulgated a regulation appearing at 16 C.F.R. § 1501.4, which is entitled "[s]ize requirements and test procedure," and Target refers to that regulation for its contents. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required. To the extent a further response is required, Target denies Paragraph 23.

24. Target denies Paragraph 24.

25. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 25.

26. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 26.

27. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 27.

28. Target denies Paragraph 28.

29. Target denies Paragraph 29.

30. Target denies Paragraph 30.

31. Target denies Paragraph 31.

32. Answering Paragraph 32, Target admits that CPSC has issued an Enforcement Policy & Procedural Guide and refers to that document for its contents. Target otherwise denies Paragraph 32.

33. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 33.

34. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 34.

35. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 35.

36. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 36.

37. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 37.

38. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 38.

39. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 39.

40. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 40.

41. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 41.

42. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 42.

43. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 43.

44. Target admits that there are over 300 store locations in California, but denies that it owns all of those stores, including the one in Dublin, California. Target lacks knowledge or information sufficient to form a specific belief regarding the remaining allegations in Paragraph 44.

45. Target admits that it controls the presentation of merchandise in its stores and otherwise denies Paragraph 45.

46. Answering Paragraph 46, Target admits that it decides how to present the products sold at its stores. Target otherwise denies Paragraph 46.

47. Target denies Paragraph 47.

48. Target denies Paragraph 48.

49. Target denies Paragraph 49.

50. Answering Paragraph 50, Target admits that the U.S. Public Interest Research Group has published statements regarding Calico Critters on its website and refers to those statements for their content. Target otherwise lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 50.

51. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 51.

52. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 52.

53. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 53, and therefore denies those allegations.

54. Answering Paragraph 54, Target admits that World Against Toys Causing Harm, Inc. issued a press release addressing what it referred to as "10 Worst Toys," and Target refers to that document for its contents. Target otherwise denies Paragraph 54.

55. Target states that it lacks knowledge or information sufficient to form a specific belief regarding the allegations in Paragraph 55.

56. Target denies Paragraph 56.

57. Target denies Paragraph 57.

58. Target denies Paragraph 58.

59. Target denies Paragraph 59.

60. Target denies Paragraph 60.

61. Target denies Paragraph 61.

62. Target denies Paragraph 62.

63. Target denies Paragraph 63.

## CLASS ALLEGATIONS

64. Answering Paragraph 64, Target states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

65. Answering Paragraph 65, Target admits that Plaintiffs purport to bring this action as a putative class action. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.

66. Answering Paragraph 66, Target admits that Plaintiffs purport to bring this action as a putative class action and that Plaintiffs seek to certify a class as defined in Paragraph 66. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.

67. The allegations in Paragraph 67 constitute legal or other conclusions to which no response is required.

68. Answering Paragraph 68, Target admits that Plaintiffs purport to bring this action as a putative class action and that Plaintiffs seek to certify a class that excludes the persons identified in Paragraph 68. The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.

69. The allegations in Paragraph 69 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 69.

70. The allegations in Paragraph 70 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 70.

71. The allegations in Paragraph 71 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 71.

72. The allegations in Paragraph 72 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 72.

73. The allegations in Paragraph 73 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 77.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

78. Answering Paragraph 78, Target states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

79. Answering Paragraph 79, Target denies that it engaged in any unlawful conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 79.

80. Target denies the allegations in Paragraph 80.

81. Answering Paragraph 81, Target denies that it engaged in any unlawful conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 81.

82. Answering Paragraph 82, Target states that the allegations in this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 82.

83. Answering Paragraph 83, Target denies that it engaged in any unlawful conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 83.

84. The allegations in Paragraph 84 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 84.

85. The allegations in Paragraph 85 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 85.

**SECOND CAUSE OF ACTION**

86. Answering Paragraph 86, Target states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

87. Answering Paragraph 87, Target denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 87.

88. Answering Paragraph 88, Target states that it lacks knowledge or information sufficient to form a specific belief regarding what Plaintiffs purchased. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 88.

89. Answering Paragraph 89, Target denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 89.

90. Answering Paragraph 90, Target denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 90.

91. Answering Paragraph 91, Target denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 91.

92. Answering Paragraph 92, Target states that allegations in this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 92.

93. Answering Paragraph 93, Target denies that it engaged in any unfair or wrongful conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 93.

94. Answering Paragraph 94, Target denies that it engaged in any unfair conduct. The remaining allegations of this paragraph constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 95.

96. The allegations in Paragraph 96 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 96.

## **THIRD CAUSE OF ACTION**

97. Answering Paragraph 97, Target states that it re-asserts and incorporates by reference each and every response contained in the preceding paragraphs as though fully set forth here.

98. The allegations in Paragraph 98 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 98.

99. The allegations in Paragraph 99 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 99.

100. The allegations in Paragraph 100 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 100.

101. The allegations in Paragraph 101 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 101.

102. The allegations in Paragraph 102 constitute legal or other conclusions to which no response is required. To the extent a response is required, Target denies the allegations in Paragraph 102.

## PRAYER FOR RELIEF

Responding to the Prayer for Relief, Target denies each and every allegation therein and denies that Plaintiffs are entitled to any relief. Target further denies that Plaintiffs' proposed class satisfies the requirements for certification under Federal Rule of Civil Procedure 23.

## JURY DEMAND

Plaintiffs' jury demand constitutes legal or other conclusions to which no response is required. To the extent any response is required, Target denies that Plaintiffs' claims, or those of the proposed class, are jury triable. Furthermore, the Parties have mutually agreed to a bench trial, and the Court has therefore ordered a bench trial in this action. *See* Joint Rule 26(f) Report, Dkt. 41, at 6 (July 3, 2023); Scheduling and Case Management Order, Dkt. 44, at 21 (Nov. 14, 2023).

Target denies each and every allegation in the Complaint not specifically admitted in response to Paragraphs 1-102, the Prayer for Relief, or the Jury Demand. Moreover, to the extent any response is required to the headings and subheadings in the Complaint, Target denies each and every allegation made in the headings and subheadings.

## AFFIRMATIVE DEFENSES

WHEREFORE, without admitting any of the allegations in the Complaint that have previously been denied, and without assuming any burden of proof that Target would not otherwise bear, Defendants assert the following affirmative defenses:

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted, including for the reasons set forth in its previously-filed motion to dismiss.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because all acts and conduct of Target, as alleged in the Complaint, both fully or substantially conformed to, complied with, and/or were authorized by applicable federal law and regulations, including the Small Parts Rule.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption to the extent those claims seek to impose standards that differ from and/or are inconsistent with federal law, including the Small Parts Rule as interpreted and enforced by CPSC.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Target's conduct as alleged in the Complaint was undertaken in good faith and in reliance EEP's labeling of the products, which was done in reliance on prior direction from CPSC. Target was not responsible for age grading or labeling any Calico Critters products. Rather, Target relied in good faith on EEP's labeling of the products, and EEP's labeling was done in reliance on prior direction from CPSC.

**Fifth Affirmative Defense**

To the extent Plaintiffs or any putative class members purchased the Calico Critters products for children under three years of age, their claims are barred, in whole or in part, based on the doctrine of unclean hands, assumption of the risk, waiver, estoppel, ratification, agreement, acquiescence, consent, and/or Plaintiffs' own comparative negligence because those products contained warning labels disclosing that the products are intended for children three and older and pose a choking hazard. Plaintiffs and any putative class members that purchased Calico Critters products for children under three did so despite the warning labels, and their claims must therefore fail.

**Sixth Affirmative Defense**

To the extent Plaintiffs or any putative class members purchased the Calico Critters products for children three or older, their claims are barred, in whole or in part, by a failure to prove that Defendants' alleged conduct caused their alleged harm or injuries. For these persons, the alleged illegality of the products due to their inclusion of small parts would not have been material to their decision to purchase the products.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were to prevail on any of the causes of action. Plaintiffs received the value of the products they purchased through use and enjoyment thereof, and the products retain value. Any remedy awarded to Plaintiffs would therefore unjustly enrich them.

**Eighth Affirmative Defense**

Plaintiffs' claims seeking restitution of the purchase price of the products are barred, in whole or in part, because Plaintiffs received value from the products, and thus restitution of the purchase price would amount to a windfall and equity may not be invoked to obtain a windfall. Plaintiffs received the value of the products they

purchased through use and enjoyment thereof, and the products retain value. Any restitution awarded to Plaintiffs would therefore be a windfall and an inappropriate equitable remedy.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate, reduce, or otherwise avoid their alleged damages or injuries because Plaintiffs could have returned the items and obtained a refund.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek duplicative and/or cumulative remedies.

**Eleventh Affirmative Defense**

To the extent any of Plaintiffs' or the putative class members' purchases were made from Target through its Drive Up or Pick Up options, or shipped through Target.com, those individuals claims are barred, in whole or in part, because they agreed to a binding arbitration provision that waived their right to file a class action and agreed to binding arbitration.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages in fact, actual loss, injury or other legally cognizable injury. Plaintiffs and/or the intended end user were able to use the Calico Critters products they allegedly purchased as intended, and therefore obtained use and enjoyment therefrom. The products also continue to retain value.

**Thirteenth Affirmative Defense**

Plaintiff Jackson-Jones alleges no transaction or other relationship with Target and therefore has no claims against Target. Plaintiff Jackson-Jones alleges she purchased Calico Critters products only from Amazon.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because any alleged harm was not a direct and proximate result of Target's actions. Target does not manufacture Calico Critters and is not responsible for age-grading or labeling the products.

Target hereby gives notice that it intends to rely upon any other defense that may become available or appear during the this case, including during discovery proceedings, and hereby reserves the right to amend its Answer to assert any such defenses.

**TARGET'S PRAYER FOR RELIEF**

WHEREFORE, Target prays for entry of judgment in its favor and against Plaintiffs as follows:

(1) That the Complaint be dismissed in its entirety and with prejudice as against Target;

(2) That Plaintiffs take nothing by way of the Complaint;

(3) That Target recover its costs and disbursements in this action; and

(4) For such further relief as this Court deems just and proper.

Dated: December 13, 2023

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James F. Speyer*
James F. Speyer
Ian S. Hoffman

Attorneys for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION