**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404
Tel: (310) 396-9600
Fax: (310) 396-9635

[Additional counsel on signature page.]

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all situated,<br><br>Plaintiffs<br><br>vs.<br><br>EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendants. | Case No.  2:23-cv-02567-ODW-SK<br><br>**PLAINTIFFS' REDACTED MOTION FOR CLASS CERTIFICATION**<br><br>Date: June 10, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Otis D. Wright II<br>Crtrm.: 5D |

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES......................................................................... ii

INTRODUCTION ..................................................................................1

RELEVANT FACTS AND BACKGROUND ......................................................3

    A.    Calico Critters Flocked Toys and Plaintiffs' Allegations .......................3

    B.    Calico Critters Are Flocked Animal Figurines, Such Toys are Intended for Children Under 3 as a Matter of Law, and Defendants Have Conceded this Point....................................................................5

    C.    The Class Representatives' Purchase of Calico Critters Flocked Toys ...............................................................................6

    D.    Plaintiffs' Requested Relief....................................................7

PROPOSED CLASS DEFINITION ...........................................................8

LEGAL STANDARD ..........................................................................9

ARGUMENT......................................................................................10

    A.    Class Certification is Appropriate Under Rule 23(a)............................10

        1.    The Proposed Class is Numerous..................................................10

        2.    Plaintiffs' Claims Present Common Issues of Law and Fact...........11

        3.    Plaintiffs' Claims are Typical .......................................................13

        4.    Plaintiffs and Their Counsel Will Adequately Represent the Class.................................................................................14

            a.   Neither Plaintiffs Nor Their Counsel Have Any Conflicts of Interest with Any Class Members................................14

            b.   Plaintiffs and Their Counsel Will Continue to Vigorously Prosecute this Action ................................15

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

B.  Class Certification is Appropriate Under Rule 23(b)(3) ........................15

1.  Common Issues of Law and Fact Predominate...............................16

a.  Plaintiffs' UCL Claims  ...............................................17

b.  Plaintiffs' Unjust Enrichment Claim  .........................................18

2.  Relief Can be Determined on a Class-Wide Basis..........................18

a.  Restitution Can be Calculated on a Class-Wide Basis.............18

b.  Injunctive Relief Will be the Same for the Entire Class..........19

3.  Class Treatment is Superior to Other Adjudication Methods..........20

C.  Alternatively, Class Certification Under Rule 23(b)(2) Is Appropriate..............................................................................21

CONCLUSION .............................................................................22

APPENDIX A

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

# TABLE OF AUTHORITIES

**Cases**                                                                                   *Page*

*Amchem Prods., Inc. v. Windsor* (1997)
        521 U.S. 591 ................................................................................16

*Amgen v. Conn. Ret. Plans & Tr. Funds* (2013)
        568 U.S. 455 ................................................................................15

*Blackie v. Barrack* (9th Cir. 1975)
        524 F.2d 891 ................................................................................16

*Bradach v. Pharmavite, LLC* (9th Cir. 2018)
        735 Fed. Appx. 251................................................................................16

*Briseno v. ConAgra Foods, Inc.* (9th Cir.)
        844 F.3d 1121 ................................................................................21

*Bruton v. Gerber Prods. Co*. (9th Cir. July 17, 2017)
        2017 U.S. App. LEXIS 12833 ................................................17

*Cartwright v. Viking Indus.* (E.D. Cal. Sep. 11, 2009)
        2009 U.S. Dist. LEXIS 83286 ................................................18

*Chavez v. Blue Sky Nat. Beverage Co.* (N.D. Cal. 2010)
        268 F.R.D. 365................................................................................18, 19

*Clevenger v. Welch Foods Inc.* (C.D. Cal. 2022)
        342 F.R.D. 446................................................................................17

*Comcast v. Behrend* (2013)
        569 U.S. 27 ................................................................................9, 18

*Echostar Satellite Corp. v. NDS Group PLC* (C.D. Cal. Oct. 15, 2008)
        2008 U.S. Dist. LEXIS 110425 ................................................17

*Elgin, J. & E. R. Co. v. United States* (N.D. Ind. 1937)
        18 F. Supp. 19................................................................................18

*Elkies v. Johnson & Johnson* (C.D. Cal. Oct. 18, 2018)
        2018 U.S. Dist. LEXIS 241197 .................................... 11, 14, 21

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

*Ellis v. Costco Wholesale Corp.* (9th Cir. 2011)
    657 F.3d 970 ...................................................................................12, 13

*Farmers Ins. Exchange v. Superior Court* (1992)
    2 Cal. 4th 377..................................................................................1, 17

*Gen. Tel. Co. of the Nw., Inc. v. EEOC* (1980)
    446 U.S. 318 ........................................................................................10

*Gen. Tel. Co. of Sw. v. Falcon* (1982)
    457 U.S. 147 ..........................................................................................9

*Hamm v. Mercedes-Benz United States* (N.D. Cal. Apr. 2, 2021)
    2021 U.S. Dist. LEXIS 65098........................................................8

*Hanlon v. Chrysler Corp.* (9th Cir. 1998)
    150 F. 3d 1011...............................................................................14, 16

*In re HiEnergy Techs., Inc. Sec. Litig.* (C.D. Cal. Sept. 26, 2006)
    2006 U.S. Dist. LEXIS 99265 .....................................................10

*Just Film, Inc. v. Buono* (9th Cir. 2017)
    847 F.3d 1108 .......................................................................................13

*Kearns v. Ford Motor Co.* (9th Cir. 2009)
    567 .3d 1120 .........................................................................................17

*Lozano v. AT & T Wireless Services, Inc*. (9th Cir. 2007)
    504 F.3d 718..........................................................................................13

*Lyles v. Sangadeo-Patel* (Cal. App. 2014)
    225 Cal. App. 4th 759 .......................................................................18

*MacDougall v. Am. Honda Motor Co., Inc.* (C.D. Cal. Oct. 3, 2023)
    2023 U.S. Dist. LEXIS 235433 .....................................................18

*Phillips Petroleum Co. v. Shutts* (1985)
    472 U.S. 797.........................................................................................20

*Pulaski v. Middleman, LLC v. Google, Inc.* (9th Cir. 2015)
    802 F.3d 979..........................................................................................19

-iv-

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

*Rannis v. Recchia* (9th Cir. 2010)
    380 F. App'x 646 ...................................................................................10

*Rojas v. Bosch Solar Energy Corp.* (N.D. Cal. Mar. 9, 2022)
    2022 U.S. Dist. LEXIS 42193 .........................................................18

*Sali v. Corona Reg'l Med. Ctr.* (9th Cir. 2018)
    909 F.3d 996 ......................................................................................10

*Schmidt v. Int'l Playthings LLC* (D.N.M. 2021)
    536 F. Supp. 3d 856 ..........................................................................16

*Steroid Hormone Prod. Cases* (2010)
    181 Cal. App. 4th 145 .......................................................................17

*Tait v. BSH Home Appliances Corp.* (C.D. Cal. Dec. 20, 2012)
    289 F.R.D. 466 ...................................................................................16

*Valentino v. Carter-Wallace* (9th Cir. 1996)
    97 F.3d 1227 ......................................................................................20

*Vinole v. Countrywide Home Loans, Inc.* (9th Cir. 2009)
    571 F.3d 935 ......................................................................................16

*Wal-Mart Stores, Inc. v. Dukes* (2011)
    564 U.S. 338 ............................................................ 9, 12, 13, 14

*Walters v. Reno* (9th Cir. 1998)
    145 F.3d 1032 ....................................................................................21

**Other**

15 U.S.C. § 1261 ...........................................................................................1

15 U.S.C. § 1262 ...........................................................................................3

15 U.S.C. § 1263(a) ...................................................................................4, 17

16 C.F.R. § 1500.18(a)(9) .........................................................................3, 16

16 C.F.R. §1501 .............................................................................. 3, 5, 12, 16

29 C.F.R. § 1501 ........................................................................................1, 5

-v-
**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Cal. Bus. & Prof. Code § 17200 ..................................................................1

Fed. R. Civ. P. Rule 23 ................................ 8, 9, 11, 14, 15, 17, 20, 21

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

# **INTRODUCTION**

The Court should certify for class treatment Plaintiffs' claims under the "unlawful" and "unfair" prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), and their claim of unjust enrichment, on behalf of themselves and the proposed Class, as defined below. This case is particularly well-suited for class treatment, as there are limited questions of law and fact, all of which can be answered using common proof.

Specifically, common proof will establish (1) that Calico Critters flocked toys are—as a matter of law—intended for children under the age of three, and (2) when they contain small parts, these toys are "banned hazardous substances" under the Federal Hazardous Substances Act, 15 U.S.C. § 1261, *et seq.* ("FHSA"). Under California law, if the toys at issue are banned under the FHSA, they are being sold in violation of the "unlawful" prong of the UCL. *See, e.g.*, *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992) ("an action based on [UCL § 17200] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices *independently actionable* under [UCL § 17200] and subject to the distinct remedies provided thereunder") (emphasis added). Here, Defendants have unlawfully, unfairly, and unjustly sold these toys directly to consumers in flagrant violation of California law.

In several key respects, these merits determinations have already been made. For example, in denying Defendants' Motion to Dismiss, this Court held "the plain language of [16 C.F.R.] § 1501.2 unambiguously defines flocked animals and figures as undeniably intended for children under three years of age." ECF No. 43 ("Order") at 5. As set forth more fully below, Defendants themselves *concede* this holding obviates the need for any further proof on this threshold legal issue.

Thus, the only remaining question for liability is whether the Calico Critters products at issue contain "small parts" under the FHSA. As set forth in detail below,

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

each of the products at issue, as listed in Appendix A, have been identified by Defendants as containing small parts and presenting a choking hazard. This common evidence alone will prove Plaintiffs' and Class members' claims.

But even if Defendants argue that they should not be taken at their word, there is an empirical test—established by regulation—that quickly identifies whether a toy or accessory is a "small part" under the FHSA and its attendant regulations. The toy or accessory at issue is merely placed into a "small parts cylinder" testing device, without force, and evaluated to consider if the object fits entirely within the test fixture (and therefore constitutes a "small part"). *E.g.,*



Once liability is established via common proof, the only additional merits issues to be addressed are calculating monetary awards and fashioning injunctive relief. Both the UCL and unjust enrichment offer prevailing plaintiffs relief in the form of restitution, and as set forth herein, the value and measure of restitution in this action is easily determined by objective evidence that may be applied on a class-wide basis.

But what matters for purposes of this motion is that common evidence—the empirically-verifiable composition and size of the Calico Critters flocked toys; expert testimony; Plaintiffs' testimony; Defendants' internal documents; and corporate representatives' testimony—will elicit common answers at trial. Indeed, the UCL focuses on Defendants' conduct to determine liability and the appropriate ensuing relief.

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Class certification under Rule 23(b)(3) is appropriate because the trial of this matter will consist of common evidence establishing Defendants' liability and Plaintiffs' and Class members' entitlement to restitution and injunctive relief. Class certification of Plaintiffs' request for non-monetary relief is also appropriate under Rule 23(b)(2) because Defendants' conduct is generally applicable to the Class as a whole, and by its very nature applies in equal measure to all Class members.

Accordingly, the proposed class should be certified.

## RELEVANT FACTS AND BACKGROUND

### A.    Calico Critters Flocked Toys and Plaintiffs' Allegations

Calico Critters Flocked Toys are a brand of plastic, poseable animal figurines with a flocked exterior, giving them the feel of fur and functioning as a mix between a stuffed animal and a doll. ECF No. 1-1 ("Compl."), ¶ 17. These toys are sold with accessories, furniture, and dollhouse playsets. *Id*. ¶ 19. In their opposition to Defendants' motion to dismiss, *see* ECF No. 26, Plaintiffs detailed the choking hazard that the toys present, and the catastrophic injuries they have caused young children, *id*. at 1-2.

Under the FHSA, Congress empowered the Consumer Product Safety Commission ("CPSC") with the authority to declare what toys or articles are banned hazardous substances. *See generally* 15 U.S.C. § 1262. In response, the CPSC promulgated the "small parts rule," which provides that "any toy or other article intended for use by children under 3 years of age which presents a choking, aspiration, or ingestion hazard because of small parts as determined by [16 C.F.R. § 1501]" is a banned hazardous substance. 16 C.F.R. § 1500.18(a)(9).

For a toy to be deemed a banned hazardous substance pursuant to the FHSA and applicable regulations, the toy must satisfy two requirements:  (1) it must be intended for use by children under three, and (2) it must itself be, or it must contain, a small part (as determined by whether the toy or a part thereof fits without compression into a hollow cylinder one and one quarter inches in diameter, *see* 16

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

C.F.R. §1501.4). Plaintiffs contend the toys at issue here satisfy both requirements. Compl. ¶¶ 2, 80, 98.

Plaintiffs accuse Defendants of violating FHSA by introducing and/or delivering for introduction banned hazardous substances—the Calico Critters toys—into interstate commerce. *See* 15 U.S.C. § 1263(a) (prohibiting "[t]he introduction or delivery for introduction into interstate commerce of any misbranded hazardous substance or banned hazardous substance").

Specifically, Defendant Epoch Everlasting Play, LLC ("Epoch") is involved in the marketing, advertising, distribution, and sales of the toys to retailers and directly to consumers via its website. *See* **Ex. 4** to the Declaration of Gillian L. Wade ("Wade Decl.") ¶ 35 (Epoch's Interrogatory Responses) at p. 5. Defendant Target Corporation ("Target") sells the Products primarily through its website by providing a platform for Epoch to fulfill orders directly to consumers, and to some extent, through its physical stores with respect to Products that were initially purchased by customers through Target's website, then returned to a Target store and resold. Wade Decl. ¶ 36, **Ex. 5** (Target's Interrogatory Responses) at p. 5. Defendant Amazon.com Services, LLC ("Amazon") sells the Products both as a direct retailer, purchasing products from Epoch and selling them to customers, and through a platform for third-party sellers who independently obtain and sell Calico Critters products, sometimes utilizing Amazon's fulfillment services. Wade Decl. ¶ 34, **Ex. 3** (Amazon's Interrogatory Responses) at pp. 6-7. Although each Defendant has a distinct role with respect to the sale of the subject products, each is responsible for the introduction and/or delivery of them into interstate commerce.

Accordingly, Defendants have been unjustly enriched by their sale of the toys in violation of the "unlawful" and "unfair" prongs of California's Unfair Competition Law ("UCL").

//

//

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

**B.**   **Calico Critters Are Flocked Animal Figurines, Such Toys are Intended for Children Under 3 as a Matter of Law, and Defendants Have Conceded this Point.**

The parties agree that all Calico Critters at issue constitute flocked animal figurine toys. Moreover, now that this Court has issued its Order denying Defendants' Motion to Dismiss, it is undeniable that Calico Critters—precisely because they are flocked—are "intended for children under three years of age" as a matter of law. Order at 5. In its Order, this Court carefully analyzed both the text and structure of 29 C.F.R. § 1501.2, and applied traditional canons of statutory interpretation to conclude that Calico Critters flocked toys are unambiguously intended for children under the age of three under § 1501.2(a)'s list of fourteen specific toys or articles. *Id.* at 8-11. Given the categorical nature of this Court's holding, it will be impossible for Defendants to deny that Calico Critters toys that are themselves small parts or that contain small parts are banned hazardous substances under the FHSA.

Epoch and Target readily concede this point in their discovery responses. For instance, when Plaintiffs sought information related to "the marketing, advertising, distribution, and sale of the Products (including any role in the design in packaging)," Epoch objected on relevance and undue burden grounds, stating, "[i]n its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While [Epoch] disagrees with this ruling, so long as it remains in effect, the information sought through this Request is not relevant to Plaintiffs' claims and this interrogatory is disproportionate to the needs of this case and unduly burdensome." Wade Decl., **Ex. 4** (Epoch's Interrogatory Responses), at p. 5 (Obj./Resp. to Interrogatory No. 3). Likewise, in response to an interrogatory seeking information related to the design, safety testing, manufacturing, distributing, and marketing of the Products, Target lodged the same objection. Wade Decl., **Ex. 5** (Target's Interrogatory Responses), at p. 4 (Obj./Resp. to Interrogatory No. 2). Ultimately, Epoch and Target objected to dozens of Plaintiffs' discovery requests, and withheld

-5-

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

non-privileged, otherwise discoverable information and documents on grounds such information and documents are irrelevant and unduly burdensome given the categorical nature of this Court's Order. *See* Wade Decl., **Ex. 3** (Epoch's Interrogatory Responses), at pp. 4, 5, 8-9, 10, 11; *Id*. at ¶ 40, **Ex. 8** (Epoch's Responses to Requests for Production), at pp. 6-11, 13-36; **Ex. 4** (Target's Interrogatory Responses), at pp. 4-5, 8-10; *Id*. at ¶ 41, **Ex. 9** (Target's Responses to Requests for Production), at pp. 7-11, 14-38. Therefore, Defendants have effectively *admitted* broad liability as to the flocked Calico Critters toys at issue in this case (those that are themselves, or any of their included accessories, small enough to constitute a choking hazard under 16 C.F.R. §§ 1500.18(a)(9) and 1501.4).

To be sure, Defendants have asked this Court to certify its motion to dismiss order for interlocutory review. *See* ECF No. 47. But, unless and until the Court grants that motion—which the parties have now fully briefed, *see* ECF Nos. 52, 53—Defendants seemingly do not contest that the Calico Critters toys at issue in this class certification motion violate the FHSA and, in turn, California's UCL.

## C. The Class Representatives' Purchase of Calico Critters Flocked Toys

From May 2021 through July 2022, Plaintiff Williene Jackson-Jones purchased eighteen Products manufactured by Epoch on Amazon.com. *See* Declaration of Williene Jackson-Jones ("Jackson Jones Decl.") ¶ 5. Three of those purchases—the (1) Calico Critters Baby Airplane Ride, Dollhouse Playset with Maple Cat Figure Included; (2) the Calico Critters Town Girl Series - Silk Cat; and (3) the Calico Critters School Lunch Set—were flocked toys containing small parts and thus banned hazardous substances sold to her in violation of California law.[1] Had Ms. Jackson-Jones known these products were banned hazardous substances, she would not have purchased them. *Id.* ¶ 7.

---

[1] The other fifteen Calico Critters products purchased by Ms. Jackson-Jones did not contain flocked figurines and consist only of furniture and accessories (*see* Jackson Jones Decl. at ¶ 6), and as such are not at issue in this matter.

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

In November 2021, Plaintiff Karen Santos purchased the following products manufactured by Epoch from a brick-and-mortar Target store in Dublin, California: (1) Calico Critters Tuxedo Cat Family Set, (2) Calico Critters Persian Cat Triplets; and, (3) Calico Critters Persian Cat Family. *See* Declaration of Karen Santos ("Santos Decl.") ¶ 5. The Epoch products purchased by Ms. Santos are also banned hazardous substances because they are flocked toys and contain small parts. Had Ms. Santos known these products were banned hazardous substances, she would not have purchased them. *See id.* ¶ 6.

### D. Plaintiffs' Requested Relief

Plaintiffs seek restitution under the UCL and their claim for unjust enrichment. Compl. ¶¶ 94, 98-101. Plaintiffs have retained economist and statistician William Ingersoll, Ph.D. ("Dr. Ingersoll") to present a methodology for calculating restitution on a class-wide basis. *See generally* Declaration of William Robert Ingersoll, Ph.D in Support of Plaintiffs' Motion for Class Certification ("Ingersoll Decl.").

For purposes of class certification, Dr. Ingersoll described the methodology he would use to calculate restitution on a class-wide basis if a class is certified and liability is found. He has crafted two alternative methodologies that can be used if it is found that either: (1) the appropriate measure of restitution is the entirety of the price paid by consumers for the subject products ("Full Refund Method"), or, (2) the appropriate measure of restitution is the portion of price attributable to the offending portion of the subject products ("Offset Method"). *Id.* at ¶¶ 11-21.

The Full Refund Method entails compensating Class members the total price paid for the products in question, using Defendants' sales data, including SKU/UPC identifiers and pricing information. *Id.* at ¶¶ 11-12. This approach assumes that the appropriate measure of restitution involves returning the entire purchase price to the consumer, based on the premise that the products were sold in violation of the law. *Id.*

//

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Alternatively, the Offset Method seeks to compensate consumers for the portion of the price attributable to the illegal small parts. *Id.* at ¶¶ 13-21. This method relies on hedonic regression analysis, a statistical technique that breaks down the price of a good into the value of its individual characteristics. *Id.* at ¶ 15; *see also Hamm v. Mercedes-Benz USA, LLC,*, No. 5:16-cv-03370-EJD, 2021 U.S. Dist. LEXIS 65098, at *42, 2021 WL 1238304, at *14 (N.D. Cal. Apr. 2, 2021) ("a hedonic regression model [is] a method frequently used in economics to ascertain the relative effect of variables on the price of a product"). "[C]ourts regularly recognize that hedonic regression is a widely accepted econometric methodology that satisfies the four *Daubert* factors of testability, peer review and publication, measur[]able error rate, and general acceptance." *Id.* (citation omitted).

The Full Refund and Offset Methods represent two viable approaches to calculating restitution, and the choice between them is a question that ultimately depends on the Court's determination regarding the appropriate measure of restitution once liability is established. That question logically must be answered only after the proposed class is certified.

Plaintiffs also seek an order enjoining Defendants from selling toys that are banned hazardous substances under the FHSA—*i.e.*, flocked toys that also either are themselves, or are sold along with, small parts.

As explained in greater detail below, both restitution (regardless of the method) and injunctive relief would apply equally to all members of the Class.

## **PROPOSED CLASS DEFINITION**

Plaintiffs seek to certify the following Class pursuant to Federal Rule of Civil Procedure 23(b)(3) or, alternatively, Rule 23(b)(2): **All persons in the State of California who purchased at least one of the Products, for personal use and not for re-sale, since January 30, 2019.** For purposes of this Motion and the proposed class definition, the term "Products" means all Calico Critters flocked toys that were sold with a small part. A list of the subject Products is attached hereto as **Appendix**

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

**A**. *See also* Wade Decl. at ¶¶ 26-33, **Ex. 1, Ex. 2** (explaining how the list of Products was compiled).

Excluded from the putative Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and directors and/or any of them. Also excluded from the proposed Class are the Court, the Court's immediate family and Court staff.

## <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 23 requires a party seeking class certification to "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ("*Dukes*"). This requires a district court to conduct "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Id*. at 351 (internal quotation marks omitted). A plaintiff must demonstrate that the four requirements of Rule 23(a) are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Id*. at 349 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)). The party also must prove the class meets one of the three alternative provisions in Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013).

Certification under Fed. R. Civ. P. Rule 23(b)(3) requires a further showing "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Certification under Rule 23(b)(2), for its part, requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

When evaluating a motion for class certification, "a district court is not limited to considering only admissible evidence in evaluating whether Rule 23's requirements are met." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1005 (9th Cir. 2018) (internal citation omitted). "Because a class certification decision 'is far from a conclusive judgment on the merits of the case, it is of necessity . . . not accompanied by the traditional rules and procedure applicable to civil trials.'" *Id.* at 1004 (citation omitted). "[I]n evaluating [the] motion …, a district court need only consider 'material sufficient to form a reasonable judgment on each [Rule 23] requirement.'" *Id.* at 1005 (citation omitted). Moreover, when an expert's testimony in support of class certification is challenged, "a district court should evaluate admissibility under the standard set forth in *Daubert*." *Id.* However, "[a]dmissibility must not be dispositive. Instead, an inquiry into the evidence's ultimate admissibility should go to the weight that evidence is given at the class certification stage." *Id.*

## **ARGUMENT**

### **A. Class Certification is Appropriate Under Rule 23(a)**

#### **1.  The Proposed Class is Numerous.**

The numerosity requirement of Rule 23(a)(1) is satisfied when "joinder of all members is impracticable." The Rule does not establish a precise numerical threshold, but courts generally find the numerosity requirement is satisfied when a class includes at least forty members. *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010) (unpublished) (relying on *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 & n. 14 (1980)). Numerosity may also be satisfied where the precise number of class members is unknown but "general knowledge and common sense indicate it is large." *In re HiEnergy Techs., Inc. Sec. Litig.,* No. 8:04-CV-01226 DOCJTLX, 2006 U.S. Dist. LEXIS 99265, *7, 2006 WL 2780058, at *3 (C.D. Cal. Sept. 26, 2006).

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Defendants' removal papers reveal Epoch's total sales at wholesale for all Calico Critters toys sold in California during the putative class period exceed $17 million. ECF No. 1 at 5. Epoch also provided sales data for all Calico Critters products containing a flocked figure that were (a) sold and shipped by it to consumers located in California, or (b) sold by dropship retailers and shipped by Epoch to consumers located in California, between January 30, 2019 and December 31, 2023. Wade Decl. ¶ 37 (citing **Ex. 6** (Epoch's First Supp. Interrogatory Responses) and attesting to having reviewed Exhibit A thereto). In the aggregate, the sales totaled approximately $█████. *Id.*

Similarly, Target provided sales data for Calico Critters toys containing a flocked figure that were (a) purchased from Target.com and shipped to addresses located in California, or (b) purchased from Target stores located in California, between January 30, 2019 and December 31, 2023. Wade Decl. ¶ 38 (citing **Ex. 7** (Target's First Supp. Interrogatory Responses) and attesting to having reviewed Exhibit A thereto). In the aggregate, the data revealed █████ flocked Calico Critters toys were sold by Target in California during the putative class period, amounting to approximately $██████ in total sales. *Id.*

Amazon's sales data revealed at least █████ flocked Calico Critter toys to customers in California during the putative class period, amounting to approximately $███████ in total sales. Wade Decl. ¶ 39 (attesting to having reviewed Amazon's sales data produced in discovery as AMZ_00000002).

Accordingly, numerosity is satisfied. *See Elkies v. Johnson & Johnson Servs., Inc.*, No. CV 17-7320-GW(JEMx), 2018 U.S. Dist. LEXIS 241197, *4, 2018 WL 11223465, at *3 (C.D. Cal. Oct. 18, 2018) (Wu, G.) (numerosity satisfied where plaintiffs did not give a precise figure for the class size, but instead cited to evidence showing how many ounces of the product at issue were shipped to California during class period).

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

## 2. Plaintiffs' Claims Present Common Issues of Law and Fact.

A class satisfies Rule 23(a)(2) if "there are questions of law or fact common to the class." To establish commonality, the claims must depend upon a "common contention" that is "capable of classwide resolution—which means determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350; *see also id.* ("What matters to class certification is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive resolution of the litigation." (internal ellipses and citation omitted)). Commonality has "'been construed permissively' and '[a]ll questions of fact and law need not be common to satisfy the rule.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (citation omitted). Indeed, for the requirement to be met, there need be only a single issue common to the proposed class. *Dukes*, 564 U.S. at 359.

The key common issues of law and fact driving this litigation stem from allegations that Defendants violated the FHSA by introducing and/or delivering for introduction banned hazardous substances into interstate commerce—specifically, that the Products (1) are intended for children under 3 as a matter of law, by virtue of the fact that they are flocked toys, pursuant to pursuant to 16 C.F.R. § 1501.2(a); and (2) contain small parts, within the meaning of 16 C.F.R. § 1501.4. If those allegations are proven to be true, Plaintiffs will prevail on their claims for violations of the UCL and unjust enrichment.

Common evidence will prove these allegations. This Court has already concluded Calico Critters are intended for children under the age of three, pursuant to 16 C.F.R. 1501.2(a). ECF No. 43 at 8-11. Regarding whether each of the Products contains "small parts," Epoch concedes each of the Products contains small parts on the packaging and webpages of each respective Product itself. *See* Wade Decl. at ¶¶ 26-33, **Ex. 2** (highlighting the "small parts" language on the Products' packaging and/or Calico Critters webpages)

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Moreover, to the extent further proof of the presence of small parts is required at summary judgment or trial, it nonetheless will be common. Whether a given product contains small parts is an objective—and simple—determination: as set forth in the Declaration of Joseph Mohorovic ("Mohorovic Decl."), "[t]he subject toy or children's article to be tested is merely placed into the 'small parts cylinder' without force," and "[i]f any such components or pieces fit entirely within the cylinder, in any orientation and without being compressed," then they are considered small parts. *Id.* at ¶ 9. This could easily be done once for each category of Products, and the results would obviously apply class-wide.

Finally, whether Plaintiffs and the Class are entitled to restitution and/or injunctive relief presents another core question that binds the entire class. These common questions are "of such a nature that [they are] capable of classwide resolution—which means that the determination of [their] truth or falsity will resolve [] issue[s] that [are] central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

### 3.  Plaintiffs' Claims are Typical.

"Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Ellis,* 657 F.3d at 984 (citation omitted). The typicality requirement is "permissive, such that representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (citation and internal quotations omitted). "In determining whether typicality is met, the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." *Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 734 (9th Cir. 2007) (citation and internal quotations omitted).

Plaintiffs allege a common pattern of wrongdoing—Defendants' sale of banned hazardous substances—and will present the same evidence (based on the same legal

-13-

theories) to support not only their claims, but also the claims of the Class. Similarly, each Plaintiff and members of the Class seek the same relief—an injunction and monetary relief as provided under California's consumer protection statutes. *See Elkies*, 2018 U.S. Dist. LEXIS 241197, at *10-13; 2018 WL 11223465, at *5-6 (typicality satisfied where the plaintiffs' "claims arise from the same conduct by Defendants as do the claims of all other class members, they have allegedly suffered the same injury, and they proceed under the same legal theories."). In short, it is difficult to imagine a fact pattern in which the commonality and typicality requirements of Rules 23(a)(2) and (a)(3) are more readily satisfied.

### 4. Plaintiffs and Their Counsel Will Adequately Represent the Class.

"The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1020 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(4)), *overruled on other grounds by Dukes*, 564 U.S. 338. Resolution of two questions determines legal adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

### a. Neither Plaintiffs Nor Their Counsel Have Any Conflicts of Interest with Any Class Members.

There is nothing to suggest Plaintiffs have any interests antagonistic to other Class Members. Jackson-Jones Decl. ¶ 9; Santos Decl. ¶ 8. Instead, Plaintiffs' interests are fully aligned with those of the Class in determining whether Defendants' conduct violates the UCL: Plaintiffs were harmed in the same way, their claims arise under the same legal theories, and Plaintiffs seek remedies equally applicable and beneficial to the Class. *See* Compl. ¶¶ 55-63; 78-102; Jackson-Jones Decl. ¶ 7; Santos Decl. ¶ 6.

-14-

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Likewise, Plaintiffs' counsel do not have any conflicts of interest with any Class Members. Wade Decl. at ¶ 25.

### b. Plaintiffs and Their Counsel Will Continue to Vigorously Prosecute This Action.

Plaintiffs have participated actively in this lawsuit. *See* Jackson-Jones Decl. at ¶ 8; Santos Decl. at ¶ 7; Wade Decl. ¶ 24. Plaintiffs initiated this action, responded to written discovery, and their depositions are scheduled to occur on March 19, 2024 and March 20, 2024. Wade Decl. ¶ 24. Plaintiffs are willing and able to serve as class representatives and will continue to vigorously pursue their claims against Defendants on behalf of the Class. Jackson-Jones Decl. at ¶ 3-4; Santos Decl. at ¶ 3-4.

In determining Class Counsel's adequacy, courts consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

Plaintiffs' undersigned counsel have significant experience prosecuting large consumer class actions, complex litigation and the types of claims asserted in the instant matter.  Wade Decl. ¶¶ 1-23. They also have demonstrated a willingness and ability to prosecute this action vigorously and to dedicate the resources and expertise necessary to represent a class and successfully manage a class action to its conclusion. Wade Decl. ¶¶ 21-23.

### B. Class Certification is Appropriate Under Rule 23(b)(3).

Rule 23(b)(3) requires that "questions of law or fact common to the class members predominate over any questions affecting only individual members" and "a class action is superior to any other available methods for fairly and efficiently adjudicating the controversy." Fed. R. 23(b)(3). This simply calls for "a showing that questions common to the class predominate, not that those questions will be

-15-
PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION

answered, on the merits, in favor of the class." *Amgen v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (emphasis omitted).

### 1. Common Issues of Law and Fact Predominate.

The predominance inquiry focuses on "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F. 3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). Predominance is satisfied where a plaintiff alleges a common course of conduct that affected all class members in the same or similar manner. *Blackie v. Barrack,* 524 F.2d 891, 905-08 (9th Cir. 1975). The Ninth Circuit and members of this Court have observed that "UCL claims are 'ideal for class certification because they will not require the court to investigate class members' individual interaction with the product." *Bradach v. Pharmavite, LLC*, 735 F. App'x 251, *254-55 (9th Cir. 2018) (unpublished) (quoting *Tait v. BSH Home Appliances Corp*., 289 F.R.D. 466, 480 (C.D. Cal. Dec. 20, 2012)). Additionally, "central concern[s] of the Rule 23(b)(3) predominance test [are] whether 'adjudication of common issues will help achieve judicial economy,'" further the goal of efficiency, and "diminish the need for individual inquiry." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944, 947 (9th Cir. 2009).

There are only two central issues of law or fact in this litigation, and they are common to all of the proposed Class members:  whether the Products are intended for children under 3, pursuant to 16 C.F.R. § 1501.2; and whether the Products contain small parts pursuant to 16 C.F.R. § 1501.4.

If the answer to those two questions is "yes," then the Products necessarily violate the Small Parts Rule and are banned hazardous substances pursuant to the FHSA. That is, they "pose[] a 'mechanical hazard,' and [are] thus a 'banned hazardous substance' under the FHSA," because they are "intended for use by children under three years old and present[] a choking, aspiration, or ingestion hazard because of small parts." Order at 2 (citing *Schmidt v. Int'l Playthings LLC*, 536 F. Supp. 3d 856, 899 (D.N.M. 2021), and 16 C.F.R. § 1500.18(a)(9)).

-16-

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Once this determination is made, virtually every other issue of law or fact either is resolved, or else is subordinate to that determination. If Defendants violate the Small Parts Rule, they also violate the unlawful and unfair prongs of the UCL. *See, e.g.*, *Farmers Ins.*, 2 Cal. 4th at 383. In other words, if a proposed Class member has purchased one or more of the Products, then he or she has been sold a banned substance, in violation of the UCL (as well as the FHSA) and is entitled to restitution. There are no other material issues of law or fact to determine. And *all* of these issues can be decided using class-wide proof.

### a. Plaintiffs' UCL Claims.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200. Each prong is separately actionable. *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127 (9th Cir. 2009). As already noted, the "unlawful" prong "borrows" violations of other laws and treats them as unlawful practices that the UCL makes independently actionable. *Farmers Ins.*, 2 Cal. 4th at 383. Plaintiffs' claims have two elements:  (1) whether Defendants engaged in an unlawful, and thus unfair, practice (here, violations of 15 U.S.C. § 1263(a)); and (2) the amount of money Defendants "may have acquired . . . by means of" the unlawful practice. *Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 154 (2010).

Since this is not a consumer deception or fraud claim, Plaintiff has no obligation to prove deception, reliance, or materiality in any form, let alone through common proof. *See Bruton v. Gerber Prods. Co*., 2017 U.S. App. LEXIS 12833, at *6 (9th Cir. July 17, 2017) (unpublished); *Clevenger v. Welch Foods Inc.*, 342 F.R.D. 446, 458 (C.D. Cal. 2022).

Moreover, if a practice is "unlawful" it is per se "unfair" for purposes of the UCL. *See, e.g.*, *Echostar Satellite Corp. v. NDS Group PLC*, No. SA CV03-0950 DOC (JTLx), 2008 U.S. Dist. LEXIS 110425, at *14 (C.D. Cal. Oct. 15, 2008) ("The 'unfair' prong of the UCL is broader than the 'unlawful' prong"). Plaintiffs will present generalized evidence demonstrating Defendant engaged in unlawful and

1  unfair conduct, causing injury to Plaintiffs and the other members of the proposed

2  Class, through the sale of banned hazardous substances. Accordingly, the

3  predominance requirement is met as to Plaintiffs' UCL claims.

### b.  Plaintiffs' Unjust Enrichment Claim.

5      Under California law, the elements of unjust enrichment are the receipt of a

6  benefit and the unjust retention of the benefit at the expense of another. *Lyles v.*

7  *Sangadeo-Patel*, 225 Cal. App. 4th 759, 769 (Cal. App. 2014). The gravamen of

8  Plaintiffs' unjust enrichment theory is that Defendants unjustly retained the benefits

9  of their sales of the Products, notwithstanding the fact that the Products are banned

10  hazardous substances under the FHSA. As discussed above, adjudication of this

11  claim, in this Action, is especially suited for class-wide proof, as the principal data

12  point to consider is whether the Products are unlawful under the FHSA. And, when

13  sales of goods or services are unlawful, they are "inherently unreasonable

14  and unjust by reason of their unlawfulness." *Elgin, J. & E. R. Co. v. United States*, 18

15  F. Supp. 19, 24 (N.D. Ind. 1937). Thus, the only subsequent (and subordinate) issue

16  to be determined is the proper measure of restitution. By its very nature, and as set

17  forth in the Ingersoll Declaration, this is readily determinable via common evidence.

18  *See infra* pp.7-8. Courts routinely hold that unjust enrichment claims are proper for

19  class certification under analogous circumstances. *See, e.g., MacDougall v. Am.*

20  *Honda Motor Co., Inc.*, No. SACV 17-1079 JGB (DFMx), 2023 U.S. Dist. LEXIS

21  235433, at *35-36, 2023 WL 9687349, at *12-13; *Cartwright v. Viking Indus., Inc.*,

22  No. 2:07-CV-02159-FCD-EFB, 2009 U.S. Dist. LEXIS 83286, at *41, 2009 WL

23  2982887, at *15 (E.D. Cal. Sep. 14, 2009); *Rojas v. Bosch Solar Energy Corp.*, No.

24  18-cv-05841-BLF, 2022 U.S. Dist. LEXIS 42193, at *43, 2022 WL 717567, at *17

25  (N.D. Cal. Mar. 9, 2022).

### 2.  Relief Can be Determined on a Class-Wide Basis.

#### a.  Restitution Can be Calculated on a Class-Wide Basis.

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

At class certification, the plaintiff must show that "damages are capable of measurement on a classwide basis." *Comcast,* 569 U.S. at 34; *Chavez v. Blue Sky Nat. Beverage Co.*, 268 F.R.D. 365, 379 (N.D. Cal. 2010) ("plaintiff must present 'a likely method for determining class damages,' though it is not necessary to show that his method will work with certainty at this time"). Even where the amount of damages is an individual question, this does not defeat class certification. *Chavez,* 268 F.R.D. at 379; *see also Pulaski v. Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 987-88 (9th Cir. 2015).

Defendants illegally sold Plaintiffs banned hazard substances. Such conduct is capable of redress through restitution, and Plaintiffs seek restitution consistent with their theory of liability—a refund of the full purchase price, or, alternatively, a portion of the purchase price. *Pulaski*, 802 F.3d at 986 ("California has created what amounts to a conclusive presumption that when a defendant puts out tainted bait and a person sees it and bites, the defendant has caused an injury; restitution is the remedy" (citation omitted)).

Restitution can be determined in the aggregate from Defendants' own records, given Epoch manufactures and packages the Products, and all Defendants market and sell the Products directly to consumers. Ingersoll Decl. at 3-5; Wade Decl. ¶ 35, **Ex. 4** at 5 (Response to Interrogatory No. 3) (describing Epoch's role in the marketing, advertising, distribution, and sales of the Products to retailers and directly to consumers via its website); Wade Decl. ¶ 36, **Ex. 5** at 5 (Response to Interrogatory No. 3) (describing Target's role in the sale and distribution of the Products; Wade Decl. ¶ 34, **Ex. 3** at 6-7 (response to Interrogatory No. 3) (describing Amazon's role in the sale and distribution of the Products). Thus, the analysis of Class Members' right to restitution, as well as the quantum of such relief, does not threaten to raise individual issues that would outweigh common questions.

### b. Injunctive Relief Will be the Same for the Entire Class.

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

Plaintiffs will seek an order enjoining Defendants from selling the Products--toys that are banned hazardous substances under the FHSA (*i.e.*, flocked toys that also either are themselves, or are sold along, with small parts). This injunctive relief would benefit not only Plaintiffs but the entire Class and the general public. Accordingly, common issues predominate as to Plaintiffs' request for injunctive relief.

### 3. Class Treatment is Superior to Other Adjudication Methods.

A class action may be a superior device to adjudicate claims where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Relevant factors include: (A) class Members' interests in individually controlling the prosecution of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by class members; (C) the desirability of concentrating the litigation of the claims in the particular forum; (D) the likely difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b)(3).

*First*, Class Members have no incentive to control separate actions because they all have common claims and interests. The work of Plaintiffs and their counsel will benefit the entire Class. Moreover, while Class Members' aggregate damages are large, individual damages are relatively low. The majority of prices per Product range from $5 to well under $50. *See ,e.g.,* Wade Decl., ¶ 33, **Ex. 2** (copies of webpages for the Products, which include the price)). These amounts are simply too insignificant to make the claim worth pursuing for any claimant or attorney, particularly given the enormous expense associated with litigation. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (claims valued at $100 mean "most of the plaintiffs would have no realistic day in court if a class action were not available").

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

*Second*, Plaintiffs are not aware of any other class actions currently pending against Defendants regarding the Products on behalf of any segment of the Class.[2]

*Third*, it is desirable to concentrate litigation on behalf of all Class Members in a single forum, since this will prevent inconsistent adjudications and promote fair and efficient use of the judicial system.

*Fourth*, prosecuting Class Members' claims in a single action creates far fewer management problems (if any) than the alternative: prosecuting thousands of separate lawsuits. A determination that class adjudication is manageable "'makes ample sense given the variety of procedural tools courts can use to manage the administrative burdens of class litigation' such as 'divid[ing] classes into subclasses or certify[ing] a class as to only particular issues')." *Elkies*, 2018 U.S. Dist. LEXIS 241197, at *25, 2018 WL 11223465, at *10 (quoting *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017).

### C. Alternatively, Class Certification Under Rule 23(b)(2) Is Appropriate.

A class may be certified pursuant to Fed. R. Civ. P. 23(b)(2) when plaintiffs "complain of a pattern or practice that is generally applicable to the class as a whole." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998); Fed. R. Civ. P. 23(b)(2). The conduct Plaintiffs challenge in this litigation—the sale of the Products in violation of the FHSA—affects all class members uniformly and has been implemented in a way that violated class members' legal rights identically and consistently.

Further, the relief sought—cessation of the challenged practice—would benefit the class as a whole. Accordingly, as an alternative to certification pursuant to Rule

---

[2] Defendant Epoch stated that "it has provided consumers with a plastic vehicle accessory to replace each recalled bottle and pacifier accessory. That vehicle accessory does not have a retail price. EEP has not provided monetary compensation (including a refund) to any person in connection with the recall." (*See* Epoch's Response to Interrogatory No. 13 (attached as Exhibit 4 to the Wade Decl. at pp. 12-13). Accordingly, the recalled Products are included in the list of Products at issue in this action. Those Products are identified in Exhibit 1 to the Wade Declaration (highlighted red).

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

23(b)(3), the Court should allow the class to seek injunctive and declaratory relief pursuant to Rule 23(b)(2).

## **CONCLUSION**

Based on the forgoing, Plaintiffs respectfully request an order granting this motion and (1) certifying the Class under Fed. R. Civ. P. Rule 23(b)(3), or in the alternative Rule 23(b)(2); (2) appointing Ms. Williene Jackson-Jones and Ms. Karen Santos as the Class Representatives; and, (3) appointing undersigned counsel as Class Counsel under Fed. R. Civ. P. 23(g).

Dated: March 11, 2024

**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**

By: _____
Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.

**WH LAW**
David F. Slade (*pro hac vice*)
dslade@wh.law
1 Riverfront Pl., Ste. 745
North Little Rock, AR 72114
Telephone: (501)404-2052

**DURHAM, PITTARD & SPALDING, LLP**
Justin R. Kaufman (*pro hac vice*)
jkaufman@dpslawgroup.com
Philip Kovnat (*pro hac vice*)
pkovnat@dpslawgroup.com
505 Cerillos Rd., Ste. A209
Santa Fe, NM 87501
Telephone: (505)986-0600

**MARTIN WALKER**
Jack Walker (*pro hac vice*)
jwalker@martinwalker.com
121 N. Spring Ave.
Tyler, TX 75702
Telephone: (903)526-1600

*Attorneys for Plaintiffs and the Proposed Class*

**PLAINTIFF'S REDACTED MOTION FOR CLASS CERTIFICATION**

| **Item Number and Product Description** |
|:---|
| CC1406 Striped Cat Family |
| CC1407 Sandy Cat Twins |
| CC1455 Koala Family |
| CC1460 Kangaroo Family |
| CC1472 Tuxedo Cat Family |
| CC1480 Walnut Squirrel Family |
| CC1481 Hazelnut Chipmunk Twins |
| CC1482 Baby Friends Triplets Plush |
| CC1484 School Friends Set |
| CC1485 School Music Set |
| CC1486 School Lunch Set |
| CC1489 Mango Monkey Family |
| CC1492 Red Panda Family |
| CC1507 Wilder Panda Family |
| CC1509 Bear Family |
| CC1567 Chocolate Rabbit Grandparents |
| CC1571 Ellwoods Elephant Twins |
| CC1642 Hopscotch Rabbit Family |
| CC1643 Chocolate Rabbit Twin |
| CC1693 Silk Cat Family |
| CC1735 Toy Poodle Family |
| CC1737 Toy Poodle Twins |
| CC1791 Baby Tree House |
| CC1792 Baby Castle Playground |
| CC1793 Baby Choo Choo Train |
| CC1794 Maple Cat Family |
| CC1795 Maple Cat Twins |
| CC1799 Baby Ferris Wheel |
| CC1800 Baby Airplane Ride |
| CC1802 Marshmallow Mouse Family |
| CC1803 Woolly Alpaca Family |
| CC1804 Splashy Otter Family |
| CC1806 Marshmallow Mouse Triplets |
| CC1832 Baby Shopping Series |
| CC1840 Nursery Friends Set |

| Item Number and Product Description |
|---|
| CC1843 Sweet Raspberry Home |
| CC1845 Baby Party Series |
| CC1865 Persian Cat Family |
| CC1866 Persian Cat Twins |
| CC1867 Persian Cat Triplets |
| CC1873 Baby Camping Series |
| CC1880 Caramel Dog Family |
| CC1882 Playful Starter Furniture Set |
| CC1884 Lakeside Lodge Gift Set |
| CC1886 Adventure Tree House Gift Set |
| CC1887 Baby Ropeway Park |
| CC1888 Baby Hedgehog Hideout |
| CC1890 Baby Outdoor Series |
| CC1900 Baby Windmill Park |
| CC1902 Baby Balloon Playhouse |
| CC1906 Triplets Care Set |
| CC1907 Baby Costume Series |
| CC1911 Hoppin' Easter Set |
| CC1915 Baby Amusement Park |
| CC1916 Baby Star Carousel |
| CC1917 Spooky Surprise House |
| CC1918 Royal Carriage Set |
| CC1919 Baby Magical Party Series |
| CC1923 Hedgehog Family |
| CC1924 Hedgehog Twns |
| CC1939 Midnight Cat Family |
| CC1940 Pookie Panda Family |
| CC1967 Sheep Family |
| CC1968 Sheep Twins |
| CC1969 Goat Family |
| CC1971 Pony's Stylish Hair Salon |
| CC1972 Pony's Hair Stylist Set |
| CC1973 Princess Dress Up Set |
| CC1974 pony friends set |
| CC1975 Party Time Playset Tuxedo Cat Girl |

Appendix A

| **Item Number and Product Description** |
| --- |
| CC1976 Husky Family |
| CC1977 Highbranch Giraffe Family |
| CC1978 Tandem Cycling Set |
| CC1979 Husky Twins |
| CC1980 BBQ Picnic Set Elephant Girl |
| CC1981 Cycle and Skate Set Panda Girl |
| CC1983 Weekend Travel Set Snow Rabbit Mother |
| CC1984 Baby Treats Series |
| CC2018 Yellow Labrador Family |
| CC2019 Yellow Labrador Twins |
| CC2024 Baby Fun Hair Series |
| CC2026 Popcorn Delivery Trike |
| CC2027 Trick or Treat Parade |
| CC2028 Chocolate Rabbit Family |
| CC2029 Red Roof Cozy Cottage |
| CC2053 Baby's Toy Box Snow Rabbit & Panda Babies |
| CC2058 Reindeer Family |
| CC2060 Reindeer Twins |
| CC2061 Easter Celebration Set |
| CC2062 Penguin Family |
| CC2063 Penguin Babies Ride N Play |
| CC2067 Adventure Treehouse Gift |
| CC2069 Fennec Fox Family |
| CC2070 Fennec Fox Twins |
| CC2071 Sunny Picnic Set Fennec Fox Sister & Baby |
| CC2072 Baby Fairy Tale Series |
| CC2073 Baby Mermaid Castle |
| CC2074 Floating Cloud Rainbow Train |
| CC2075 Milk Rabbit Family |
| CC2076 Triplets Baby Bath Time |
| CC2077 Royal Princess Set |
| CC2078 Pony's Vanity Dresser Set |
| CC2080 Village Doctor Starter Set |
| CC2081 Happy Christmas Friends |
| CC2082 Baby Seashore Friends Set |

Appendix A

| Item Number and Product Description |
| --- |
| CC2083 Red Roof Country Home Gift Set-Secret Attic Playroom |
| CC2099 Chocolate Rabbit Twin |
| CC2105 Hedgehog Twins |
| CC2131 Yellow Labrador Twins |
| CC2144 Toy Poodle Twins |
| CC2149 Sophie's Love N Care |
| CC2488 Connor and Kerri's New Carriage Ride |
| CC2537 Sophie's Love N Care |
| CC2625 Patty N Paden Double Stroller |
| CC2771 Apple and Jake Ride N Play |
| CC3011 Grand Department Store Gift Set |
| CC3013 Designer Studio |
| CC3022 Dress Up Duo Set |
| CC3023 Violin Concert Set |
| CC3025 Grand Piano Concert Set |
| CC3026 Town Girl Stella Hopscotch |
| CC3027 Town Girl Lulu Silk Cat |
| CC3028 Town Girl Laura Toy Poodle |
| CC3036 Cute Couple Set |
| CC3038 Town Girl Series Marshmallow Mouse |
| CC3042 Elegant Town Manor Gift Set |
| CC3048 Fashion Boutique |
| CC3049 Fashion Play Set Persian Cat |
| CC3050 Fashion Play Set Tuxedo Cat |
| CC3051 Fashion Play Set Sugar Sweet Collection |
| CC3052 Fashion Play Set Shoe Collection |
| CC3053 Fashion Play Set Jewels Gems Collection |
| CC4001 Nursery Chocolate Rabbit Baby Key Chain |
| CC4002 Baby Trio Mascot |
| CC4003 Baby Trio Fruits |
| CC4004 Baby Bride and Groom |
| CC4006 Snuggly Sloth Family |
| CC4007 Mole Family |
| CC4008 Raincoat Babies |
| CC4013 Baby Duo Flowery Garden Friends |

| Item Number and Product Description |
|---|
| CC4015 Colorful Baby Unicorn |
| CC4016 Shiba Dog Family |
| CC4021 Handsome Brothers Set |
| CC4022 Winter Carolers |
| CC4023 French Bulldog Family |
| CC4024 Ice Castle Amusement Park |
| CC4500 Calico Husky Family Pack |
| CF1564 Seaside Cruiser |
| CF1825 Hillcrest Home Gift Set |
| CF1842 Red Roof Tower Home |
| CF1872 Red Roof Grand Mansion Gift Set |
| CF1905 Sky Blue Terrace Gift Set |
| CF1920 Mr. Lion's Winter Sleigh |
| CF1930 Trick or Treat Trio |
| CF1945 Log Cabin Gift Set |
| CF3024 Cello Concert Set |
| 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 Calico Critters Persian Cat Fashion Playset |
| 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 Calico Critters Wilder Panda Twins |
| 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 Calico Critters Hopscotch Grandparents |
| 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 Calico Critters Fluffy Hamster Twins |
| 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 Calico Critters Ellwoods Elephant Family |
| 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 Calico Critters Sweetpea Rabbit Family Playset |
| 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 Gingerbread Playhouse |
| 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 Halloween Playhouse |
| 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 Flower Gifts Playset |
| B00004U322 Calico Critters Beagle Dog Twins |
| B000096M5G Calico Tanner & Tallulah's Nursery Fun Time Sleep N |
| B000096M5L Calico Critters: Dalmatian Dog Twins |
| B00009VE0D Calico Critters Carry and Play House |
| B000227NAG Calico Critters Camryn's Country Boutique |
| B000227NAQ Calico Critters Fisher Cat Family |
| B0007ORYA8 Calico Critters Pigglywink Pig Family |
| B0007ORYBC Calico Critters Deluxe Baby's Nursery Set |
| B0007ORYC6 Calico Critters Margaret and Halley's Dress Shop |
| B000F4I30U Calico Critters in Mini Carrying Case |

Appendix A

| **Item Number and Product Description** |
| --- |
| B001P8H3II Calico Critters Britney Bunny Ballet Recital |
| B001P8TMMI Calico Critters Furbanks Squirrel Twins |
| B002QB7WPW Calico Critters Caramel Cat Twins |
| B002QBDISW Calico Critters Sugar Bear Twins |
| B0045WTDAC Calico Critters Seaside Camping Set |
| B005OZZEI4 Calico Critters Buckley Deer Family |
| B005P04FVK Calico Critters Tuxedo Cat Triplets |
| B009AWBLDO Calico Critters Melissa and Melody Bath Time Set |
| B009AWEAZU Calico Critters Chocolate Labrador Triplets |
| B009AWRJL2 Calico Critters Chihuahua Twins Set |
| B009XJTQ7M Calico Critters Luxury Townhome Gift Set |
| B087DWS19D Calico Critters Border Collie Family Set |
| B00AMEILGE Calico Critters Border Collie Twins Set |
| B00E4LJC6O Calico Critters Outdoor Sports Fun |
| B00ENQ1Z4M Calico Critters Winter Sports Fun Playset |
| B00HEYGR4S Calico Critters Woodbrook Beaver Family Playset |
| B00KE2C8DQ Calico Critters Lakeside Lodge Gift Set |
| B00NY64BYSCalico Critters Country Nurse Set Playset |
| B00NY6F4MQ Calico Critters Cuddle Bear Family |
| CC1454 Calico Critters Chocolate Labrador Family Doll Set |
| B00NY6OU76 Calico Critters Country Dentist Set Playset |
| B00NY6TPXA Calico Critters Cuddle Bear Twins Doll |
| B00NY6YGPM Calico Critters Country Doctor Playset |
| B0102AC69K Calico Critters Fluffy Hamster Family |
| B01AO2LCXW Calico Critters Seaside Ice Cream Shop |
| B01AYEY354 Calico Critters Seaside Treasure Set |
| B01KIGDW64 Calico Critters Ice Skating Friends |
| B01KIGHOLI Calico Critters Ballerina Friends |
| B01L7F9MJG Calico Critters Ballet Theater |
| B01L7FC9B4 Calico Critters Doughnut Store |
| B01L7FEEEE Calico Critters Dressing Area Set |
| B01L8VY320 Calico Critters Pizza Delivery Set |
| B01L8VY32U Calico Critters Brick Oven Bakery |
| B071HWHGZ9 Calico Critters Cake Decorating Set |
| B071VTPH1V Calico Critters Village Cake Shop |

Appendix A

| **Item Number and Product Description** |
| --- |
| B07Q4R9R7Q Calico Critters Town Girl Series - Miranda Maple Cat |
| B087DSKJ8M Calico Critters Baby Celebration Marching Band Set |
| B087DXGL5P Calico Critters Marguerite Rabbit Family Dolls |
| B087F168HC Calico Critters Sea Breeze Rabbit Family Dolls |
| B087F5XRZV Calico Critters Deluxe Celebration Home Premium Set (Amazon Exclusive) |
| B08TTQ7546 Calico Critters Darling Ducklings Baby Carriage |
| B08V4KW6GF Calico Critters Fairytale Friends |
| B08V4P55J3 Calico Critters Veggie Babies |
| B08V4YWX9D Calico Critters Costume Cuties - Bunny & Puppy |
| B08V51L8B3 Calico Critters Costume Cuties - Kitty & Cub |
| B08V56XD35 Calico Critters Costume Cuties - Bunny & Birdie |
| B08V57HL71 Calico Critters Ice Cream Cuties |
| B08VM2877X Calico Critters Baby Ninja Trio |
| B08VM5M156 Calico Critters Meerkat Family |
| B08VM9Q1TP Calico Critters Friesian Cow Family |
| B09S1FC8HF Calico Critters Country Tree School Gift Set |
| B09S1FCNSF Calico Critters Large House with Carport Gift Set |