| | |
|---|---|
| 1 | **MILSTEIN JACKSON** |
| 2 | **FAIRCHILD & WADE, LLP** |
|   | Gillian L. Wade, State Bar No. 229124 |
| 3 | gwade@mjfwlaw.com |
|   | Sara D. Avila, State Bar No. 263213 |
| 4 | savila@mjfwlaw.com |
| 5 | Marc A. Castaneda, State Bar No. 299001 |
|   | mcastaneda@mjfwlaw.com |
| 6 | 2450 Colorado Ave., Ste. 100E |
| 7 | Santa Monica, California 90404 |
|   | Tel: (310) 396-9600 |
| 8 | Fax: (310) 396-9635 |
| 9 | |
| 10 | [Additional counsel on signature page.] |
| 11 | *Attorneys for Plaintiffs and the Proposed Class* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all situated,<br><br>Plaintiffs<br><br>vs.<br><br>EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendants. | Case No. 2:23-cv-02567-ODW-SK<br><br>**DECLARATION OF GILLIAN L. WADE, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: June 10, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Otis D. Wright II<br>Crtrm.: 5D |

-i-

**DECLARATION OF GILLIAN L. WADE, ESQ.**

I, Gillian L. Wade, am an attorney duly licensed to practice law before all Courts of this State. I am a partner at the law firm Milstein, Jackson, Fairchild & Wade, LLP ("MJFW"), counsel of record for Plaintiffs Williene Jackson-Jones and Karen Santos ("Plaintiffs"). I respectfully submit this Declaration in support of Plaintiffs' Motion for Class Certification in this action. I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to said information if called upon to do so.

## Counsel's Experience and Knowledge of Applicable Law

1. As set forth in more detail below, proposed Class Counsel is well-qualified to represent the proposed Class, as we have experience in litigating class actions, other complex litigation, and the types of claims asserted in this action and the applicable law.

2. Some of the matters in which MJFW has been appointed as lead or co-lead class counsel include: *Lita Abella et al. v. Canyon City Foundation*, Los Angeles Superior Court, Case No. 20STCV34345 (2024); *Gilmore, et al. v. Monsanto Company*, No. 3:21-cv-08159 (N.D. Cal. 2022); *Imani Whitfield et al. v. Yes To, Inc.*, C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019); *Perez v. Public Storage,* LASC No. BC611584 (2018); *In re Wells Fargo Bank Wage and Hour Cases,* LASC No. JCCP4702 (2018); *Barba et al. v. Shire U.S. Inc.,* S.D. Fla. No. 1:13-cv-21158-JAL (S.D. Fla. 2016); *Eggnatz v. The Kashi Company*, S.D. Fla. No. 1:12-CV-21678-JA (S.D. Fla. 2015); *Paul v. Wine.com,* SFSC Case No. CGC13534734 (2015); *Toney v. Just Fabulous*, LASC BC533943 (2015); *Arreguin v. Telebrands Corp., San Bernardino County*, Case No. CIVRS1307798 (2015); *McCrary v. The Elations Company, LLC*, No. ED CV 13-00242 JGB (OPx) (C.D. Cal. 2014); *Smith v. Intuit, Inc.*, No. 5:12-cv-00222 EJD (N.D. Cal. 2013); *Solomon v. Ramona's Mexican Food*

1  *Products, Inc.* (LASC No. BC 463914 (2013); *Saenz v. SEIU United Healthcare*
2  *Workers West*, Alameda Superior Court Case No. RG09478973 (2013); *Griar, et al.,*
3  *v. Glaxosmithkline, Inc. et al.,* LASC No. BC288536, (2012); *In re Budeprion XL*
4  *Marketing and Sales Practices Litigation*, MDL No. 2107 (2012); *Keller v. Gaspari*
5  *Nutrition, Inc.*, 2:11-cv-06158-GAF (C.D. Cal. 2011); *Weeks et al v. Kellogg, et al.*,
6  CV-09-08102-MMM (C.D. Cal., 2011); *Williams, et al. v. Biotab Nutraceuticals,*
7  *Inc.*, LASC No. BC414808 (2010); *Wally v. CCA Industries, Inc.*, SFSC Case No.
8  BC422833, (2010); *Fallon v. E.T. Browne Drug Co., Inc.*, LASC No. BC 411117
9  (2009); *Oliver, et al. v. Atmos Corporation, San Joaquin Super. Ct.*, Case No.
10 CV0119362 (2009); *Salcido v. Iomedix*, LASC Case No. BC 387942 (2009); *Deist,*
11 *et. al. v. Viking Industries*, San Joaquin Super Ct., Case No. CV 025771 (2009);
12 *Ceballos v. Fuze Beverage, LLC*, LASC Case No. BC 394521 (2009); *Heath, et al. v.*
13 *County of San Bernardino*, ED CV 06-411-VAP (C.D. Cal. 2008); *Klyachman, et al.*
14 *v. The Vitamin Shoppe, et al.*, New Jersey Super. Ct. Case No. L-1739-07 2008);
15 *Shaffer v. Continental Casualty Company, et al.*, 2:06-cv-02235-PSG (C.D. Cal.
16 (2008) (class certification aff'd. at D.C. No. 2:06-cv-02235-PSG-PJW); *Klotzer, et al.*
17 *v. International Windows*, Solano County Super. Ct. Case No. FCS 021196 (2007);
18 *LaRosa v. Nutramerica Corp.*, LASC Case No. BC 309427 (2007); *Abigana, et al. v.*
19 *Rylock Company Ltd.*, Alameda County Case No. 2002 076625, (2006); *Hufschmidt*
20 *v. Allstate Insurance Company,* LASC No. BC291782 (2004).

21        3.     I graduated from the University of California, San Diego in 1999 and earned
22 my law degree from Pepperdine University School of Law, *magna cum laude,* in 2003.
23 My practice focuses on representing plaintiffs in complex litigation and consumer class
24 actions, with particular emphasis on class actions involving unfair business practices and
25 consumer fraud. I have had significant involvement in over 75 consumer class action
26 cases during my time at MJFW, and I have been appointed lead class counsel or co-lead
27 class counsel in several state and federal class actions throughout the United States,
28 including: *Lita Abella et al. v. Canyon City Foundation*, Los Angeles Superior Court,

Case No. 20STCV34345 (2024); *Gilmore, et al. v. Monsanto Company*, No. 3:21-cv-08159 (N.D. Cal. 2022); *Imani Whitfield et al. v. Yes To, Inc.*, C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019); *Perez v. Public Storage*, LASC No. BC611584 (2018); *In re Wells Fargo Bank Wage and Hour Cases*, LASC No. JCCP4702 (2018), *Barba et al. v. Shire U.S. Inc.*, No. 1:13-cv-21158-JAL (S.D. Fla.); *Eggnatz v. The Kashi Company*, No. 1:12-CV-21678-JAL, (S.D. Fla.); *Toney v. Just Fabulous*, (LASC BC533943); *Paul v. Wine.com*, (SFSC CGC13534734); *Arreguin v. Telebrands Corp.* (San Bernardino County Case No. CIVRS1307798); *McCrary v. The Elations Co., LLC*, EDCV 13-00242 JGB (OPx) (C.D. Cal.); *Saenz v. SEIU United Healthcare Workers-West* (Alameda Superior Court, No. RG09478973); *Smith, et al. v. Intuit, Inc.,* 5:12-cv-00222-EJD (N.D. Cal.); *In re Budeprion XL and Marketing and Sales Practices Litigation* (MDL No. 2107) (E.D. Pa.); *Keller v. Gaspari Nutrition, Inc.* No. 2:11-cv-06158-GAF (C.D. Cal.); *Shaffer v. Continental Casualty Company*, 2:06-cv-2235-PSG (C.D. Cal.); *Weeks, et al. v. Kellogg, et al.*, CV-09-08102 (MMM)(C.D. Cal.); *Thompson, et al., v. Biotab Nutraceuticals*, Inc. (LASC No. BC414808); *Pabst v. Genesco, Inc.,* 3:11-cv-01592-SI (N.D. Cal.); *Heath, et al. v. County of San Bernardino,* 5:06-CV-00411-VAP (C.D. Cal.); *Solomon v. Ramona's Food Products,* LASC No. BC 451080; *Wike v. HCG Platinum, LLC,* LASC. No. BC451080; *Litwin v. iRenew, et al.,* LASC. No. BC447114; and *Fallon v. ET Browne Drug Corp.*, LASC No. 411117. I have also been appointed to the Plaintiffs' Executive Committees in several federal class actions centralized by the MDL Panel, including: *In re Nutramax Cosamin Marketing and Sales Practices Litigation* (MDL No. 2489)(D. Md.); *In re Pom Wonderful Marketing and Sales Practices Litigation* (MDL No. 2199)(C.D. Cal.); *In re Budeprion XL Marketing and Sales Practices Litigation* (MDL No. 2107) (E.D. Pa.); *In re Liberty Refund Anticipation Loan Litig*. (MDL No.

**DECLARATION OF GILLIAN L. WADE, ESQ.**

1  2334) (N.D. Ill.) and *In re H&R Block Refund Anticipation Litig.* (MDL No. 2373)
2  (N.D. Ill.).
3      4.    I am a frequent lecturer on class action practice, including serving as the
4  plaintiff-side panelist along with Judges and neutrals in a nationwide JAMS Webinar
5  entitled "Cutting Edge Issues In Mediating and Arbitrating Consumer Class/Mass
6  Action Claims" in 2021. I have written articles regarding class action litigation and
7  was the Plaintiffs' co-chair of the 2019 , 2020 and 2022 Bridgeport Consumer Class
8  Action Litigation and Management conferences in Southern California.
9      5.    In February 2023, I was invited to participate in the Consumer Pacakaged
10 Goods Legal Forum as a Plaintiff-side panelist discussing class action litigation issues
11 affecting the CPG industry to a group of defense attorneys and their clients.  I was
12 also the Plaintiff-side presenter in Bridegport's 2023 program entitled "Article III
13 Standing in Class Action Litigation: A Concise Legal Webinar."
14     6.    I have also participated as a panelist at numerous conferences regarding
15 consumer class action litigation, including, "Does Compliance Matter? Class Actions
16 Over Regulated Labels" at the 2014 American Bar Association Section of Antitrust
17 Law Spring Meeting in Washington, D.C., the 2015, 2016, 2017 2018, 2019, 2020
18 and 2022  Bridgeport Consumer Class Action Litigation & Management Conferences
19 in Los Angeles, Orange County and virtually, the 2019 and 2020 Mass Torts Made
20 Perfect (Class Action Track) conference, and the 2017 and 2020 CLE International
21 Food Law Conference, where I presented plaintiff perspectives on class action
22 procedural issues affecting food litigation.
23     7.    In 2019, I accepted an invitation to join the Outside Advisory Board of
24 the UCLA Resnick Center for Food & Law Policy and have been an executive
25 member of the Cambridge Class Action Forum since 2023, and am a founding
26 member of the Cambridge Food Fraud Forum. I have guest lectured at UCLA Law
27 School and Pepperdine Caruso School of Law about class action litigation and was
28 selected to be on the 2018-2019 executive committee for The Class Action Trial

Lawyers Association – Top 25. In 2020, I participated as a plaintiff-side moderator in the Complex Courts Virtual Symposium, among a panel of California complex court judges on the topic "The Lifecycle, Pitfalls and Best Practices of Class Actions."

8. Marc Castaneda is an associate at MJFW and part of the firm's consumer class action practice group, and admitted to practice in this Court. He has been admitted to practice law in California since 2014. Marc graduated from Columbia University with a Bachelor of Arts in 2009 and received his Juris Doctorate from Fordham University School of Law in 2014. He has worked on over 25 class actions during his time at MJFW and co-chaired a consumer fraud class action trial in 2019 and an employment discrimination action the same year. He was also appointed Class Counsel in *Lita Abella et al. v. Canyon City Foundation*, Los Angeles Superior Court, Case No. 20STCV34345 (2024); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019) and *Gilmore, et al. v. Monsanto Company*, No. 3:21-cv-08159 (N.D. Cal. 2022).

9. Sara Avila is a senior associate at MJFW and part of the firm's consumer class action practice group, and is admitted to practice law in this Court. Ms. Avila graduated from the University of California, Los Angeles with a Bachelor of Arts and received her Juris Doctorate from Pepperdine Caruso School of Law. She has been admitted to practice law in California since 2009. She has had significant involvement in over 50 consumer class actions. Her career has been focused on representing plaintiffs in actions stemming from consumer deception, and she has been appointed class counsel in the following cases: *Gilmore, et al. v. Monsanto Company*, No. 3:21-cv-08159 (N.D. Cal. 2022); *Imani Whitfield et al. v. Yes To, Inc.*, C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation*, MDL 2709 (2019); *Perez v. Public Storage*, LASC No. BC611584 (2018); *Barba et al. v. Shire U.S. Inc.*, No. 1:13-cv-21158-JAL (S.D.

**DECLARATION OF GILLIAN L. WADE, ESQ.**

Fla.); *Eggnatz v. The Kashi Company*, No. 1:12-CV-21678-JAL, (S.D. Fla.); *Toney v. Just Fabulous*, (LASC BC533943); *Paul v. Wine.com*, (SFSC CGC13534734); *Arreguin v. Telebrands* Corp. (San Bernardino County Case No. CIVRS1307798); *McCrary v. The Elations Co., LLC*, EDCV 13-00242 JGB (OPx) (C.D. Cal.); *Saenz v. SEIU United Healthcare Workers-West* (Alameda Superior Court, No. RG09478973). Ms. Avila participated as a presenting panelist at the 2019 and 2020 Bridgeport Consumer Class Action Litigation & Management Conferences in Orange County, California.

10. David Slade of the law firm WH Law received his Bachelor of Arts from Yale University and graduated with high honors from The University of Arkansas at Little Rock. Mr. Slade is licensed to practice in Arkansas, and has been admitted *pro hac vice* to practice law in this court in this action. Mr. Slade has been appointed class counsel in the following, representative cases: *Michael McDonald et al., v. Kiloo Aps et al.*, No. 17-cv-04344-JD (N.D. Cal.); *Amanda Rushing et al., v. The Walt Disney Company et al.*, No. 17-cv-04419-JD (N.D. Cal.); *Amanda Rushing, v. Viacom Inc. et al.*, case no. 17-cv-04492-JD (N.D. Cal.); *Campbell v. Facebook*, No. 13-cv-05996 (N.D. Cal.); *Matera v. Google Inc.*, No. 5:15-cv-04062 (N.D. Cal.).

11. Additionally, Mr. Slade has served or currently serves as outside counsel for the State of New Mexico (*see, State of New Mexico ex rel. Hector Balderas, Attorney General v. Rovio Entertainment Corporation*, No. 1:21-cv-00824 (D.N.M.); *State of New Mexico ex rel. Hector Balderas, Attorney General v. Tiny Lab Productions, et al.*, No. 18-cv-00854 (D.N.M.); and *State of New Mexico ex rel. Hector Balderas, Attorney General v. Tiny Lab Productions, et al.*, No. 20-cv-00143-NDF (D.N.M.)); the State of Mississippi (*see State of Mississippi v. Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc. and Meta Platforms Technologies,* LLC; Case No. 2023-cv-1205 (Chancery Court of Hinds County, First District, Mississippi)); and the State of Nevada (*see, State of Nevada v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, No. A-24-886110-B (District Court, Clark County, Nevada) (against Meta's

Messenger platform); *State of Nevada v. Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram, LLC*, No. A-24-886120-B (District Court, Clark County, Nevada) (against Meta's Instagram platform); *State of Nevada v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, No. A-24-886115-B (District Court, Clark County, Nevada) (against Meta's Facebook platform); *State of Nevada v. Snap, Inc.*, No. A-24-886113-B (District Court, Clark County, Nevada); *State of Nevada v. TikTok, Inc., et al.*, No. A-24-886127-B (District Court, Clark County, Nevada).

12. At WH Law, Mr. Slade's principal focus is on consumer protection, with an emphasis on data privacy, data security, antitrust, and antitrust-adjacent areas in the tech space. Extending his advocacy beyond litigation, he also organized a cyber safety training summit for Arkansas law enforcement and victim assistance professionals, in conjunction with the National Organization of Victim Assistance (NOVA) and also has established multiple coordinated practice groups focused on diluting the preemptive effect of Section 230 of the Communications Decency Act.

13. Mr. Slade has presented at CLEs and other professional gatherings related to, *inter alia*, data breach litigation, the professional obligations of local counsel, and changes in the law surrounding Section 230.

14. In addition to his work in the class action context, Mr. Slade is a member of the Volunteers Organization, Center for Arkansas Legal Services (VOCALS), an organization committed to pro bono advocacy, and serves on the board of the Center for Arkansas Legal Services (CALS).

15. Jack Walker is a partner at the law firm Martin Walker and is licensed to practice in Texas, and has been admitted *pro hac vice* to practice law in this court in this action. Mr. Walker is a trial lawyer who has dedicated his career to helping those who have been injured because of the negligence of other individuals, professionals or corporations. He has been Board Certified by the Texas Board of Legal Specialization in personal injury trial law since 1999 and has tried numerous jury trials to verdict. Mr. Walker focuses his trial practice on catastrophic injury cases. Mr. Walker has received

numerous awards, including Recipient of the Texas Trial Lawyers Association (TTLA) Reich Chandler Outstanding Advocate Award, 2014; inducted into the Texas Verdicts Hall of Fame in 2020 by Texas Lawyer; Best Lawyers in America, Plaintiffs Personal Injury Litigation, 2020-2024; Texas Super Lawyers by Thomson Reuters, 2019-2023; 500 Leading Plaintiff Consumer Lawyers by Lawdragon, 2020-2023; and, Texas Top Verdicts in 2018 – Largest Medical Malpractice Verdict statewide, as published by Texas Lawyer.

16. Justin Kaufman is a partner with Durham, Pittard & Spalding, LLP ("DP&S"), and is licensed to practice in New Mexico, Texas, and New York, and admitted *pro hac vice* to practice in this court in this action. He received his B.A. from Cornell University's College of Arts and Sciences, and his J.D., *cum laude*, from Temple University School of Law, where he served as editor of the Temple Law Review. Mr. Kaufman also holds an M.B.A. from Temple University's Fox School of Business. Mr. Kaufman specializes in appellate and trial court briefing and oral argument in complex litigation including wrongful death, catastrophic injury, toxic tort, product defect, and consumer fraud. Mr. Kaufman has also represented clients and state attorneys general in multi-district litigation throughout the United States.

17. Philip M. Kovnat, of counsel at DP&S, is licensed to practice in New York and New Mexico, as well as the United States Supreme Court, and the United States Courts of Appeals for the Third, Fourth, Fifth, Seventh, Ninth, Tenth, and D.C. Circuits. He was also admitted *pro hac vice* in this action. Mr. Kovnat did his undergraduate work at New York University, and he earned his Juris Doctor from American University-Washington College of Law. Mr. Kovnat was an appellate and trial attorney with the U.S. Equal Employment Opportunity Commission (EEOC) in Washington, D.C. and Philadelphia for more than a decade. As an EEOC attorney, Phil handled all phases of litigation on behalf of the U.S. Government, including multiple class and collective actions under the federal civil rights statutes. Mr. Kovnat has served as a first-chair trial attorney, and he has briefed and argued cases in the

Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits. Mr. Kovnat has also worked with the Office of the Solicitor General and other offices within the U.S. Department of Justice on certiorari-level and merits-stage proceedings in the U.S. Supreme Court.

18.  In *Cause No. CIV 19-0933 JB/SCY, D. Maria Schmidt, as personal representative for the estate of Dakotah Dedios, Deceased, and Richaline Dedios v. International Playthings LLC; Epoch Coompany, Ltd; Epoch Everlasting Play, LLC; Walmart, Inc. and Marie Short, in the United States District Court for the District of New Mexico*, Mr. Walker and Mr. Kaufman successfully resolved a suit involving the Calico Critters flocked toy. In that matter, Mr. Walker and Mr. Kaufman argued and successfully obtained a judicial ruling that the Calico Critters flocked toy is a per se violation of the small parts regulation of the FHSA because it is intended definitively for use by children under three years of age. Dkt. No. 172 p.78-79.

19.  For purposes of this Declaration and the concurrently-filed motion, the term "proposed Class Counsel" collectively refers to Plaintiffs' counsel of record in this action, introduced in paragraphs 1 through 18 above.

20.  As detailed above, proposed Class Counsel has significant experience prosecuting large consumer class actions, complex litigation, and the types of claims asserted in the instant matter.

21.  Proposed Class Counsel has been litigating this case since filing on June 7, 2022. They have engaged in motion practice, propounded and responded to written discovery, and participated in meet and confer sessions with the defendants over discovery disputes and case management.

22.  Proposed Class Counsel is knowledgeable about the dedication necessary to successfully pursue and resolve this case on behalf of the Class.

23.  Proposed Class Counsel is willing and able to continue prosecuting this action vigorously and to dedicating the resources and expertise necessary to represent a class and successfully manage a class action to its conclusion.

24. Plaintiffs have spent significant time on this action to date, having initated this action, responded to written discovery, and are both scheduled for depositions later this month. Plaintiff's have been very engaged and have followed the progress of the suit closely, and are clearly committed to seeing it to its completion.

## No Conflicts

25. Proposed Class Counsel are unaware of any conflicts of interest with Plaintiffs nor with any members of the proposed Class.

## Exhibits

26. Appendix A to Plaintiffs' Motion for Class Certification lists the products that are the subject of this lawsuit. These products are Calico Critters Flocked Toys that were sold with a small part, as determined by 16 C.F.R. 1501.4 (the "Products").

27. To create Appendix A, my paralegal, David Marin, first compiled a list of all Calico Critters Flocked Toys sold in California during the class period using the products identified by each defendant in the following documents produced in discovery:

| Responding Defendant | Bates label | Defendant's Description of Document |
|---|---|---|
| Amazon | AMZ_00000002 | Sales data, which identifies, on a sale-by-sale basis, the units sold (by ASIN) to customers with California billing addresses from January 30, 2019, through the present. |
| Epoch Everlasting Play ("EEP") | Exhibit A to Defendant Epoch Everlasting play, LLC'S First Supplemental Responses to Plaintiffs' Interrogatories Nos. 5 and 7 | Sales data for all Calico Critters products containing a flocked figure that were (a) sold and shipped by it to consumers located in California, or (b) sold by dropship retailers and shipped (including Target) by Epoch to consumers located in California, between January 30, 2019 and December 31, 2023. |

-10-
**DECLARATION OF GILLIAN L. WADE, ESQ.**

| Target | Exhibit A to Defendant Target Corporation's First Supplemental Responses to Plaintiffs' Interrogatories | Sales data for Calico Critters products containing a flocked figure that were (a) purchased from Target.com and shipped to addresses located in California, or (b) purchased from Target stores located in California, between January 30, 2019 and December 31, 2023. |
|---|---|---|

28. Attached hereto as **Exhibit 1** is a chart containing each Product with a corresponding URL for a website demonstrating Epoch has represented that the particular Product "contains small parts."

29. To create Exhibit 1, Mr. Marin visited Epoch's official Calico Critters website. Using the Item Number and product descriptions provided by Defendants Amazon, Epoch, and Target, Mr. Marin located webpages for 215 of the Products on the Calico Critters website. Mr. Marin confirmed the websites state: "Choking Hazard-Small Parts. Not for children under 3." Those Products are identified in Exhibit 1.

30. There were 111 Products identified by Defendants that are not on the Calico Critters website. Mr. Marin was able to find the packaging for those Products on different websites, other than https://store.calicocritters.com/, and confirmed those websites state: "Choking Hazard-Small Parts. Not for children under 3" for the subject products. Those Products are identified in Exhibit 1 (highlighted green).

31. No URL or product images have been provided herein for 12 of the Products, which were the subject of a product recall on March 9, 2023. See https://www.cpsc.gov/Recalls/2023/Epoch-Everlasting-Play-Recalls-All-Calico-Critters-Animal-Figures-and-Sets-Sold-with-Bottle-and-Pacifier-Accessories-More-than-3-2-Million-Due-to-Choking-Hazard-Two-Deaths-Reported (last viewed March 11, 2024) (U.S. Consumer Product Safety Commission's recall notification). Epoch stated "it has provided consumers with a plastic vehicle accessory to replace each

-11-
**DECLARATION OF GILLIAN L. WADE, ESQ.**

recalled bottle and pacifier accessory. That vehicle accessory does not have a retail price. EEP has not provided monetary compensation (including a refund) to any person in connection with the recall." (*See* Epoch's response to Interrogatory No. 13 (attached hereto as Exhibit 3 at page 12).) Accordingly, the recalled Products are included in the list of Products at issue in this action. Those Products are identified in Exhibit 1 (highlighted red).

32. Of all the Calico Critters flocked toys identified by all Defendants as having been sold in California during the class period, only four are not included in the list of Products. They have been omitted because there is no indication that Epoch represented they contain small parts.

33. Attached hereto as **Exhibit 2** is a composite exhibit containing true and correct copies of the first page of each URL listed in Exhibit 1. In the images, the language "Choking Hazard-Small Parts. Not for children under 3 years" has been highlighted yellow by my office for ease of reference.

34. Attached hereto as **Exhibit 3** is a true and correct copy of Defendant Amazon.com Services LLC's Objections and Responses to Plaintiffs' First Set of Interrogatories dated January 19, 2024.

35. Attached hereto as **Exhibit 4** is a true and correct copy of Defendant Epoch Everlasting Play, LLC's Objections and Responses to Plaintiffs' Interrogatories dated January 19, 2024.

36. Attached hereto as **Exhibit 5** is a true and correct copy of Defendant Target Corporation's Responses to Plaintiffs' Interrogatories, Set One, dated January 19, 2024.

37. Attached hereto as **Exhibit 6** is a true and correct copy of Defendant Epoch Everlasting Play, LLC's First Supplemental Responses to Plaintiffs' Interrogatories Nos. 5 and 7, dated February 16, 2024, without the exhibit. In an effort to streamline this filing and minimize the use of paper, the exhibit thereto is not attached, as it is a large file and has been deemed by Epoch to contain confidential

**DECLARATION OF GILLIAN L. WADE, ESQ.**

information pursuant to the Protective Order in this action. However, I have reviewed the sales information contained therein.

38. Attached hereto as **Exhibit 7** is a true and correct copy of Defendant Target Corporation's First Supplemental Responses To Plaintiffs' Interrogatories Nos. 5 and 7, dated February 16, 2024, without the exhibit. In an effort to streamline this filing and minimize the use of paper, the exhibit thereto is not attached, as it is a large file and has been deemed by Target to contain confidential information pursuant to the Protective Order in this action. However, I have reviewed the sales information contained therein.

39. I have also reviewed the document Amazon produced containing sales data (AMZ_00000002). In an effort to streamline this filing and minimize the use of paper, the exhibit thereto is not attached, as it is a large file and has been deemed by Amazon to contain confidential information pursuant to the Protective Order in this action.

40. Attached hereto as **Exhibit 8** is a true and correct copy of Defendant Epoch Everlasting Play, LLC's Objections and Responses to Plaintiffs' Request for Production of Documents dated January 19, 2024.

41. Attached hereto as **Exhibit 9** is a true and correct copy of Defendant Target Corporation Response to Plaintiffs' Request for Production of Documents, Set One dated January 19, 2024.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this 11 day of March, 2024 in Los Angeles, California.

_____
Gillian L. Wade, Declarant

-13-
**DECLARATION OF GILLIAN L. WADE, ESQ.**