FILED

AUG 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIENE JACKSON-JONES,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>EPOCH EVERLASTING PLAY, LLC; AMAZON.COM SERVICES, LLC,<br><br>Defendants - Appellants. | No. 24-7157<br><br>D.C. No. 2:23-cv-02567-ODW-SK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted August 12, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Plaintiff Williene Jackson-Jones brings a putative class action against Defendants Amazon.com Services LLC (“Amazon”) and Epoch Everlasting Play, LLC (“EEP”), after purchasing “Calico Critters,” a series of “flocked” toys created by EEP and sold by Amazon. Plaintiff argues that Calico Critters are unlawfully sold as they contain small parts that pose choking hazards. She brought claims

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under California's Unfair Competition Law, Cal. Bus. & Profs. Code §§ 17200 *et seq*. The district court certified a class that sought injunctive relief and restitution in the form of a full refund. Amazon and EEP appeal.

"We review the decision to certify a class and any particular underlying Rule 23 determination involving a discretionary determination for an abuse of discretion." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (cleaned up). We review de novo "the district court's determination of underlying legal questions," such as standing, and review for clear error "its determination of underlying factual questions[.]" *Id.* We vacate the district court's order granting class certification and remand for further proceedings.

Jackson-Jones lacks Article III standing to seek injunctive relief on behalf of the putative class. To seek injunctive relief, she must have "suffered an injury in fact," that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). Because she seeks prospective relief, she must also show a "sufficient likelihood" of similar imminent harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). But the record does not support that Jackson-Jones is sufficiently likely to be injured by Calico Critters in the future. She compares her case to *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018). In *Davidson*, a

consumer bought wipes falsely advertised as "flushable" from the defendants. *Id.* at 961. The consumer's amended complaint alleged that she continued to seek—and would buy—truly flushable wipes from defendants. *Id.* at 962. Based on these allegations, we held that the consumer had "sufficiently alleged an injury that is concrete and particularized," as she was unable to "rely on the validity of the information advertised on [the] wipes despite her desire to purchase truly flushable wipes." *Id.* at 971 (cleaned up).

In contrast, here, Jackson-Jones does not "allege [her] intention to repurchase the product at issue." *Id.* at 969 n.5. She points to her deposition testimony, but it does not support her argument. At most, her testimony points to some possible future intention to repurchase the product, "without any description of concrete plans, or indeed even any specification of when the some day will be," which is too speculative to show actual or imminent injury. *Lujan*, 504 U.S. at 564.[1]

**VACATED and REMANDED for further proceedings.**

---

[1] We do not address the parties' dispute about the appropriate restitution model because we vacate the district court's class certification order, leaving no basis for considering whether Jackson-Jones has established a methodology for granting class-wide monetary relief, and because it is not clear how Jackson-Jones will choose to proceed knowing that she cannot pursue injunctive relief in federal court.