**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

[Additional counsel listed on signature page of Plaintiffs' Renewed Motion for Class Certification.]

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE JACKSON-JONES, individually and on behalf of all others situated,<br><br>Plaintiff<br><br>vs.<br><br>EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, and AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendants. | Case No.  2:23-cv-02567-ODW-SK<br><br>**DECLARATION OF GILLIAN L. WADE IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date: December 22, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Otis D. Wright II<br>Crtrm.: 5D |

**PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**

1        I, Gillian L. Wade, am an attorney duly licensed to practice law before all

2  Courts of this State. I am a partner at the law firm Wade Kilpela Slade LLP ("WKS"),

3  counsel of record for Plaintiff Williene Jackson-Jones. I respectfully submit this

4  Declaration in support of Plaintiff's Renewed Motion for Class Certification in this

5  action. I have personal knowledge of the facts set forth in this Declaration and could

6  and would testify competently to said information if called upon to do so.

7  <u>**Counsel's Experience and Knowledge of Applicable Law**</u>

8      1.    As set forth in more detail below, proposed Class Counsel is well-

9  qualified to represent the proposed Class, as we have experience in litigating class

10  actions, other complex litigation, and the types of claims asserted in this action and

11  the applicable law.

12  <u>**Gillian L. Wade**</u>

13      2.    As set forth in more detail below, proposed Class Counsel is well-

14  qualified to represent the proposed Class, as we have experience in litigating class

15  actions, other complex litigation, and the types of claims asserted in this action and

16  the applicable law.

17      3.    I graduated from the University of California, San Diego in 1999 and

18  earned my law degree from Pepperdine University School of Law, *magna cum laude*,

19  in 2003.  My practice focuses on representing plaintiffs in complex litigation and

20  consumer class actions, with particular emphasis on class actions involving unfair

21  business practices and consumer fraud. I have had significant involvement in over 75

22  consumer class action cases, and I have been appointed lead class counsel or co-lead

23  class counsel in several state and federal class actions throughout the United States,

24  including: *Burks v. HP Inc.*, Los Angeles Superior Court No. 22STCV20806 (Cal.

25  Super. Ct., County of L.A., 2024); *Lita Abella et al. v. Canyon City Foundation*, Los

26  Angeles Superior Court, Case No. 20STCV34345 (Cal. Super. Ct., County of L.A.,

27  2024); *Gilmore, et al. v. Monsanto Company*, No. 3:21-cv-08159 (N.D. Cal. 2022);

28  *Imani Whitfield et al. v. Yes To, Inc*., C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS

-1-

**DECLARATION OF GILLIAN L. WADE, ESQ.**
**ISO RENEWED MOTION FOR CLASS CERTIFICATION**

(C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al*., C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019); *Perez v. Public Storage*,  LASC No. BC611584 (2018); *In re Wells Fargo Bank Wage and Hour Cases*, LASC No. JCCP4702 (2018),  *Barba et al. v. Shire U.S. Inc*., No. 1:13-cv-21158-JAL (S.D. Fla.); *Eggnatz v. The Kashi Company*, No. 1:12-CV-21678-JAL, (S.D. Fla.); *Toney v. Just Fabulous*, (LASC BC533943); *Paul v. Wine.com*, (SFSC CGC13534734); *Arreguin v. Telebrands Corp.* (San Bernardino County Case No. CIVRS1307798); *McCrary v. The Elations Co*., LLC, EDCV 13-00242 JGB (OPx) (C.D. Cal.); *Saenz v.  SEIU United Healthcare Workers-West* (Alameda  Superior Court,  No. RG09478973); *Smith, et al. v. Intuit, Inc*., 5:12-cv-00222-EJD (N.D. Cal.); *In re Budeprion XL and Marketing and Sales Practices Litigation* (MDL No. 2107) (E.D. Pa.); *Keller v. Gaspari Nutrition, Inc*. No. 2:11-cv-06158-GAF (C.D. Cal.);  *Shaffer v. Continental Casualty Company*, 2:06-cv-2235-PSG (C.D. Cal.); *Weeks, et al. v. Kellogg, et al*., CV-09-08102 (MMM)(C.D. Cal.); *Thompson, et al., v. Biotab Nutraceuticals, Inc*. (LASC No. BC414808); *Pabst v. Genesco, Inc*., 3:11-cv-01592-SI (N.D. Cal.); *Heath, et al. v. County of San Bernardino*, 5:06-CV-00411-VAP (C.D. Cal.); *Solomon v. Ramona's Food Products*, LASC No. BC 451080; *Wike v. HCG Platinum, LLC*, LASC. No. BC451080; *Litwin v. iRenew, et al*., LASC. No. BC447114; and *Fallon v. ET Browne Drug Corp*., LASC No. 411117. I have also been appointed to the Plaintiffs' Executive Committees in several federal class actions centralized by the MDL Panel, including: *In re Nutramax Cosamin Marketing and Sales Practices Litigation* (MDL No. 2489)(D. Md.); *In re Pom Wonderful Marketing and Sales Practices Litigation* (MDL No. 2199)(C.D. Cal.); *In re Budeprion XL Marketing and Sales Practices Litigation* (MDL No. 2107) (E.D. Pa.); *In re Liberty Refund Anticipation Loan Litig*. (MDL No. 2334) (N.D. Ill.) and *In re H&R Block Refund Anticipation Litig*. (MDL No. 2373)(N.D. Ill.).

**DECLARATION OF GILLIAN L. WADE, ESQ.**
**ISO RENEWED MOTION FOR CLASS CERTIFICATION**

4.    I am a frequent lecturer on class action practice, including serving as the plaintiff-side panelist along with Judges and neutrals in a nationwide JAMS Webinar entitled "Cutting Edge Issues In Mediating and Arbitrating Consumer Class/Mass Action Claims" in 2021. I have written articles regarding class action litigation and was the Plaintiffs' co-chair of the 2019, 2020 and 2022 Bridgeport Consumer Class Action Litigation and Management conferences in Southern California.

5.    In February 2023, I was invited to participate in the Consumer Packaged Goods Legal Forum as a Plaintiff-side panelist discussing class action litigation issues affecting the CPG industry to a group of defense attorneys and their clients.  I was also the Plaintiff-side presenter in Bridgeport's 2023 program entitled "Article III Standing in Class Action Litigation: A Concise Legal Webinar."

6.    I have also participated as a panelist at numerous conferences regarding consumer class action litigation, including, "Does Compliance Matter? Class Actions Over Regulated Labels" at the 2014 American Bar Association Section of Antitrust Law Spring Meeting in Washington, D.C., the 2015, 2016, 2017 2018, 2019, 2020 and 2022  Bridgeport Consumer Class Action Litigation & Management Conferences in Los Angeles, Orange County and virtually, the 2019 and 2020 Mass Torts Made Perfect (Class Action Track) conference, and the 2017 and 2020 CLE International Food Law Conference, where I presented plaintiff perspectives on class action procedural issues affecting food litigation.

7.    In 2019, I accepted an invitation to join the Outside Advisory Board of the UCLA Resnick Center for Food & Law Policy. I have also been an executive member of the Litigation Series' Class Action Litigation Forum since 2023, and am a founding member of the Consumer Goods Litigation Forum. I am a regular guest lecturer at UCLA Law School and have guest lectured at Pepperdine Caruso School of Law about class action litigation. I was selected to be on the 2018-2019 executive committee for The Class Action Trial Lawyers Association – Top 25. In 2020, I participated as a plaintiff-side moderator in the Complex Courts Virtual Symposium,

-3-

1    among a panel of California complex court judges on the topic "The Lifecycle,
2    Pitfalls and Best Practices of Class Actions."
3    **David Slade**
4        8.    David Slade is a partner at WKS. He received his Bachelor of Arts from
5    Yale University and received his J.D., graduating with high honors, from The
6    University of Arkansas at Little Rock William H. Bowen School of Law. Mr. Slade is
7    licensed to practice in Arkansas, and has been admitted pro hac vice to practice law in
8    this Court in this action.
9        9.    Mr. Slade has been appointed class counsel in the following,
10   representative cases: *Michael McDonald et al., v. Kiloo Aps et al.*, No. 17-cv-04344-
11   JD (N.D. Cal.); *Amanda Rushing et al., v. The Walt Disney Company et al.*, No. 17-
12   cv-04419-JD (N.D. Cal.); *Amanda Rushing, v. Viacom Inc. et al.*, case no. 17-cv-
13   04492-JD (N.D. Cal.); *Campbell v. Facebook*, No. 13-cv-05996 (N.D. Cal.); *Matera
14   v. Google Inc.*, No. 5:15-cv-04062 (N.D. Cal.).
15       10.   Additionally, Mr. Slade previously served as outside counsel for the State
16   of New Mexico (*see*, *State of New Mexico ex rel. Hector Balderas, Attorney General
17   v. Rovio Entertainment Corporation*, No. 1:21-cv-00824 (D.N.M.); *State of New
18   Mexico ex rel. Hector Balderas, Attorney General v. Tiny Lab Productions, et al.*, No.
19   18-cv-00854 (D.N.M.); and *State of New Mexico ex rel. Hector Balderas, Attorney
20   General v. Tiny Lab Productions, et al.*, No. 20-cv-00143-NDF (D.N.M.)).
21       11.   Presently, Mr. Slade serves as outside counsel for the State of Arkansas
22   (*see State of Arkansas, ex rel. Tim Griffin, Attorney General, v. PDD Holdings Inc.
23   f/k/a Pinduoduo Inc.*; and *Whaleco Inc. d/b/a Temu*, Case No.  12cv-24-149 (Circuit
24   Court of Cleburne County, Arkansas, First Division)); the State of Mississippi (*see
25   State of Mississippi v. Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc.
26   and Meta Platforms Technologies, LLC*; Case No. 2023-cv-1205 (Chancery Court of
27   Hinds County, First District, Mississippi)); and *State of Mississippi v. TikTok, Inc.,
28   Bytedance Inc., Bytedance Ltd., TikTok Ltd., and TikTok LLC*; Case No. G2024-1235

-4-

1    (Chancery Court of Hinds County, First District, Mississippi)); the Commonwealth of

2    Kentucky (*see Commonwealth of Kentucky, ex rel. Russell Coleman, Attorney*

3    *General, V. TikTok, Inc. et al.*, Civil Action No. 24-CI-00824 (Scott Circuit Court,

4    Division II); and the State of Nevada (*see State of Nevada v. Meta Platforms, Inc.*

5    *f/k/a Facebook, Inc.*, No. A-24-886110-B (District Court, Clark County, Nevada)

6    (against Meta's Messenger platform); *State of Nevada v. Meta Platforms, Inc. f/k/a*

7    *Facebook, Inc.; Instagram, LLC*, No. A-24-886120-B (District Court, Clark County,

8    Nevada) (against Meta's Instagram platform); *State of Nevada v. Meta Platforms, Inc.*

9    *f/k/a Facebook, Inc.*, No. A-24-886115-B (District Court, Clark County, Nevada)

10   (against Meta's Facebook platform); *State of Nevada v. Snap, Inc.*, No. A-24-886113-

11   B (District Court, Clark County, Nevada); *State of Nevada v. TikTok, Inc.*, et al., No.

12   A-24-886127-B (District Court, Clark County, Nevada).

13        12.    Mr. Slade's principal focus is on consumer protection. Extending his

14   advocacy beyond litigation, he also organized a cyber safety training summit for

15   Arkansas law enforcement and victim assistance professionals, in conjunction with

16   the National Organization of Victim Assistance (NOVA) and also has established

17   multiple coordinated practice groups focused on diluting the preemptive effect of

18   Section 230 of the Communications Decency Act.  Currently, he is co-authoring a

19   treatise on the law surrounding data breaches for a major legal publisher.

20        13.    Mr. Slade has presented at CLEs and other professional gatherings related

21   to, inter alia, data breach litigation, the professional obligations of local counsel, and

22   changes in the law surrounding Section 230. In addition to his work in the class

23   action context, Mr. Slade is a member of the Volunteers Organization, Center for

24   Arkansas Legal Services (VOCALS), an organization committed to pro bono

25   advocacy, and serves on the board of the Center for Arkansas Legal Services (CALS).

26   **Sara D. Avila**

27        14.    Sara D. Avila is a partner at WKS and part of the firm's consumer class

28   action practice group, and is admitted to practice law in this Court. Ms. Avila

-5-

**DECLARATION OF GILLIAN L. WADE, ESQ.**
**ISO RENEWED MOTION FOR CLASS CERTIFICATION**

graduated from the University of California, Los Angeles with a Bachelor of Arts and received her Juris Doctorate from Pepperdine Caruso School of Law. She has been admitted to practice law in California since 2009. She has had significant involvement in over 50 consumer class actions. Her career has been focused on representing plaintiffs in actions stemming from consumer deception, and she has been appointed class counsel in the following cases: *Burks v. HP, Inc.*, Los Angeles Superior Court, No. 22STCV20806 (2024); *Gilmore, et al. v. Monsanto Company*, No. 3:21-cv-08159 (N.D. Cal. 2022); *Imani Whitfield et al. v. Yes To, Inc*., C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation*, MDL 2709 (2019); *Perez v. Public Storage*, LASC No. BC611584 (2018); *Barba et al. v. Shire U.S. Inc*., No. 1:13-cv-21158-JAL (S.D. Fla.); *Eggnatz v. The Kashi Company*, No. 1:12-CV-21678-JAL, (S.D. Fla.); *Toney v. Just Fabulous*, (LASC BC533943); *Paul v. Wine.com* (SFSC CGC13534734); *Arreguin v. Telebrands Corp*. (San Bernardino County Case No. CIVRS1307798); *McCrary v. The Elations Co., LLC*, EDCV 13-00242 JGB (OPx) (C.D. Cal.); *Saenz v. SEIU United Healthcare Workers-West* (Alameda Superior Court, No. RG09478973). Ms. Avila participated as a presenting panelist at the 2019 and 2020 Bridgeport Consumer Class Action Litigation & Management Conferences in Orange County, California.

**Marc Castaneda**

15.     Marc Castaneda is an associate at WKS and is admitted to practice in this Court. He has been admitted to practice law in California since 2014. Marc graduated from Columbia University with a Bachelor of Arts in 2009 and received his Juris Doctorate from Fordham University School of Law in 2014. He has worked on over 25 class actions and co-chaired a consumer fraud class action trial in 2019 and an employment discrimination action the same year. He was also appointed Class

**DECLARATION OF GILLIAN L. WADE, ESQ.
ISO RENEWED MOTION FOR CLASS CERTIFICATION**

Counsel in the following matters: *Burks v. HP, Inc.*, Los Angeles Superior Court, No.
22STCV20806 (2024); *Lita Abella et al. v. Canyon City Foundation*, Los Angeles
Superior Court, Case No. 20STCV34345 (2024); *In re Dollar General Motor Corp.
Motor Oil Marketing and Sales Practices Litigation* (MDL 2709, 2019) and *Gilmore,
et al. v. Monsanto Company*, No. 3:21-cv-08159 (N.D. Cal. 2022).

**Jack Walker**

16.    Jack Walker is a partner at the law firm Martin Walker and is licensed to
practice in Texas, and has been admitted *pro hac vice* to practice law in this court in
this action. Mr. Walker is a trial lawyer who has dedicated his career to helping those
who have been injured because of the negligence of other individuals, professionals or
corporations. He has been Board Certified by the Texas Board of Legal Specialization
in personal injury trial law since 1999 and has tried numerous jury trials to verdict. Mr.
Walker focuses his trial practice on catastrophic injury cases. Mr. Walker has received
numerous awards, including Recipient of the Texas Trial Lawyers Association (TTLA)
Reich Chandler Outstanding Advocate Award, 2014; inducted into the Texas Verdicts
Hall of Fame in 2020 by Texas Lawyer; Best Lawyers in America, Plaintiffs Personal
Injury Litigation, 2020-2024; Texas Super Lawyers by Thomson Reuters, 2019-2023;
500 Leading Plaintiff Consumer Lawyers by Lawdragon, 2020-2023; and, Texas Top
Verdicts in 2018 – Largest Medical Malpractice Verdict statewide, as published by
Texas Lawyer.

**Justin Kaufman**

17.    Justin Kaufman is a partner with Durham, Pittard & Spalding, LLP
("DP&S"), and is licensed to practice in New Mexico, Texas, and New York, and
admitted *pro hac vice* to practice in this court in this action. He received his B.A.
from Cornell University's College of Arts and Sciences, and his J.D., *cum laude*,
from Temple University School of Law, where he served as editor of the Temple Law
Review. Mr. Kaufman also holds an M.B.A. from Temple University's Fox School of
Business. Mr. Kaufman specializes in appellate and trial court briefing and oral

-7-

argument in complex litigation including wrongful death, catastrophic injury, toxic tort, product defect, and consumer fraud. Mr. Kaufman has also represented clients and state attorneys general in multi-district litigation throughout the United States.

**Philip M. Kovnat**

18.    Philip M. Kovnat, of counsel at DP&S, is licensed to practice in New York and New Mexico, as well as the United States Supreme Court, and the United States Courts of Appeals for the Third, Fourth, Fifth, Seventh, Ninth, Tenth, and D.C. Circuits. He was also admitted *pro hac vice* in this action. Mr. Kovnat did his undergraduate work at New York University, and he earned his Juris Doctor from American University-Washington College of Law. Mr. Kovnat was an appellate and trial attorney with the U.S. Equal Employment Opportunity Commission (EEOC) in Washington, D.C. and Philadelphia for more than a decade. As an EEOC attorney, Phil handled all phases of litigation on behalf of the U.S. Government, including multiple class and collective actions under the federal civil rights statutes. Mr. Kovnat has served as a first-chair trial attorney, and he has briefed and argued cases in the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits. Mr. Kovnat has also worked with the Office of the Solicitor General and other offices within the U.S. Department of Justice on certiorari-level and merits-stage proceedings in the U.S. Supreme Court.

19.    In *Cause No. CIV 19-0933 JB/SCY, D. Maria Schmidt, as personal representative for the estate of Dakotah Dedios, Deceased, and Richaline Dedios v. International Playthings LLC; Epoch Coompany, Ltd; Epoch Everlasting Play, LLC; Walmart, Inc. and Marie Short, in the United States District Court for the District of New Mexico*, Mr. Walker and Mr. Kaufman successfully resolved a suit involving the Calico Critters flocked toy. In that matter, Mr. Walker and Mr. Kaufman argued and successfully obtained a judicial ruling that the Calico Critters flocked toy is a per se violation of the small parts regulation of the FHSA because it is intended definitively for use by children under three years of age. Dkt. No. 172 p.78-79.

-8-

20.    For purposes of this Declaration and the concurrently-filed motion, the term "proposed Class Counsel" collectively refers to Plaintiff's counsel of record in this action, introduced in paragraphs 1 through 18 above.

21.    As detailed above, proposed Class Counsel has significant experience prosecuting large consumer class actions, complex litigation, and the types of claims asserted in the instant matter.

22.    Proposed Class Counsel has been litigating this case since filing on June 7, 2022. They have engaged in motion practice, propounded and responded to written discovery, deposed Defendants' the Rule 30(b)(6) corporate representatives, defended Ms. Jackson-Jones' deposition, served subpoenas to non-party retailers, briefed and argued the appeal of this court's class certification order at the Ninth Circuit Court of Appeals, and participated in multiple meet and confer sessions with defense counsel over discovery disputes and case management.

23.    Proposed Class Counsel is knowledgeable about the dedication necessary to successfully pursue and resolve this case on behalf of the Class.

24.    Proposed Class Counsel is willing and able to continue prosecuting this action vigorously and to dedicating the resources and expertise necessary to represent a class and successfully manage a class action to its conclusion.

25.    Plaintiff has spent significant time on this action to date, having initated this action, responded to written discovery, and prepared for and had her deposition taken. Plaintiff has been very engaged and has followed the progress of the suit closely, and is clearly committed to seeing it to completion.

## No Conflicts

26.    Proposed Class Counsel are unaware of any conflicts of interest with Plaintiff nor with any members of the proposed Class.

## Exhibits

27.    **Appendix A** and **Appendix B** to Plaintiff's Renewed Motion for Class Certification list the products that are the subject of this lawsuit. These products are

-9-

Calico Critters Flocked Toys that were sold with a small part, as determined by 16 C.F.R. 1501.4 (the "Products").

28.    To create Appendix A, my paralegal, David Marin, first compiled a list of all Calico Critters Flocked Toys sold in California during the class period using the products identified by each defendant in the following documents produced in discovery:

| Responding Defendant | Bates label | Defendant's Description of Document |
|---|---|---|
| Amazon | AMZ_00000002 | Sales data, which identifies, on a sale-by-sale basis, the units sold (by ASIN) to customers with California billing addresses from January 30, 2019, through the present. |
| Epoch Everlasting Play ("EEP") | Exhibit A to Defendant Epoch Everlasting play, LLC'S First Supplemental Responses to Plaintiffs' Interrogatories Nos. 5 and 7 | Sales data for all Calico Critters products containing a flocked figure that were (a) sold and shipped by it to consumers located in California, or (b) sold by dropship retailers and shipped (including Target) by Epoch to consumers located in California, between January 30, 2019 and December 31, 2023. |
| Target | Exhibit A to Defendant Target Corporation's First Supplemental Responses to Plaintiffs' Interrogatories | Sales data for Calico Critters products containing a flocked figure that were (a) purchased from Target.com and shipped to addresses located in California, or (b) purchased from Target stores located in California, between January 30, 2019 and December 31, 2023. |

29.    Attached hereto as **Exhibit 1** is a chart containing each Product with a corresponding URL for a website demonstrating Epoch has represented that the particular Product "contains small parts."

-10-

30.     To create Exhibit 1, Mr. Marin visited Epoch's official Calico Critters website. Using the Item Number and product descriptions provided by Defendants Amazon, Epoch, and Target, Mr. Marin located webpages for 215 of the Products on the Calico Critters website. Mr. Marin confirmed the websites state: "Choking Hazard-Small Parts. Not for children under 3." Those Products are identified in Exhibit 1.

31.     There were 111 Products identified by Defendants that are not on the Calico Critters website. Mr. Marin was able to find the packaging for those Products on different websites, other than https://store.calicocritters.com/, and confirmed those websites state: "Choking Hazard-Small Parts. Not for children under 3" for the subject products.  Those Products are identified in **Exhibit 1** (highlighted green).

32.     No URL or product images have been provided herein for 12 of the Products, which were the subject of a product recall on March 9, 2023. See https://www.cpsc.gov/Recalls/2023/Epoch-Everlasting-Play-Recalls-All-Calico-Critters-Animal-Figures-and-Sets-Sold-with-Bottle-and-Pacifier-Accessories-More-than-3-2-Million-Due-to-Choking-Hazard-Two-Deaths-Reported (last viewed March 11, 2024) (U.S. Consumer Product Safety Commission's recall notification). Epoch stated "it has provided consumers with a plastic vehicle accessory to replace each recalled bottle and pacifier accessory. That vehicle accessory does not have a retail price. EEP has not provided monetary compensation (including a refund) to any person in connection with the recall." (*See* Epoch's response to Interrogatory No. 13 (attached hereto as Exhibit 6 at page 12).) Accordingly, the recalled Products are included in the list of Products at issue in this action. Those Products are identified in Exhibit 1 (highlighted red).

33.     Of all the Calico Critters flocked toys identified by all Defendants in their discovery responses as having been sold in California during the time period between January 30, 2019 through December 31, 2023, only four are not included in the list of

**DECLARATION OF GILLIAN L. WADE, ESQ.
ISO RENEWED MOTION FOR CLASS CERTIFICATION**

1    Products. They have been omitted because there is no indication that Epoch
2    represented they contain small parts.

3         34.   Attached hereto as **Exhibit 2** is a composite exhibit containing true and
4    correct copies of the first page of each URL listed in Exhibit 1. In the images, the
5    language "Choking Hazard-Small Parts. Not for children under 3 years" has been
6    highlighted yellow by my office for ease of reference.

7         35.   Appendix B contains a list of products, by name, which appear to contain
8    small parts and that appear to have been released for sale since Defendants responded
9    to discovery in January and February 2024. To create Appendix B, Mr. Marin visited
10   Epoch's current "New Products" webpage, https://calicocritters.com/en-
11   us/catalog/categorieslist.php?ct_nm=new (last accessed October 8, 2025). He then
12   located products that either show animal figures clearly in the packaging or are
13   specifically identified as character/ family sets that include Calico Critter figurines.
14   These products contain the phrase "Choking Hazard-Small Parts. Not for children
15   under 3" on the packaging images on the products' webpages.

16        36.   **Exhibit 3** is a composite exhibit of Defendant Epoch's webpages for the
17   products listed in Appendix B.

18        37.   Attached hereto as **Exhibit 4** are true and correct excerpts from the
19   transcript for the November 6, 2024 Deposition of Alyssa Masterson, Defendant
20   EEP's designated corporate witness under Fed. R. Civ. P. Rule 30(b)(6).

21        38.   Attached hereto as **Exhibit 5** is a true and correct copy of Defendant
22   Amazon.com Services LLC's Objections and Responses to Plaintiffs' First Set of
23   Interrogatories dated January 19, 2024.

24        39.   Attached hereto as **Exhibit 6** is a true and correct copy of Defendant
25   Epoch Everlasting Play, LLC's Objections and Responses to Plaintiffs'
26   Interrogatories dated January 19, 2024.

27
28

**DECLARATION OF GILLIAN L. WADE, ESQ.
ISO RENEWED MOTION FOR CLASS CERTIFICATION**

40.     Attached hereto as **Exhibit 7** is a true and correct copy of Defendant Target Corporation's Responses to Plaintiffs' Interrogatories, Set One, dated January 19, 2024.

41.     Attached hereto as **Exhibit 8** is a true and correct copy of Defendant Epoch Everlasting Play, LLC's First Supplemental Responses to Plaintiffs' Interrogatories Nos. 5 and 7, dated February 16, 2024, without the exhibit. In an effort to streamline this filing and minimize the use of paper, the exhibit thereto is not attached, as it is a large file and has been deemed by Epoch to contain confidential information pursuant to the Protective Order in this action. However, I have reviewed the sales information contained therein.

42.     Attached hereto as **Exhibit 9** is a true and correct copy of Defendant Target Corporation's First Supplemental Responses To Plaintiffs' Interrogatories Nos. 5 and 7, dated February 16, 2024, without the exhibit. In an effort to streamline this filing and minimize the use of paper, the exhibit thereto is not attached, as it is a large file and has been deemed by Target to contain confidential information pursuant to the Protective Order in this action. However, I have reviewed the sales information contained therein.

43.     I have also reviewed the document Amazon produced containing sales data (AMZ_00000002). In an effort to streamline this filing and minimize the use of paper, the exhibit thereto is not attached, as it is a large file and has been deemed by Amazon to contain confidential information pursuant to the Protective Order in this action.

44.     Attached hereto as **Exhibit 10** is a true and correct copy of Defendant Epoch Everlasting Play, LLC's Objections and Responses to Plaintiffs' Request for Production of Documents dated January 19, 2024.

**DECLARATION OF GILLIAN L. WADE, ESQ.**
**ISO RENEWED MOTION FOR CLASS CERTIFICATION**

45.    Attached hereto as **Exhibit 11** is a true and correct copy of Defendant Target Corporation's Response to Plaintiffs' Request for Production of Documents, Set One dated January 19, 2024.

46.    Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the transcript of the deposition of Plaintiff Williene Jackson-Jones, taken on March 19, 2024.

47.    Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the transcript of the deposition of William Ingersoll, Ph.D., taken on April 26, 2024.

48.    Attached hereto as **Exhibit 14** is a true and correct copy of the Statement of Commissioner Peter A. Feldman on Corrective Action Plan with epoch Everlasting Play, LLC (dated Mar. 9, 2023), *available at* https://www.cpsc.gov/About-CPSC/Commissioner/Peter-A-Feldman/Statement/Statement-of-Commissioner-Peter-A-Feldman-on-Corrective-Action-Plan-with-Epoch-Everlasting-Play-LLC (*last accessed* Oct. 9, 2025).

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this 9th day of October, 2025 in Los Angeles, California.

_____
Gillian L. Wade, Declarant

**DECLARATION OF GILLIAN L. WADE, ESQ.
ISO RENEWED MOTION FOR CLASS CERTIFICATION**