# EXHIBIT 6

**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (admitted *pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendants*
EPOCH EVERLASTING PLAY, LLC
and TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all others situated,

Plaintiffs,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES**

**DEFENDANT EPOCH EVERLASTING PLAY, LLC'S RESPONSES TO PLAINTIFFS' INTERROGATORIES**

Defendant Epoch Everlasting Play, LLC ("EEP"), by and through its undersigned counsel, submits the following objections and responses to Plaintiffs' Interrogatories.

**PRELIMINARY STATEMENT**

EEP has conducted a diligent investigation to date and undertaken a good-faith effort to respond to the Interrogatories in a manner consistent with the Federal Rules of Civil Procedure. EEP's investigation of Plaintiffs' claims and for information responsive to these Interrogatories is ongoing. EEP therefore reserves the right to amend, supplement, correct, or clarify its responses, and to interpose additional objections if deemed necessary with subsequently discovered facts, witnesses, document, or things.

EEP's responses to any Interrogatory are without prejudice to any objections that it has asserted and/or may later assert at any hearing or trial in this action or in any other action.

To the extent these Interrogatories seek information that EEP deems confidential, EEP will provide such responsive information subject to, and only upon entry of, a protective order governing the production of confidential information relevant to the claims brought by Plaintiffs in this action. None of EEP's responses shall constitute an agreement to waive any protections provided by that protective order. EEP objects to any request for confidential or proprietary information to the extent that disclosing such information cannot occur until the parties reach a joint protective order and the Court enters such a joint protective order.

Finally, EEP objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other privileges, immunities, or legal protections against disclosure. Nothing contained

herein is intended to be, nor shall in any way be construed as, waiving any attorney-client privilege, work product doctrine, right to privacy, or any other applicable privileges, immunities, or legal protections against disclosure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. EEP objects to the Definition of "Class Period" as "January 1, 2017 through the present." This date is beyond the applicable statute of limitations period and is arbitrary. EEP will provide information applicable to the period of time relevant to the allegations of this action. Specifically, EEP will provide information applicable to the time period Plaintiffs have selected to define the putative class: January 30, 2019 to present. Herein, wherever Plaintiffs' Requests for Production request information within the "Class Period," any EEP response will be confined to the putative class time period of January 30, 2019 to present.

2. EEP objects to the Definition of "Identify (with respect to a person)" as overbroad and unduly burdensome, and for imposing a burden disproportionate to the needs of the case, including because it seeks identification of the present or last known place of employment. EEP will respond as relevant pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

3. EEP objects to the Definition of "Calico Critters" and "Products" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs fail to refer with any degree of certainty to which products "are at issue in this Action." EEP will treat "Calico Critters" and "Products" as referring to those Calico Critters branded products that contain a flocked figure.

4. EEP objects to the Definition of "Plaintiffs" on the grounds that it inaccurately identifies "Priscilla Herrera" as a plaintiff and fails to identify all plaintiffs to this action. EEP will construe "Plaintiffs" to include only the named Plaintiffs in this action.

5. EEP objects to the Definition of "You" and "Your" on the grounds that it seeks information not in EEP's possession or requires EEP to produce information and materials that are in the possession of entities or individuals other than EEP—including EEP's parents, predecessors, affiliates, and partners—or that are equally available to Plaintiffs through other sources. EEP will respond to Interrogatories including "You" and "Your" on behalf of only EEP.

6. EEP objects to Instructions No. 10 as overbroad, unduly burdensome, and seeking information that is irrelevant and disproportionate to the needs of the case, including the request for the present or last known business address, occupation, title, and employer, person and work email addresses, and current occupation, title, and employer place of employment. EEP will respond as relevant pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each and every person who provided information concerning these responses to these Interrogatories, and for each person, please identify for which Interrogatories that person provided information.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 1:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to the extent it seeks identification of in-house or outside counsel for EEP, and identification of which interrogatories each person provided information for. That latter information is also protected by the attorney work product doctrine and the attorney client privilege, and is beyond the requirements of Rule 33 of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, EEP states that Anna David (formerly Vreeland) and Alyssa Masterson provided and

oversaw collection of information concerning EEP's responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all databases, electronic data sources, data repositories or other medium that contain or have contained documents or information concerning the advertising, marketing and/or packaging for the Products during the Class Period.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 2:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, irrelevant to Plaintiffs' claims, and not proportional to the needs of the case, including because it seeks discovery on discovery. Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP states that documents concerning advertising, marketing, and/or packaging for the Products are located in certain of EEP's email, OneDrive, and SharePoint sources. Certain advertising documents are also located on retailer portals and social media sites.

**INTERROGATORY NO. 3:**

Please describe your role in the marketing, advertising, distribution, and sale of the Products (including any role in the design in packaging) during the Class Period.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 3:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly

burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the information sought through this Request is not relevant to Plaintiffs' claims and this interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP states that its parent company, Epoch Co. Ltd., designs Calico Critters products and the packaging for those products, and EEP reviews drafts of the packaging. During the Class Period, EEP has conducted television and internet advertising and email marketing campaigns for Calico Critters products. EEP sells Calico Critters products to retailers, who submit purchase orders and pick up the products from EEP warehouses in Georgia and Washington. EEP also sells Calico Critters products directly to consumers through its website. Before September 2022, orders placed on EEP's website were fulfilled primarily by small retailers, with EEP fulfilling a small percentage of website orders. Since September 2022, EEP fulfills all orders placed on its website and ships the products directly to purchasers.

**INTERROGATORY NO. 4:**

Please identify all persons you, or anyone acting on your behalf, has interviewed concerning the allegations made in this lawsuit.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 4:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as requesting information protected by the attorney-client privilege, work-product doctrine, and seeking trial preparation materials.

**INTERROGATORY NO. 5:**

How many units of the Products were sold in California during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 5:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome, including because Plaintiffs have failed to define what it means by "sold in California."

Subject to and without waiving foregoing general and specific objections, EEP states that it will provide—once a stipulated protective order has been entered by the Court—an exhibit of sales data for all orders of Calico Critters products, identified through a reasonable search of EEP's records, containing a flocked figure that were shipped to addresses located in California between January 30, 2019 and December 31, 2023.

**INTERROGATORY NO. 6:**

How many units of the Products were sold in the United States during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 6:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding EEP's national sales despite Plaintiffs' claims being limited to purchases by persons in California.

**INTERROGATORY NO. 7:**

What were the sales, in dollars, for the Products sold in California during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 7:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome, including because Plaintiffs have failed to define what it means by "sold in California."

Subject to and without waiving foregoing general and specific objections, EEP states that it will provide—once a stipulated protective order has been entered by the Court—an exhibit showing sales data for all orders of Calico Critters products, identified through a reasonable search of EEP's records, containing a flocked figure that were shipped to addresses located in California between January 30, 2019 and December 31, 2023.

**INTERROGATORY NO. 8:**

What were the sales, in dollars, for the Products sold in United States during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 8:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding EEP's national sales despite Plaintiffs' claims being limited to purchases by persons in California.

**INTERROGATORY NO. 9:**

Identify the date that each of Products were introduced into the United States market for retail sale.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 9:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding EEP's national distribution and supply chain despite Plaintiffs' claims being limited to purchases by persons in California. EEP further objects that the information sought—dates products were introduced for retail sale—is irrelevant to Plaintiffs' claims. EEP further objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks identification of dates each of hundreds of Products were introduced into the market for retail sale.

**INTERROGATORY NO. 10:**

State the name and address of any person, firm or entity that did the following with respect to the Products:

a. Designed the Products;

b. Performed any safety testing on the Products;

c. Manufactured the Products;

d. Distributed the Products for sale in the United States

e. Marketed the Products for sale or distribution in the United States;

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 10:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so

long as it remains in effect, the information sought through this Request is not relevant to Plaintiffs' claims and this interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving foregoing general and specific objections, EEP responds as follows:

a) Epoch Company Ltd.
2-2, 2 Chome, Komagata
Tai-Ku, Tokyo 1118618
Japan

b) SGS-CSTC Technical Services Co., Ltd.
Shenzhen Branch Testing Center Hardlines
SGS Bldg., No. 4, Jianghao Industrial Park
No. 430 Jihua Road, Bantian, Longgang District Shenzhen, China 518129

c) Intertek Testing Services Shenzhen Ltd.
Building 1, Yuanzheng Industrial Park, No. 4012
Wuhe Ave. N., Bantian St., Longgang District
Shenzhen, China

d) Heisei Toys (Ji'an) Company Ltd.
Phase 2, Jizhou Industrial Zone
Jizhou District, Ji'an City
Jiangxi, China 343000

e) Epoch Industrial
Long Shui Road, Qing Tang Mian Industrial District You Gan Pu Village, Dongguan Guangdong Province, China

f) Dongguan Elect. Plastic Products Co., Ltd. No., 27,
Lung Shui Road, Yaukumpao District
Fenggang City, Dongguan Guangdong Province, China

g) Epoch Everlasting Play LLC.
330 Changebridge Rd.
Suite 101
Pine Brook, NJ 07058

**INTERROGATORY NO. 11:**

Please state how you distribute the Products in the United States to retailers and identify all persons and/or entities who obtain ownership, possession, or control of the products from the time it leaves your possession until it is delivered to retailers.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 11:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the information sought through this Request is not relevant to Plaintiffs' claims and this interrogatory is disproportionate to the needs of this case and unduly burdensome. Further, this

Interrogatory seeks information regarding EEP's national distribution and supply chain despite Plaintiffs' claims being limited to products purchased in California.

Subject to and without waiving foregoing general and specific objections, EEP states that retailers typically issue purchase orders to EEP and send carriers to EEP warehouses in Georgia and Washington to pick up the products, with the parties designating the purchases as FOB EEP's warehouses.

**INTERROGATORY NO. 12:**

Identify any other incidents, similar to the one made the basis of this suit, where any person has claimed or alleged injury or death caused by aspiration, choking, inhalation or ingestion of any of the Products. For each incident identified please provide the following:

a. The date of the alleged injury or death;

b. The identity of the Product involved;

c. The identity of the party alleging injury.

d. A brief statement of the allegations that led to the injury or death.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 12:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the information sought through this Request is not relevant to Plaintiffs' claims and this interrogatory is disproportionate to the needs of this case and unduly burdensome. EEP further objects to the phrase "other incidents, similar to the one made the basis of this suit" as undefined, vague, and ambiguous. EEP further objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, including because

Plaintiffs' claims are not based on any personal injuries suffered by Plaintiffs or anyone else; Plaintiffs' alleged injuries are purely economic.

**INTERROGATORY NO. 13:**

Provide all information related to the March 9, 2023, recall of all Calico Critters Animal Figures and Sets sold with Bottle and Pacifier accessories, referred to at https://epocheverlastingplay.com/recalls/calico-critters/, including the following:

a. The identities of all persons who contacted you in response to the recall.

b. The product(s) or accessor(ies) each such person submitted for recall.

c. The receipts and photographs each such person submitted in response to the recall.

d. A description, including the retail price, of the replacement product(s) or accessor(ies) you provided to each such person

e. Any monetary compensation you provided to each such person as part of the recall.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 13:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information. EEP further objects that the information sought is irrelevant to Plaintiffs' claims.

Subject to and without waiving foregoing general and specific objections, EEP states that, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, EEP will produce documents from which Plaintiffs may determine the answer to Interrogatory 13 parts (a) through (c), subject to entry of an appropriate protective order and/or

redaction of personally identifying consumer data, if feasible. EEP further states that it has provided consumers with a plastic vehicle accessory to replace each recalled bottle and pacifier accessory. That vehicle accessory does not have a retail price. EEP has not provided monetary compensation (including a refund) to any person in connection with the recall.

**INTERROGATORY NO. 14:**

Identify any and all international markets where the Products have been distributed or sold for the years 2017 through the present time.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 14:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding EEP's international sales despite Plaintiffs' claims being limited to purchases by persons in California.

**INTERROGATORY NO. 15:**

Identify all members of your governing body, from January 1, 2017 to the present date, and the dates each identified person served as a member of your governing body.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 15:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to the term "governing body" as undefined, vague, and ambiguous. EEP further objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. The identities of the members of EEP's "governing body" have no bearing on Plaintiffs' claims

Dated: January 19, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James F. Speyer*
James F. Speyer
Ian S. Hoffman

Attorneys for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2024, I served the foregoing document via e-mail, per agreement of the parties, on the following:

**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, California 90024
Tel: (310) 396-9600

*Counsel for Plaintiffs and the Proposed Class*

Dated: January 19, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Ian S. Hoffman*
Ian S. Hoffman

Attorney for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION