**EXHIBIT 7**

**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (admitted *pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendants*
EPOCH EVERLASTING PLAY, LLC
and TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all others situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendants. | Case No.: 2:23-cv-02567-ODW-SK<br><br>**DEFENDANT TARGET CORPORATION RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE** |

# DEFENDANT TARGET CORPORATION RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Target Corporation, by and through its undersigned counsel, submits the following objections and responses to Plaintiffs' Interrogatories.

## PRELIMINARY STATEMENT

Target has conducted a diligent investigation to date and undertaken a good-faith effort to respond to the Interrogatories in a manner consistent with the Federal Rules of Civil Procedure. Target's investigation of Plaintiffs' claims and for information responsive to these Interrogatories is ongoing. Target therefore reserves the right to amend, supplement, correct, or clarify its responses, and to interpose additional objections if deemed necessary with subsequently discovered facts, witnesses, document, or things.

Target's responses to any Interrogatory are without prejudice to any objections that it has asserted and/or may later assert at any hearing or trial in this action or in any other action.

To the extent these Interrogatories seek information that Target deems confidential, Target will provide such responsive information subject to, and only upon entry of, a protective order governing the production of confidential information relevant to the claims brought by Plaintiffs in this action. None of Target's responses shall constitute an agreement to waive any protections provided by that protective order. Target objects to any request for confidential or proprietary information to the extent that disclosing such information cannot occur until the parties reach a joint protective order and the Court enters such a joint protective order.

Finally, Target objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other privileges, immunities, or legal protections against disclosure. Nothing contained herein is intended to be, nor shall in any way be construed as, waiving any attorney-

client privilege, work product doctrine, right to privacy, or any other applicable privileges, immunities, or legal protections against disclosure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Target objects to the Definition of "Class Period" as "January 1, 2017 through the present." This date is beyond the applicable statute of limitations period and is arbitrary. Target will provide information applicable to the period of time relevant to the allegations of this action. Specifically, Target will provide information applicable to the time period Plaintiffs have selected to define the putative class: January 30, 2019 to present. Herein, wherever Plaintiffs' Requests for Production request information within the "Class Period," any Target response will be confined to the putative class time period of January 30, 2019 to present.

2. Target objects to the Definition of "Identify (with respect to a person)" as overbroad and unduly burdensome, and for imposing a burden disproportionate to the needs of the case, including because it seeks identification of the present or last known place of employment. Target will respond as relevant pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

3. Target objects to the Definition of "Calico Critters" and "Products" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs fail to refer with any degree of certainty to which products "are at issue in this Action." Target will treat "Calico Critters" and "Products" as referring to those Calico Critters branded products that contain a flocked figure.

4. Target objects to the Definition of "Plaintiffs" on the grounds that it inaccurately identifies "Priscilla Herrera" as a plaintiff and fails to identify all plaintiffs to this action. Target will construe "Plaintiffs" to include only the named Plaintiffs in this action.

5. Target objects to the Definition of "You" and "Your" on the grounds that it seeks information not in Target's possession or requires Target to produce

information and materials that are in the possession of entities or individuals other than Target —including Target's parents, predecessors, affiliates, and partners—or that are equally available to Plaintiffs through other sources. Target will respond to Interrogatories including "You" and "Your" on behalf of only Target.

6. Target objects to Instructions No. 10 as overbroad, unduly burdensome, and seeking information that is irrelevant and disproportionate to the needs of the case, including the request for the present or last known business address, occupation, title, and employer, person and work email addresses, and current occupation, title, and employer place of employment. Target will respond as relevant pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify each and every person who provided information concerning these responses to these Interrogatories, and for each person, please identify for which Interrogatories that person provided information.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 1:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to the extent it seeks identification of in-house or outside counsel for Target, and identification of which interrogatories each person provided information for. That latter information is also protected by the attorney work product doctrine and the attorney client privilege, and is beyond the requirements of Rule 33 of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, Target states that Tinzing Artmann is the authorized signatory of Target Corporation, without any personal knowledge of any facts or circumstances surrounding this

- 3 -

lawsuit, but declared responses to this discovery have been assembled by counsel and authorized employees of Target Corporation.

**INTERROGATORY NO. 2:**

Please identify all databases, electronic data sources, data repositories or other medium that contain or have contained documents or information concerning the advertising, marketing and/or packaging for the Products during the Class Period.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 2:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, irrelevant to Plaintiffs' claims, and not proportional to the needs of the case, including because it seeks discovery on discovery. Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target does not believe it has any documents concerning the advertising, marketing, and/or packaging for the Products, other than what appears on the Calico Critters product pages on Target's website.

**INTERROGATORY NO. 3:**

Please describe your role in the marketing, advertising, distribution, and sale of the Products (including any role in the design in packaging) during the Class Period.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 3:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the

- 4 -

Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it does not market, advertise, or distribute the Products, and Target has no role in the design of the packaging. Target provides a platform by which Epoch Everlasting Play, LLC ("EEP") sells its products to customers. When customers purchase Calico Critters Products on Target's website, EEP ships those products directly to the consumer. Target has sold a very small quantity of Calico Critters products through its physical stores in California. Those products were initially purchased by customers through Target's website, then returned to a Target store, then placed on the floor by Target, and then purchased by a customer.

**INTERROGATORY NO. 4:**

Please identify all persons you, or anyone acting on your behalf, has interviewed concerning the allegations made in this lawsuit.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 4:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as requesting information protected by the attorney-client privilege, work-product doctrine, and seeking trial preparation materials.

**INTERROGATORY NO. 5:**

How many units of the Products were sold in California during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 5:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome, including because Plaintiffs have failed to define what it means by "sold in California."

Subject to and without waiving foregoing general and specific objections, Target states that it will provide—once a stipulated protective order has been entered by the Court—an exhibit showing sales data for all orders of Calico Critters products, identified through a reasonable search of Target's records, containing a flocked figure that were shipped to addresses located in California between January 30, 2019 and December 31, 2023.

**INTERROGATORY NO. 6:**

How many units of the Products were sold in the United States during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 6:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding Target's national sales despite Plaintiffs' claims being limited to purchases by persons in California.

**INTERROGATORY NO. 7:**

What were the sales, in dollars, for the Products sold in California during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 7:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome on grounds that Plaintiffs have failed to define what it means by "sold in California."

Subject to and without waiving foregoing general and specific objections, Target states that it will provide—once a stipulated protective order has been entered by the Court—an exhibit showing sales data for all orders of Calico Critters products, identified through a reasonable search of Target's records, containing a flocked figure that were shipped to addresses located in California between January 30, 2019 and December 31, 2023.

**INTERROGATORY NO. 8:**

What were the sales, in dollars, for the Products sold in United States during the Class Period? Please provide this information (a) for each individual product SKU and/or UPC, and (b) in the smallest increment possible (e.g. weekly, monthly, or quarterly).

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 8:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding Target's national sales despite Plaintiffs' claims being limited to purchases by persons in California.

**INTERROGATORY NO. 9:**

Identify the date that each of Products were introduced into the United States market for retail sale.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 9:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding Target's national distribution and supply chain despite Plaintiffs' claims being limited to purchases by persons in California. Target further objects that the information sought—dates products were introduced for retail sale—is irrelevant to Plaintiffs' claims. Target further objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks identification of dates each of the hundreds of Products at issue were introduced into the market for retail sale.

**INTERROGATORY NO. 10:**

State the name and address of any person, firm or entity that did the following with respect to the Products:

    a.    Designed the Products;

    b.    Performed any safety testing on the Products;

    c.    Manufactured the Products;

    d.    Distributed the Products for sale in the United States

    e.    Marketed the Products for sale or distribution in the United States;

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 10:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving foregoing general and specific objections, Target states that it is not the designer, manufacturer, tester, distributor, or marketer of Calico Critters products, and does not know the name and address of the person, firm or entity that performed these functions.

**INTERROGATORY NO. 11:**

Please state how you distribute the Products in the United States and identify all persons and/or entities who obtain ownership, possession, or control of the products from the time it leaves your possession until it is delivered.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 11:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Further, this Interrogatory seeks information regarding Target's national distribution and supply chain despite Plaintiffs' claims being limited to products purchased in California.

Subject to and without waiving foregoing general and specific objections, Target refers to its objections and response to Interrogatory No. 3, which it incorporates herein by reference.

**INTERROGATORY NO. 12:**

Identify any other incidents, similar to the one made the basis of this suit, where any person has claimed or alleged injury or death caused by aspiration, choking, inhalation or ingestion of any of the Products. For each incident identified please provide the following:

    a.    The date of the alleged injury or death;

    b.    The identity of the Product involved;

    c.    The identity of the party alleging injury.

    d.    A brief statement of the allegations that led to the injury or death.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 12:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to the phrase "other incidents, similar to the one made the basis of this suit" as undefined, vague, and ambiguous. Target further objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, including because Plaintiffs' claims are not based on any personal injuries suffered by Plaintiffs or anyone else; Plaintiffs' alleged injuries are purely economic.

**INTERROGATORY NO. 13:**

Provide all information related to the March 9, 2023, recall of all Calico Critters Animal Figures and Sets sold with Bottle and Pacifier accessories, referred to at https://epocheverlastingplay.com/recalls/calico-critters/, including the following:

    a.    The identities of all persons who contacted you in response to the recall.

    b.    The product(s) or accessor(ies) each such person submitted for recall.

    c.    The receipts and photographs each such person submitted in response to the recall.

      d.      A description, including the retail price, of the replacement product(s) or accessor(ies) you provided to each such person

      e.      Any monetary compensation you provided to each such person as part of the recall.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 13:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information. Target further objects that the information sought is irrelevant to Plaintiffs' claims.

Subject to and without waiving foregoing general and specific objections, Target states that the public recall announcement directed consumers to contact EEP and submit information to EEP in order to receive a replacement accessory from EEP. Target does not know the identities of the persons who contacted EEP in connection with the recall, what information those persons submitted to EEP, and what EEP provided to those persons.

**INTERROGATORY NO. 14:**

Identify any and all international markets where the Products have been distributed or sold for the years 2017 through the present time.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 14:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information

regarding Target's international sales despite Plaintiffs' claims being limited to purchases by persons in California.

**INTERROGATORY NO. 15:**

Identify all members of your governing body, from January 1, 2017 to the present date, and the dates each identified person served as a member of your governing body.

**OBJECTIONS/RESPONSE TO INTERROGATORY NO. 15:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to the term "governing body" as undefined, vague, and ambiguous. Target further objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. The identities of the members of Target's "governing body" have no bearing on Plaintiffs' claims

Dated: January 19, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James F. Speyer*
James F. Speyer
Ian S. Hoffman

Attorneys for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIENE JACKSON-JONES, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,<br><br>Defendant. | CASE NO. 2:23-cv-02567-ODW-SK |

## **VERIFICATION**

Tinzing S. Artmann, Lead Paralegal of Target Enterprise, Inc., after being duly sworn on oath, states that she is an authorized signatory of Target Corporation, a Defendant named in the above-entitled cause, and that she verifies the foregoing Target Corporation's Responses to Plaintiff's Interrogatories, Set One and on behalf of said Defendant and is duly authorized to do so; and that certain of the matters stated in the Corporation's Responses to Plaintiff's Interrogatories, Set One are not within the personal knowledge of signatory and that signatory is informed that there is no Officer or Managing Agent of the

Defendant who has personal knowledge of such matters; that the facts stated in said Responses have been assembled by authorized employees and counsel of Defendant, and signatory is informed that the facts stated in said Responses are true and correct.

 I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/19/2024   Signature: _____

Tinzing Artmann

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2024, I served the foregoing document via e-mail, per agreement of the parties, on the following:

**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, California 90024
Tel: (310) 396-9600

*Counsel for Plaintiffs and the Proposed Class*

Dated: January 19, 2024                     ARNOLD & PORTER KAYE SCHOLER LLP

                                            By: */s/ Ian S. Hoffman*
                                            Ian S. Hoffman

                                            Attorney for Defendants
                                            EPOCH EVERLASTING PLAY, LLC and
                                            TARGET CORPORATION