# EXHIBIT 10

1  **ARNOLD & PORTER KAYE SCHOLER LLP**
   JAMES F. SPEYER (Bar No. 133114)
2  james.speyer@arnoldporter.com
   777 South Figueroa Street, 44th Floor
3  Los Angeles, CA 90017-5844
   Telephone: +1 213.243.4000
4  Facsimile: +1 213.243.4199

5
   IAN S. HOFFMAN (admitted *pro hac vice*)
6  ian.hoffman@arnoldporter.com
   601 Massachusetts Avenue, NW
7  Washington, DC 20001-3743
   Telephone: +1 202.942.6406
8  Facsimile: +1 202.942.5999

9  *Attorneys for Defendants*
   EPOCH EVERLASTING PLAY, LLC
10 and TARGET CORPORATION

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 WILLIENE JACKSON-JONES,           Case No.: 2:23-cv-02567-ODW-SK
   individually and on behalf of all others
16 situated, KAREN SANTOS, individually   **DEFENDANT EPOCH**
   and on behalf of all others situated,  **EVERLASTING PLAY, LLC'S**
17                                         **OBJECTIONS AND RESPONSES TO**
                                           **PLAINTIFFS' REQUEST FOR**
18              Plaintiffs,                **PRODUCTION OF DOCUMENTS**

19       vs.

20 EPOCH EVERLASTING PLAY, LLC, a
   Delaware limited liability company,
21 TARGET CORPORATION, a Minnesota
   corporation, and AMAZON.COM
22 SERVICES LLC, a Delaware corporation,

23
                Defendants.
24

25

26

27

28

---

## DEFENDANT EPOCH EVERLASTING PLAY, LLC, RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Epoch Everlasting Play, LLC, by and through its undersigned counsel, submits the following objections and responses to Plaintiffs' Requests for Production of Documents.

### PRELIMINARY STATEMENT / GENERAL OBJECTION

EEP has conducted a diligent investigation to date and undertaken a good-faith effort to respond to these Requests for Production and produce documents in a manner consistent with the Federal Rules of Civil Procedure. EEP's investigation of Plaintiffs' claims and for information responsive to these Requests for Production is ongoing. EEP therefore reserves the right to amend, supplement, correct, or clarify its responses and production, and to interpose additional objections if deemed necessary with subsequently discovered facts, witnesses, document, or things.

EEP's responses to any Request for Production are without prejudice to any objections that it has asserted and/or may later assert at any hearing or trial in this action or in any other action.

To the extent these Requests for Production seek information or documents that EEP deems confidential, EEP will provide such responsive information subject to, and only upon entry of, a protective order governing the production of confidential information relevant to the claims brought by Plaintiffs in this action. None of EEP's responses shall constitute an agreement to waive any protections provided by that protective order. EEP objects to any request for confidential or proprietary information to the extent that disclosing such information cannot occur until the parties reach a joint protective order and the Court enters such a joint protective order.

Finally, EEP objects to each Request for Production to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other privileges, immunities, or legal protections against disclosure. Nothing contained herein is intended to be, nor shall in any way be construed as, waiving any attorney-client privilege, work product doctrine, right to privacy, or any other applicable privileges, immunities, or legal protections against disclosure.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      EEP objects to the Definition of "Class Period" as "January 1, 2017 through the present." This date is beyond the applicable statute of limitations period and is arbitrary. EEP will provide information applicable to the period of time relevant to the allegations of this action. Specifically, EEP will provide information applicable to the time period Plaintiffs have selected to define the putative class: January 30, 2019 to present. Herein, wherever Plaintiffs' Requests for Production request information within the "Class Period," any EEP response will be confined to the putative class time period of January 30, 2019 to present.

2.      EEP objects to the Definition of "Communication" and "Document" to the extent they require EEP to provide information from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure. EEP further objects to these definitions to the extent they require EEP to gather, review, and produce certain kinds of information, such as text messages, voicemail, and instant messages, that cannot be collected and reviewed without incurring substantial cost and burden, as overly broad, unduly burdensome, and seeking documents that are irrelevant and not proportional to the needs of the case. Moreover, EEP also objects to the Definition of "Document" to the extent it purports to include non-final copies of documents, such as "preliminary versions, drafts, or other revisions," as such documents that were neither used nor implemented can have no conceivable relevance to Plaintiffs' claims.

3.      EEP objects to the Definition of "Calico Critters" and "Products" as vague, ambiguous, overly broad, and unduly burdensome.  Plaintiffs fail to refer with any degree of certainty to which products "are at issue in this Action."  EEP will treat "Calico Critters" and "Products" as referring to those Calico Critters branded products that contain a flocked figure.

4.      EEP objects to the Definition of "Plaintiffs" on the grounds that it inaccurately identifies "Priscilla Herrera" as a plaintiff and fails to identify all plaintiffs to this action.  EEP will construe "Plaintiffs" to include only the named Plaintiffs in this action.

5.      EEP objects to the Definition of "You" and "Your" on the grounds that it seeks information not in EEP's possession or requires EEP to produce information and materials that are in the possession of entities or individuals other than EEP— including EEP's parents, predecessors, affiliates, and partners—or that are equally available to Plaintiffs through other sources.  EEP will respond to Requests including "You" and "Your" on behalf of only EEP.

6.      EEP objects to Instructions No. 10 as overbroad, unduly burdensome, and seeking information that is irrelevant and disproportionate to the needs of the case, including the request for the present or last known business address, occupation, title, and employer, person and work email addresses, and current occupation, title, and employer place of employment.  EEP will respond as relevant pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents referenced in your responses to Plaintiffs' Interrogatories.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 2:**

All documents you relied upon to respond to Plaintiffs' Interrogatories.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs fail to define "relied upon," which could include a vast array of documents that would not be proportionate to the needs of this case, and/or would be protected by the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 3:**

All documents referenced in your Rule 26(a) initial disclosures.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 4:**

Your document retention and document destruction policies in effect during the Class Period, including but not limited to your records management policy, legal hold policy, any changes to the same over time, and any documents describing, discussing or explaining such policies.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly

burdensome, irrelevant to Plaintiffs' claims, and disproportionate to the needs of this case. EEP further objects to the extent this Request seeks production of documents protected by the attorney client privilege and/or attorney work product doctrine, including any litigation hold memos or similar documentation.

**REQUEST FOR PRODUCTION NO. 5:**

All non-privileged documents which concern, discuss or refer to Plaintiff Williene Jackson-Jones.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP further objects to this Request for Production to the extent it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce responsive documents, if any exist, that predate the filing of Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION NO. 6:**

All non-privileged documents which concern, discuss or refer to Plaintiff Williene Jackson-Jones.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP further objects to this Request for Production to the extent it seeks documents protected by attorney-client privilege or the work-product doctrine. EEP objects to this Request for Production as duplicative of Request for Production No. 5.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce responsive documents, if any exist, that predate the filing of Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION NO. 7:**

Any insurance policy or indemnification agreement that may be applicable to the action or to the allocation of responsibility for paying any claims in this action and any correspondence relating to coverage or indemnification or possible indemnification for your activities as alleged in the Complaint.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production to the extent is seeks information subject to attorney-client privilege or the work-product doctrine.  EEP further objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in that it seeks "any correspondence relating to" the policies and agreements requested.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to identify any insurance policies or indemnification agreements applicable to the claims brought by Plaintiffs in this action.

**REQUEST FOR PRODUCTION NO. 8:**

Organizational charts or similar Documents sufficient to show all employees or personnel with responsibilities relating to the manufacture, labeling, marketing, advertising, distribution, or sale of the Products during the Class Period, including their departments and reporting relationships.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, including without limitation the request for documents pertaining to the "manufacture" and "distribution" of the Products.  Further, in its motion to dismiss order, the Court interpreted the Small

- 6 -

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce organizational charts, if any exist, that show employees with roles in marketing, advertising, or sale of EEP's products.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all third party marketing companies (including but not limited to advertising, marketing and design agencies) you have retained or consulted with regarding the marketing and/or advertising (including the packaging) for the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 10:**

All documents showing the names, addresses, telephone numbers and/or other contact information of any and all consumers known to you who purchased any of the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification.  EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

**REQUEST FOR PRODUCTION NO. 11:**

All documents showing the names, addresses, telephone numbers and/or other contact information of any and all consumers who contacted you about the Products' safety during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.  EEP further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification.  EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents reflecting communications with consumers who contacted EEP about the Products' safety related to a potential choking hazard from small parts during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 12:**

All documents showing the names, addresses, telephone numbers and/or other contact information of any and all consumers who contacted you about the Products' appropriateness or suitability for any age or age group (e.g. two-year olds, toddlers, etc.) during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents reflecting

communications with consumers who contacted EEP about the Products' age suitability during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 13 (originally identified as No. 6):**

Documents sufficient to identify each website, electronic data source, data repository, or any medium maintained by you or on your behalf that contains or has contained information relating to the Products or customers who have purchased the Products, including but not limited to mailing lists, digital marketing materials, and influencer outreach data.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 13 (originally identified as No. 6):**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this request because it is vague, ambiguous, and unintelligible.  EEP further objects to this Request for Production as it appears overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, including because it seeks discovery on discovery.

**REQUEST FOR PRODUCTION NO. 14:**

All documents sent to and received from retailers, distributors, healthcare professionals, or government regulators discussing, regarding, or referring to the suitability of the Products for children under three years.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought

- 10 -

through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products are not for children under 3 years of age, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, EEP, EEP states that it is available to meet and confer to determine whether Plaintiffs can narrow or revise the request in a reasonable and appropriate manner.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that summarize the total sales (in both units and dollars) of the Products sold in the United States during the Class Period. Please provide this information for each Product, by state, by the smallest temporal increment reflected in your records, and by monthly and annual increments.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding EEP's national sales despite Plaintiffs' claims being limited to products purchased in California.

Subject to and without waiving the foregoing general and specific objections, EEP refers Plaintiffs to its responses to Interrogatories 5 and 7, which will—once a stipulated protective order has been entered by the Court—provide information pertaining to the sales (in both units and dollars) of the Products sold in California during the Class Period.

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

**REQUEST FOR PRODUCTION NO. 16:**

All of your structured data or transaction-level data relating to the sale of the Products sold in the United States during the Class Period. Plaintiffs request this data in .txt, .csv, or similar flat file format. This Request includes: (a) the terms of each sale; (b) the invoice number; (c) the purchase order number; (d) the SKU; (e) the UPC; (f) the customer's name, phone number, address, email address; (g) the date of sale; (h) the quantity (and units) of each sale; (i) the sale price; (j) any discounts, rebates, credits, free goods, or any other pricing adjustment for each sale; (k) any fixed or variable costs or costs of good sold concerning the sale (including freight charge and transportation costs, sales and distribution costs, raw materials, intermediaries, marketing or sales costs, and any other cost attributed or allocated to the sale); (l) any structured database field summarizing terms of sale or agreements; and (m) any other data available in Your database concerning the purchase, sale, or distribution of the Products.

This Request also includes any dictionaries or internal style guides necessary to understand your structured data or transaction-level data.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks all manner of irrelevant information including without limitation regarding EEP's national sales despite Plaintiffs' claims being limited to products purchased in California.  EEP further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification.  EEP further objects to this Request as it seeks consumers' personal data and information without a

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP refers Plaintiffs to its responses to Interrogatories 5 and 7, which will—once a stipulated protective order has been entered by the Court—provide information pertaining to the sales (in both units and dollars) of the Products sold in California during the Class Period.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents that list identify, describe, discuss and/or summarize any sales projections, sales quotas, or deviation from expected sales for the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to EEP objects to this Request for Production as overbroad, unduly burdensome, and seeking documents that irrelevant and not proportional to Plaintiffs' claims in this action.

**REQUEST FOR PRODUCTION NO. 18:**

Copies of each and every label and packaging flat used for the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are

disproportionate to the needs of this case and unduly burdensome. EEP further objects to the request for "each and every label and packaging flat used" as overbroad and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to show the packaging of the Products, including the text used on that packaging, during the Class Period.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all websites, including all webpages contained on those sites and drafts of webpages, and corresponding dates that those websites were accessible to the public, maintained by you or at your direction that advertised the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to the Request as it seeks "drafts" of webpages, which are irrelevant and not proportional to the claims in the case. EEP further objects to the extent the Request asks EEP to identify dates associated with documents produced in response to this Request, as such a request would be beyond the requirements of Rule 34 of the Federal Rules of Civil Procedure.

- 14 -

Subject to and without waiving the foregoing general and specific objections, while EEP will not collect or produce copies of webpages currently available online—as those are equally available to Plaintiffs—EEP will make reasonable efforts to search for and produce copies of webpages containing descriptions of the Products that are no longer available on websites maintained by EEP or its agents during the Class Period, if feasible.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all Advertisements for the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.  EEP further objects that the term "Advertisements" is undefined, vague, and ambiguous.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to show EEP's print, web, and television advertising during the Class Period.

**REQUEST FOR PRODUCTION NO. 21(a):**

All marketing research, studies, surveys, reports or other documents used by you in the marketing and advertising of the Products. This includes but is not limited to such documents discussing, summarizing, describing or otherwise sufficient to show the characteristics of consumers in the market to purchase the Products generally and specifically the (a) purchasing habits of said consumers, (b) how the

- 15 -

product placement and/or effects of product placement on your consumers impacts their buying habits and perceptions, (c) the images and language on the packaging and their impacts on buying habits and perceptions, and (d) the effectiveness of the Products' packaging.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 21(a):**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to the phrase "other documents" as overbroad, vague, and ambiguous.

**REQUEST FOR PRODUCTION NO. 21(b):**

All Documents constituting, summarizing or referring to any marketing research, studies, surveys, reports, legal requirements, or other materials used or considered by you in deciding to sell the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 21(b):**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further

objects to the phrases "legal requirements," "other materials," and "deciding to sell" as vague, ambiguous and overbroad.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify and describe your target market for the Products, including but not limited to demographics, education, income level and your strategy to get these consumers to buy the Products .

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 23(a):**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other Documents indicating that consumers were aware or were not aware that the Products are not safe for children under 3 years of age.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 23(a):**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are

disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products are not for children under 3 years of age, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case. EEP further objects to the phrase "or other Documents" as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 23(b):**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other Documents indicating that consumers were aware or were not aware that the Products may pose a choking risk.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 23(b):**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products are not for children under 3 years of age, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case. EEP further objects to the phrase "or other Documents" as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 24:**

All documents that identify, describe, or discuss the fact that the Products may pose a choking risk.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products pokes a choking hazard, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, EEP, EEP states that it is available to meet and confer to determine whether Plaintiffs can narrow or revise the request in a reasonable and appropriate manner.

**REQUEST FOR PRODUCTION NO. 25:**

All documents that identify, describe, or discuss the fact that the Products are not safe for children under 3 years of age.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further

objects to this Request on the ground that each of the Products' labels and descriptions state that the Products are not for children under 3 years of age, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, EEP, EEP states that it is available to meet and confer to determine whether Plaintiffs can narrow or revise the request in a reasonable and appropriate manner.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other documents indicating whether consumers purchased the Products for children under three years of age.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products are not for children under 3 years of age, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case. EEP further objects to the phrase "or other Documents" as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other documents indicating whether consumers used the Products for children under three years of age.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products are not for children under 3 years of age, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case. EEP further objects to the phrase "or other Documents" as overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents (including but not limited to creative briefs, requests for proposals, presentations, drafts, mockups, campaign strategies and kickoffs) that describe, discuss or relate to or involve the design and/or content of the current and prior packaging of the Products, including but not limited to (a) communication and campaign strategies and plans; (b) marketing strategies; (c) decisions regarding the placement of specific statements and images on the packaging, and, (d) alternative images and language considered and rejected.

- 21 -

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP also objects to this request as generally overbroad and seeking information irrelevant and not proportional to the claims in this Case, including because it seeks documents reflecting "images and language considered and rejected."

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to show the packaging of the Products, including the text used on that packaging, during the Class Period.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents which describe, evidence, memorialize, summarize or discuss all decisions about how to sell, market or advertise the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents which describe, evidence, memorialize, summarize or discuss the process for determining the content and design of the Products' packaging, including but not limited to the specific language and/or images to be included and where it should be located on the packaging.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.  EEP also objects to this request as generally overbroad and seeking information irrelevant and not proportional to the claims in this Case, including because it seeks documents reflecting "images and language considered and rejected."

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to show the packaging of the Products, including the text used on that packaging, during the Class Period

**REQUEST FOR PRODUCTION NO. 31:**

All documents constituting, summarizing or discussing data or information provided by measurement and data analytics companies and consultants (including

- 23 -

but not limited Nielsen and IRI) sufficient to show the sales and pricing of the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding EEP's national sales despite Plaintiffs' claims being limited to products purchased in California. EEP further objects to this request as duplicative and unnecessary in light of the information EEP will supply—once a stipulated protective order has been entered by the Court—in response to Interrogatories 5 and 7.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that describe, discuss or relate to the placement of the Products in stores and on your website (including within specific categories, sections and on store shelves).

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to the request for documents related to placement of products "on your website" as overbroad and unduly burdensome, as that could encompass nearly every document pertaining to the website.

- 24 -

**REQUEST FOR PRODUCTION NO. 33:**

All telephone and online scripts provided to any customer service representative or other employees responsible for communicating with consumers regarding the Products, including those which specifically discuss the Products safety, age suitability/ appropriateness, or choking risks.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce any responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 34:**

All documents that identify, describe, discuss, relate to, summarize or involve your procedure for handling consumer inquiries, complaints or communications regarding the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects that the requested documents are generally irrelevant and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that identify, describe, discuss, relate to, summarize or involve any complaint, concern, or question by a consumer regarding the Products (including logs, intake forms, communications).

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted EEP about the Products' safety or age

suitability during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 36:**

All communications between you and any third party, including consumers and vendors, regarding the packaging, marketing and/or advertising for the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents reflecting communications with consumers who contacted EEP about the Products' packaging, marketing, and/or advertising, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show your document preservation policy.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, irrelevant to Plaintiffs' claims, and disproportionate to the needs of this case.  EEP further objects to the extent this Request seeks production of documents protected by the attorney client privilege and/or attorney work product doctrine,

including any litigation hold memos or similar documentation.  EEP further objects that this Request is duplicative of Request #4.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and communications constituting, showing, or discussing any communications between you on the one hand and any state or local government or regulatory entity, federal agency, consumer group, or consumer protection entity, on the other hand, discussing the pricing, packaging, advertising or marketing of the Products, including but not limited to any consumer complaints on the pricing, packaging, advertising or marketing of the Products received by any such agencies or entities.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents constituting any and all segmentation surveys during the Class Period that are related to the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked

figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.  EEP further objects on the ground that the term "segmentation surveys" is undefined and vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify the Products' competitors, including their and your market share, for the sale of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to Plaintiffs' claims in this action, as Plaintiffs' allegations do not relate in any way to EEP's competitors, their market shares, or EEP's market shares.  Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Defendant submitted to the United States Consumer Product Safety Commission (CPSC) in response to any and all CPSC investigations of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP further objects to the term "CPSC investigations" as

undefined, vague, and ambiguous.  EEP also objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will produce documents sufficient to show EEP's regulatory reports to CPSC concerning incidents associated with the Products.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents Defendant submitted to the United States Consumer Product Safety Commission (CPSC) in response to CPSC's recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will produce documents sufficient to show CPSC's approval of the terms of the recall associated with certain of the Products.

**REQUEST FOR PRODUCTION NO. 44:**

All communications and correspondence between Defendant and the United States Consumer Product Safety Commission (CPSC) related to the CPSC's investigations of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP further objects to the term "CPSC investigations" as undefined, vague, and ambiguous. EEP also objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will produce documents sufficient to show EEP's regulatory reports to CPSC concerning incidents associated with the Products and the results of CPSC's investigations related to the Products.

**REQUEST FOR PRODUCTION NO. 45(a):**

All communications and correspondence between Defendant and the United States Consumer Product Safety Commission (CPSC) related to the CPSC's recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 45(a):**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked

figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will produce documents sufficient to show CPSC's approval of the terms of the recall associated with certain of the Products.

**REQUEST FOR PRODUCTION NO. 45(b):**

Documents sufficient to show the number of consumers who received a free replacement accessory as a result of the March 2023 recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 45(b):**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  EEP further objects to the extent the Request seeks documents and information for Products sold outside of California.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to identify the number of consumers in California who received a free replacement accessory as a result of the March 2023 recall of the Products, if any exist.

**REQUEST FOR PRODUCTION NO. 46:**

All communications and correspondence between Defendant and any and all retailers regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked

figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to show EEP's communications to retailers regarding the recall, if any exist.

**REQUEST FOR PRODUCTION NO. 47:**

All communications and correspondence between Defendant and any and all retailers regarding the CPSC's investigation of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP further objects to the term "CPSC investigations" as undefined, vague, and ambiguous.  EEP also objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents sufficient to show EEP's communications to retailers regarding the recall, if any exist.

**REQUEST FOR PRODUCTION NO. 48:**

All communications and correspondence between Defendant and any and all purchasers of the Products regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three.  While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome.  EEP further objects to this Request for Production to the extent it seeks production of the identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification.  EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents reflecting communications with consumers about the recall of certain Products during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 49:**

All communications and correspondence between Defendant and any and all users or caretakers of users of the Products regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein.  EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims.  In its motion to dismiss order, the

Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request for Production to the extent it seeks production of the identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents reflecting communications with consumers about the recall of certain Products during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 50:**

All communications and correspondence between Defendant and any and all consumers regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

disproportionate to the needs of this case and unduly burdensome. EEP further objects to this Request for Production to the extent it seeks production of the identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce documents reflecting communications with consumers about the recall of certain Products during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 51:**

All documents referencing and/or summarizing any and all communications and/or correspondence (including but not limited to, logs, customer service tools, reports, diaries, emails) between Defendant and any and all third parties regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

EEP incorporates its General Objection and Objections to Definitions and Instructions herein. EEP further objects to this Request as duplicative of Request Nos. 48, 49, and 50. EEP further objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While EEP disagrees with this ruling, so long as it remains in effect, the documents sought through this Request are not relevant to Plaintiffs' claims and the requests are disproportionate to the needs of this case and unduly burdensome. EEP further

objects to this Request for Production to the extent it seeks production of the identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, EEP will conduct a reasonable search for and produce (1) documents sufficient to show EEP's communications with retailers and consumers about the recall of certain Products during the Class Period, if any exist; and (2) call logs reflecting calls from consumers concerning the recall, if any exist – all subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

Dated: January 19, 2024           ARNOLD & PORTER KAYE SCHOLER LLP

                                  By: */s/ James F. Speyer*
                                  James F. Speyer
                                  Ian S. Hoffman

                                  Attorneys for Defendants
                                  EPOCH EVERLASTING PLAY, LLC and
                                  TARGET CORPORATION

DEFENDANT EPOCH EVERLASTING PLAY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No.: 2:23-cv-02567-ODW-SK

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of January, 2024, I served the foregoing document via e-mail, per agreement of the parties, on the following:

**MILSTEIN JACKSON
FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, California 90024
Tel: (310) 396-9600

*Counsel for Plaintiffs and the Proposed Class*

Dated: January 19, 2024        ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Ian S. Hoffman*
Ian S. Hoffman

Attorney for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION