# EXHIBIT 11

**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (admitted *pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendants*
EPOCH EVERLASTING PLAY, LLC
and TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated, KAREN SANTOS, individually and on behalf of all others situated,

Plaintiffs,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, TARGET CORPORATION, a Minnesota corporation, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**DEFENDANT TARGET CORPORATION RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**DEFENDANT TARGET CORPORATION, RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

Defendant Target Corporation, by and through its undersigned counsel, submits the following objections and responses to Plaintiffs' Requests for Production of Documents.

**PRELIMINARY STATEMENT / GENERAL OBJECTION**

Target has conducted a diligent investigation to date and undertaken a good-faith effort to respond to these Requests for Production and produce documents in a manner consistent with the Federal Rules of Civil Procedure. Target's investigation of Plaintiffs' claims and for information responsive to these Requests for Production is ongoing. Target therefore reserves the right to amend, supplement, correct, or clarify its responses and production, and to interpose additional objections if deemed necessary with subsequently discovered facts, witnesses, document, or things.

Target's responses to any Request for Production are without prejudice to any objections that it has asserted and/or may later assert at any hearing or trial in this action or in any other action.

To the extent these Requests for Production seek information or documents that Target deems confidential, Target will provide such responsive information subject to, and only upon entry of, a protective order governing the production of confidential information relevant to the claims brought by Plaintiffs in this action. None of Target's responses shall constitute an agreement to waive any protections provided by that protective order. Target objects to any request for confidential or proprietary information to the extent that disclosing such information cannot occur until the parties reach a joint protective order and the Court enters such a joint protective order.

Finally, Target objects to each Request for Production to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or other privileges, immunities, or legal protections against disclosure. Nothing contained herein is intended to be, nor shall in any way be construed as, waiving any attorney-client privilege, work product doctrine, right to privacy, or any other applicable privileges, immunities, or legal protections against disclosure.

## OBJECTIONS/RESPONSE TO DEFINITIONS AND INSTRUCTIONS

1. Target objects to the Definition of "Class Period" as "January 1, 2017 through the present." This date is beyond the applicable statute of limitations period and is arbitrary. Target will provide information applicable to the period of time relevant to the allegations of this action. Specifically, Target will provide information applicable to the time period Plaintiff has selected to define the putative class: January 30, 2019 to present. Herein, wherever Plaintiffs' Requests for Production request information within the "Class Period," any Target response will be confined to the putative class time period of January 30, 2019 to present.

2. Target objects to the Definition of "Communication" and "Document" to the extent they require Target to provide information from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure. Target further objects to these definitions to the extent they require Target to gather, review, and produce certain kinds of information, such as text messages, voicemail, and instant messages, that cannot be collected and reviewed without incurring substantial cost and burden, as overly broad, unduly burdensome, and seeking documents that are irrelevant and not proportional to the needs of the case. Moreover, Target also objects to the Definition of "Document" to the extent it purports to include non-final copies of documents, such as "preliminary versions, drafts, or other revisions," as such documents that

were neither used nor implemented can have no conceivable relevance to Plaintiffs' claims.

3. Target objects to the Definition of "Calico Critters" and "Products" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiffs fail to refer with any degree of certainty to which products "are at issue in this Action." Target will treat "Calico Critters" and "Products" as referring to those Calico Critters branded products that contain a flocked figure.

4. Target objects to the Definition of "Plaintiffs" on the grounds that it inaccurately identifies "Priscilla Herrera" as a plaintiff and fails to identify all plaintiffs to this action. Target will construe "Plaintiffs" to include only the named Plaintiffs in this action.

5. Target objects to the Definition of "You" and "Your" on the grounds that it seeks information not in Target's possession or requires Target to produce information and materials that are in the possession of entities or individuals other than Target—including Target's parents, predecessors, affiliates, and partners—or that are equally available to Plaintiffs through other sources. Target will respond to Interrogatories including "You" and "Your" on behalf of only Target.

6. Target objects to Instructions No. 10 as overbroad, unduly burdensome, and seeking information that is irrelevant and disproportionate to the needs of the case, including the request for the present or last known business address, occupation, title, and employer, person and work email addresses, and current occupation, title, and employer place of employment. Target will respond as relevant pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents referenced in your responses to Plaintiffs' Interrogatories.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 2:**

All documents you relied upon to respond to Plaintiffs' Interrogatories.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs fail to define "relied upon," which could include a vast array of documents that would not be proportionate to the needs of this case, and/or would be protected by the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 3:**

All documents referenced in your Rule 26(a) initial disclosures.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 4:**

Your document retention and document destruction policies in effect during the Class Period, including but not limited to your records management policy, legal hold

policy, any changes to the same over time, and any documents describing, discussing or explaining such policies.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, irrelevant to Plaintiffs' claims, and disproportionate to the needs of this case. Target further objects to the extent this Request seeks production of documents protected by the attorney client privilege and/or attorney work product doctrine, including any litigation hold memos or similar documentation.

**REQUEST FOR PRODUCTION NO. 5:**

All non-privileged documents which concern, discuss or refer to Plaintiff Williene Jackson-Jones.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target further objects to this Request for Production to the extent it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce responsive documents, if any exist, that predate the filing of Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION NO. 6:**

All non-privileged documents which concern, discuss or refer to Plaintiff Williene Jackson-Jones.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. EEP further objects to this Request for Production to the extent it seeks documents protected by attorney-client privilege or the work-product doctrine.

Target objects to this Request for Production as duplicative of Request for Production No. 5; however, Target will construe this Request as asking for responsive documents regarding Plaintiff Karen Santos.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce responsive documents, if any exist, that predate the filing of Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION NO. 7:**

Any insurance policy or indemnification agreement that may be applicable to the action or to the allocation of responsibility for paying any claims in this action and any correspondence relating to coverage or indemnification or possible indemnification for your activities as alleged in the Complaint.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein.  Target objects to this Request for Production to the extent is seeks information subject to attorney-client privilege or the work-product doctrine. Target further objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in that it seeks "any correspondence relating to" the policies and agreements requested.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents sufficient to identify any insurance policies or indemnification agreements applicable to the claims brought by Plaintiffs in this action.

**REQUEST FOR PRODUCTION NO. 8:**

Organizational charts or similar Documents sufficient to show all employees or personnel with responsibilities relating to the manufacture, labeling, marketing, advertising, distribution, or sale of the Products during the Class Period, including their departments and reporting relationships.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, as Target is merely a retailer through which EEP sells its products and thus has no role in the manufacture, labeling, marketing, advertising, distribution, or sale of EEP's products. Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all third party marketing companies (including but not limited to advertising, marketing and design agencies) you have retained or consulted with regarding the marketing and/or advertising (including the packaging) for the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, as Target is merely a retailer through which EEP sells its products and thus has no role in the marketing, or packaging of EEP's products. Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought

through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 10:**

All documents showing the names, addresses, telephone numbers and/or other contact information of any and all consumers known to you who purchased any of the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

**REQUEST FOR PRODUCTION NO. 11:**

All documents showing the names, addresses, telephone numbers and/or other contact information of any and all consumers who contacted you about the Products' safety during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While

Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted Target about the Products' safety related to a potential choking hazard from small parts during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 12:**

All documents showing the names, addresses, telephone numbers and/or other contact information of any and all consumers who contacted you about the Products' appropriateness or suitability for any age or age group (e.g. two-year olds, toddlers, etc.) during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information

sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted Target about the Products' age suitability during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 13 (originally identified as No. 6):**

Documents sufficient to identify each website, electronic data source, data repository, or any medium maintained by you or on your behalf that contains or has contained information relating to the Products or customers who have purchased the Products, including but not limited to mailing lists, digital marketing materials, and influencer outreach data.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 13 (originally identified as No. 6):**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this request because it is vague, ambiguous, and unintelligible. Target further objects to this Request for Production as it appears overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, including because it seeks discovery on discovery.

**REQUEST FOR PRODUCTION NO. 14:**

All documents sent to and received from the manufacturer, distributors, healthcare professionals, or government regulators discussing, regarding, or referring to the suitability of the Products for children under three years.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products are not for children under 3 years of age, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Target states that it will conduct a reasonable search for and will produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that summarize the total sales (in both units and dollars) of the Products sold by you in the United States during the Class Period. Please provide this information for each Product, by state, by the smallest temporal increment reflected in your records, and by monthly and annual increments.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding Target's national sales despite Plaintiffs' claims being limited to products purchased in California.

Subject to and without waiving the foregoing general and specific objections, Target refers Plaintiffs to its responses to Interrogatories 5 and 7, which will—once a stipulated protective order has been entered by the Court—provide information pertaining to the sales (in both units and dollars) of the Products sold in California during the Class Period.

**REQUEST FOR PRODUCTION NO. 16:**

All of your structured data or transaction-level data relating to the sale of the Products sold in the United States during the Class Period. Plaintiffs request this data in .txt, .csv, or similar flat file format. This Request includes: (a) the terms of each sale; (b) the invoice number; (c) the purchase order number; (d) the SKU; (e) the UPC; (f) the customer's name, phone number, address, email address; (g) the date of sale; (h) the quantity (and units) of each sale; (i) the sale price; (j) any discounts, rebates, credits, free goods, or any other pricing adjustment for each sale; (k) any fixed or variable costs or costs of good sold concerning the sale (including freight charge and transportation costs, sales and distribution costs, raw materials, intermediaries, marketing or sales costs, and any other cost attributed or allocated to the sale); (l) any structured database field summarizing terms of sale or agreements; and (m) any other data available in Your database concerning the purchase, sale, or distribution of the Products.

This Request also includes any dictionaries or internal style guides necessary to understand your structured data or transaction-level data.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks all manner of irrelevant information including without limitation regarding Target's national sales despite Plaintiffs' claims being limited to products purchased in California. EEP further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. EEP further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, Target refers Plaintiffs to its responses to Interrogatories 5 and 7, which will—once a stipulated protective order has been entered by the Court—provide information pertaining to the sales (in both units and dollars) of the Products sold in California during the Class Period.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents that list identify, describe, discuss and/or summarize any sales projections, sales quotas, or deviation from expected sales for the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to Target objects to this Request for Production as overbroad, unduly burdensome, and seeking documents that irrelevant and not proportional to Plaintiffs' claims in this action.

**<u>REQUEST FOR PRODUCTION NO. 18</u>:**

Copies of each and every label and packaging flat used for the Products during the Class Period.

**<u>OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 18:</u>**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, as Target is merely a retailer through which EEP sells its products and thus has no role in the labeling or packaging of EEP's products. Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to the request for "each and every label and packaging flat used" as overbroad and unduly burdensome.

**<u>REQUEST FOR PRODUCTION NO. 19</u>:**

Copies of all websites, including all webpages contained on those sites and drafts of webpages, and corresponding dates that those websites were accessible to the public, maintained by you or at your direction that advertised the Products during the Class Period.

**<u>OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 19:</u>**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While

Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. EEP further objects to the extent the Request asks EEP to identify dates associated with documents produced in response to this Request, as such a request would be beyond the requirements of Rule 34 of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, while Target will not collect or produce copies of webpages currently available online—as those are equally available to Plaintiffs—Target will make reasonable efforts to search for and produce copies of webpages containing descriptions of the Products that are no longer available on websites maintained by Target during the Class Period, if feasible.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all Advertisements for the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO.20:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects that the term "Advertisements" is undefined, vague, and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 21(a):**

All marketing research, studies, surveys, reports or other documents used by you in the marketing and advertising of the Products. This includes but is not limited to such documents discussing, summarizing, describing or otherwise sufficient to show the characteristics of consumers in the market to purchase the Products generally and specifically the (a) purchasing habits of said consumers, (b) how the product placement and/or effects of product placement on your consumers impacts their buying habits and perceptions, (c) the images and language on the packaging and their impacts on buying habits and perceptions, and (d) the effectiveness of the Products' packaging.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 21(a):**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to the phrase "other documents" as overbroad, vague, and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 21(b):**

All Documents constituting, summarizing or referring to any marketing research, studies, surveys, reports, legal requirements, or other materials used or considered by you in deciding to sell the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 21(b):**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to the phrases "legal requirements," "other materials," and "deciding to sell" as vague, ambiguous and overbroad.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify and describe your target market for the Products, including but not limited to demographics, education, income level and your strategy to get these consumers to buy the Products .

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all

flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 23(a):**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other Documents indicating that consumers were aware or were not aware that the Products are not safe for children under 3 years of age.[1]

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 23(a):**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to the phrase "or other Documents" as overbroad and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

[1] Plaintiffs refer to both this Request and the next as "Request for Production No. 23." For the sake of clarity, they are referred to as Request No. 23(a) and 23(b).

**<u>REQUEST FOR PRODUCTION NO. 23(b)</u>:**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other Documents indicating that consumers were aware or were not aware that the Products may pose a choking risk.

**<u>OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 23(b):</u>**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to the phrase "or other Documents" as overbroad and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**<u>REQUEST FOR PRODUCTION NO. 24</u>:**

All documents that identify, describe, or discuss the fact that the Products may pose a choking risk.

**<u>OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 24:</u>**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While

Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products pose a choking hazard, and as such the request is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, while Target will not collect or produce copies of webpages currently available online—as those are equally available to Plaintiffs—Target will make reasonable efforts to search for and produce copies of webpages containing descriptions of the Products that are no longer available on websites maintained by Target during the Class Period, if feasible.

**REQUEST FOR PRODUCTION NO. 25:**

All documents that identify, describe, or discuss the fact that the Products are not safe for children under 3 years of age.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request on the ground that each of the Products' labels and descriptions state that the Products pose a choking hazard, and as such the

request is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, while Target will not collect or produce copies of webpages currently available online—as those are equally available to Plaintiffs—Target will make reasonable efforts to search for and produce copies of webpages containing descriptions of the Products that are no longer available on websites maintained by Target during the Class Period, if feasible.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other documents indicating whether consumers purchased the Products for children under three years of age.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents constituting, summarizing or referring to any research, studies, investigation, surveys or other documents indicating whether consumers used the Products for children under three years of age.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to the phrase "or other Documents" as overbroad and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents (including but not limited to creative briefs, requests for proposals, presentations, drafts, mockups, campaign strategies and kickoffs) that describe, discuss or relate to or involve the design and/or content of the current and prior packaging of the Products, including but not limited to (a) communication and campaign strategies and plans; (b) marketing strategies; (c) decisions regarding the placement of specific statements and images on the packaging, and, (d) alternative images and language considered and rejected.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target also objects to this request as generally overbroad and seeking information irrelevant and not proportional to the claims in this case, including because it seeks documents reflecting "images and language considered and rejected."

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents which describe, evidence, memorialize, summarize or discuss all decisions about how to sell, market or advertise the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Target also objects to "how to sell" as vague and ambiguous and construes it as having the same meaning as marketing or advertising.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents which describe, evidence, memorialize, summarize or discuss the process for determining the content and design of the Products' webpage description and/or in-store advertising, including but not limited to the specific language and/or images to be included and where it should be located on the webpage and/or store shelves.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, as Target is merely a retailer through which EEP sells its products and thus has no role in the manufacture, labeling, marketing, advertising, distribution, or sale of EEP's products, and because Target does not sell Calico Critters products in its stores (other than some products purchased online and returned to stores). Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it will conduct a reasonable search for and produce documents sufficient to show the process by which vendors like EEP determine the content and design of their products' webpage descriptions.

**REQUEST FOR PRODUCTION NO. 31:**

All documents constituting, summarizing or discussing data or information provided by measurement and data analytics companies and consultants (including but not limited Nielsen and IRI) sufficient to show the sales and pricing of the Products during the Class Period.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action, as it seeks information regarding Target's national sales despite Plaintiffs' claims being limited to products purchased in California. Target further objects to this request as duplicative and unnecessary in light of the information Target will supply—once a stipulated protective order has been entered by the Court—in response to Interrogatories 5 and 7.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that describe, discuss or relate to the placement of the Products in stores and on your website (including within specific categories, sections and on store shelves).

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Target further objects to the request for documents related to placement of products "on your website" as overbroad and unduly burdensome, as that could encompass nearly every document pertaining to the website.

Subject to and without waiving the foregoing general and specific objections, while Target will not collect or produce copies of webpages currently available online—as those are equally available to Plaintiffs—Target will make reasonable efforts to search for and produce copies of webpages containing descriptions of the Products that are no longer available on websites maintained by Target during the Class Period, if feasible. Because Target does not sell Calico Critters products in its stores, Target does not believe any documents pertaining to the placement of such products in its stores exist. The only Calico Critters products sold in stores in California are those initially purchased by customers through Target's website, then returned to a Target store, then placed on the floor by Target, and then purchased by a customer.

**REQUEST FOR PRODUCTION NO. 33:**

All telephone and online scripts provided to any customer service representative or other employees responsible for communicating with consumers regarding the Products, including those which specifically discuss the Products safety, age suitability/ appropriateness, or choking risks.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information

sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents relating to the Products exist.

**REQUEST FOR PRODUCTION NO. 34:**

All documents that identify, describe, discuss, relate to, summarize or involve your procedure for handling consumer inquiries, complaints or communications regarding the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects that the requested documents are generally irrelevant and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents relating to the Products exist.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that identify, describe, discuss, relate to, summarize or involve any complaint, concern, or question by a consumer regarding the Products (including logs, intake forms, communications).

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted Target about the Products' safety or age suitability during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 36:**

All communications between you and any third party, including consumers and vendors, regarding the packaging, marketing and/or advertising for the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims, as Target is merely a retailer

through which EEP sells its products and thus has no role in the manufacture, labeling, marketing, advertising, distribution, or sale of EEP's products. Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted Target about the Products' packaging, marketing, and/or advertising, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show your document preservation policy.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, irrelevant to Plaintiffs' claims, and disproportionate to the needs of this case. Target further objects to the extent this Request seeks production of documents protected by the attorney client privilege and/or attorney work product doctrine, including any litigation hold memos or similar documentation.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and communications constituting, showing, or discussing any communications between you on the one hand and any state or local government or regulatory entity, federal agency, consumer group, or consumer protection entity, on

the other hand, discussing the pricing, packaging, advertising or marketing of the Products, including but not limited to any consumer complaints on the pricing, packaging, advertising or marketing of the Products received by any such agencies or entities.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents constituting any and all segmentation surveys during the Class Period that are related to the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information

sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify the Products' competitors, including their and your market share, for the sale of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Defendant submitted to the United States Consumer Product Safety Commission (CPSC) in response to any and all CPSC investigations of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While

Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents Defendant submitted to the United States Consumer Product Safety Commission (CPSC) in response to CPSC's recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 44:**

All communications and correspondence between Defendant and the United States Consumer Product Safety Commission (CPSC) related to the CPSC's investigations of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 45(a):**

All communications and correspondence between Defendant and the United States Consumer Product Safety Commission (CPSC) related to the CPSC's recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 45(a):**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target states that it has conducted a reasonable search and does not believe any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 45(b):**

Documents sufficient to show the number of consumers who received a free replacement accessory as a result of the March 2023 recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 45(b):**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. The recall did not direct customers to contact Target to obtain a replacement, but instead directed customers to contact EEP. Further, in its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 46:**

All communications and correspondence between Defendant and the manufacturer and any and all other retailers regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information

sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 47:**

All communications and correspondence between Defendant and the manufacturer and any and all other retailers regarding the CPSC's investigation of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce responsive documents, if any exist.

**REQUEST FOR PRODUCTION NO. 48:**

All communications and correspondence between Defendant and any and all purchasers of the Products regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad,

unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted Target about the recall during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 49:**

All communications and correspondence between Defendant and any and all users or caretakers of users of the Products regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information

sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted Target about the recall during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 50:**

All communications and correspondence between Defendant and any and all consumers regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome. Target further objects to this Request for Production as seeking identities and contact information of class members prior to class certification, as such information is

irrelevant to any issues prior to the class certification. Target further objects to this Request as it seeks consumers' personal data and information without a protective order entered by the Court to ensure appropriate treatment of such confidential information.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce documents reflecting communications with consumers that contacted Target about the recall during the Class Period, if any exist, subject to entry of an appropriate protective order and/or redaction of personally identifying consumer data, if feasible.

**REQUEST FOR PRODUCTION NO. 51:**

All documents referencing and/or summarizing any and all communications and/or correspondence (including but not limited to, logs, customer service tools, reports, diaries, emails) between Defendant and any and all third parties regarding the recall of the Products.

**OBJECTIONS/RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Target incorporates its General Objection and Objections to Definitions and Instructions herein. Target objects to this Request for Production as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims. In its motion to dismiss order, the Court interpreted the Small Parts Rule (16 C.F.R. § 1501.2) to mean that all flocked figures are automatically intended for children under the age of three. While Target disagrees with this ruling, so long as it remains in effect, the information sought through this Interrogatory is not relevant to Plaintiffs' claims and the Interrogatory is disproportionate to the needs of this case and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Target will conduct a reasonable search for and produce communications between Target and any third parties regarding the recall of the Products.

Dated: January 19, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James F. Speyer*
James F. Speyer
Ian S. Hoffman

Attorneys for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2024, I served the foregoing document via e-mail, per agreement of the parties, on the following:

**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, California 90024
Tel: (310) 396-9600

*Counsel for Plaintiffs and the Proposed Class*

Dated: January 19, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Ian S. Hoffman*
Ian S. Hoffman

Attorney for Defendants
EPOCH EVERLASTING PLAY, LLC and
TARGET CORPORATION