**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Kevin S. Asfour (SBN 228993)
*kevin.asfour@klgates.com*

One Congress Street, Suite 2900
Boston, MA 02114
Telephone: (617) 261-3100
Jennifer J. Nagle (*pro hac vice*)
*jennifer.nagle@klgates.com*
Robert W. Sparkes III (*pro hac vice*)
*robert.sparkes@klgates.com*
Michael R. Creta (*pro hac vice*)
*michael.creta@klgates.com*

Attorneys for Defendant Amazon.com Services LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated,

Plaintiff,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**NOTICE OF RE-FILING DECLARATION OF ROBERT MILLER IN SUPPORT OF PLAINTIFF'S APPLICATION TO SEAL CERTAIN OF AMAZON'S CONFIDENTIAL INFORMATION**

**NOTICE**

Please take notice that, pursuant to Local Rule 79-5.2.2(b), Defendant Amazon.com Services LLC ("Amazon") hereby re-submits the attached Declaration of Robert Miller, Amazon Corporate Counsel, in support of Plaintiff's application, pursuant to the parties' Stipulated Protective Order (Dkt. No. 59), to seal certain of Amazon's confidential information (Dkt. No. 112) (the "Application") referenced in Plaintiff's Renewed Motion for Class Certification (Dkt. No. 111).

In further support of the Application, Amazon states as follows:

On Thursday, October 9, 2025, Plaintiff filed her Renewed Motion for Class Certification (the "Motion") publicly and with a limited number of redactions. *See* Dkt. No. 111 at 8. With respect to Amazon, the redactions were applied to certain sales volume and revenue figures that were produced in discovery. The proposed redactions are identical to the redactions Plaintiff proposed and the Court accepted in connection with Plaintiff's application to seal the original Motion for Class Certification. (*See* Dkt. No. 63-1 at 11 (original Motion for Class Certification); Dkt. No. 75 (Court order granting Motion to File Under Seal).)

When Amazon produced the subject data in discovery, Amazon designated it as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Court-approved Stipulated Protective Order, which contemplates that parties may seek to protect "confidential, proprietary, and private materials and information," including "*financial information relating to the Producing Party's sales and revenues*." (Dkt. No. 59 at 2 (emphasis added).) Accordingly, Plaintiff properly redacted the "sales and revenues" figures that she referenced in the Motion and has properly sought leave to file an unredacted copy of the Motion *under seal*. As Plaintiff states in her Application, "[t]he content at issue in the Motion represents confidential, non-public, proprietary business information about the sale of Calico Critters flocked toys—including units sold and profits realized in California . . . ." (Application at 2.)

In support of Plaintiff's application to file the original Motion for Class Certification under seal, Amazon submitted the Declaration of Robert Miller, Amazon Corporate Counsel, on March 15, 2024. *See* Dkt. 65-1. Because Plaintiff's current Application seeks to seal the same information as her prior Court-granted application, Amazon re-submits the Miller Declaration—attached hereto as Exhibit A—in support of the current Application. In his declaration, Mr. Miller explained in part as follows:

> Amazon operates the Amazon.com store, where customers can purchase Calico Critters flocked products. Amazon competes with other retailers of Calico Critters flocked products, including the other defendants in this action. As part of its operations, Amazon develops and maintains sales data such as sales volume and revenue totals, including such data for Calico Critters flocked products (the "Calico Critters Sales Data"). Amazon's sales data for specific products, including the Calico Critters Sales Data, is confidential and commercially sensitive. Amazon uses reasonable means to protect its confidential information, including its Calico Critters Sales Data . . . . If the Calico Critters Sales Data is publicly disclosed, Amazon would suffer substantial harm and be placed at a competitive disadvantage in the marketplace . . . .

(*See* Exhibit A (Decl. of R. Miller) at ¶¶ 3–6.)

Federal courts in California, including in this district, have sealed proprietary sales information, such as that implicated here, in past cases. *See, e.g.*, *Perrin Bernard Supowitz, LLC v. Morales*, No. 2:22-cv-02120-ODW-JEMx, 2023 WL 4291473, at *1 (C.D. Cal. Apr. 24, 2023) (granting with modifications a motion to seal figures of, among other things, a party's "sales" and "profit margins"); *Bauer Bros. LLC v. Nike, Inc.*, No. 09-cv-500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting application to seal, among other things, Nike's "sales and retailer data"); *see*

*also Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal documents produced in discovery.") (citing Fed. R. Civ. P. 26(c)). For example, in *Morales*, this Court specifically concluded that "reveal[ing] sensitive pricing and profit information about Plaintiff's business, and the loss of confidentiality in this information would interfere with any business advantage Plaintiff may have rightfully gained for itself." 2023 WL 4291473, at *1.

Accordingly, Amazon respectfully submits that there is good cause to justify sealing the Amazon sales volume and revenue information that appears on page 8 of Plaintiff's Renewed Motion for Class Certification.

Dated: October 13, 2025

K&L GATES

By: *s/ Kevin S. Asfour*
Kevin S. Asfour
Jennifer J. Nagle
Robert W. Sparkes III
Michael R. Creta

*Attorneys for Defendant Amazon.com Services LLC*