**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 26321
sara@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273

*Attorneys for Plaintiff and the Class*

[Additional Counsel Listed on Signature Block]

**ARNOLD & PORTER KAYE SCHOLER LLP**
James F. Speyer (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000

*Attorneys Defendant Epoch Everlasting Play, LLC*

[Additional Counsel Listed on Signature Block]

**REED SMITH LLP**
Olivia M. Treister (SBN 341191)
otreister@reedsmith.com
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 457-8000

*Attorneys for Defendant Amazon.com Services LLC*

[Additional Counsel Listed on Signature Block]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated,

Plaintiff,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**JOINT STATUS REPORT FOLLOWING ORDER DENYING RENEWED MOTION FOR CLASS CERTIFICATION**

The Honorable Otis D. Wright
United States District Judge

## I. INTRODUCTION

Plaintiff Williene Jackson-Jones ("Plaintiff") and Defendants Epoch Everlasting Play, LLC ("Epoch") and Amazon.com Services LLC ("Amazon") (collectively, the "Parties"), by and through their respective counsel, jointly submit this Status Report following the Court's Order Denying Renewed Motion for Class Certification, entered April 29, 2026. ECF No. 129. The Court previously directed the Parties to file a joint status report, within fourteen days of the Court's order on the renewed motion for class certification, "proposing briefing schedules for any anticipated motions and proposing trial and pre-trial dates." ECF No. 110 at 2.

## II. BACKGROUND

This case is about Calico Critters flocked toys (the "Products"). Plaintiff alleges Defendants' marketing and sale of the Products violate California's Unfair Competition Law because these Products are legally classified as banned hazardous substances under the Federal Hazardous Substances Act, 15 U.S.C. § 1261, et seq. ("FHSA"), and should not be for sale. Defendants deny the allegations.

This Court previously certified the following class: "All persons in the state of California who purchased at least one of the Products, for personal use and not for re-sale, since January 30, 2019." ECF No. 92 at 12–13. The Ninth Circuit vacated that order on Article III standing grounds and remanded. ECF No. 107. On April 29, 2026, this Court denied Plaintiff's Renewed Motion for Class Certification with prejudice, finding Plaintiff an inadequate class representative under Rule 23(a)(4). *See generally* ECF No. 129. The Court directed the Parties to file this report within fourteen days. ECF No. 110 at 2.

## III. ANTICIPATED MOTIONS & PROPOSED SCHEDULE

**Defendants' Position:**

### A. All That Remains Of This Case Is The Named Plaintiff's Individual Claim For Less Than $500

As a result of the decisions of this Court and the Ninth Circuit, there are no longer any class claims or claims for injunctive relief in this case. The only claim remaining is the lone named Plaintiff's claim for restitution. Neither punitive damages nor statutory damages are available. Under Plaintiff's own theory, the maximum recovery that Plaintiff would be entitled to on her restitution claim is a full refund for the amount she spent on the eighteen (18) Calico Critters products that she alleges she bought. *See generally* ECF No. 118. This amounts to less than $500.

### B. Payment Of The Full Amount Sought Will Moot The Claim

When there are no class claims and injunctive relief is unavailable, a defendant may moot an individual plaintiff's claim by paying her the full amount she asserts she is owed. *See, e.g.*, *Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 952 (9th Cir. 2024) ("…a case becomes moot if the plaintiff actually receives all of the relief to which he or she is entitled on the claim") (internal quotation marks and citation omitted); *Dioquino v. United of Omaha Life Ins. Co.*, No. 20-CV-00167-BAS-RBB, 2021 WL 1378747, *4–*5 (S.D. Cal. Apr. 12, 2021) (finding claims moot where "Defendant issued Plaintiff a check for $1,244.76 plus interest, which it calculated to be the maximum amount she is owed…"); *Rueling v. MOBIT LLC*, No. CV-18-00568-PHX-BSB, 2018 WL 3159726, at *2–*5 (D. Ariz. June 28, 2018) (finding claim moot after the defendant "made a wire transfer of $5,000 to Plaintiff's bank account, without restrictions or conditions, and thus relinquished its interest in that amount to Plaintiff").[1]

[1] Although the complaint also seeks attorney's fees under California Code of Civil Procedure section 1021.5, no such fees are recoverable because an individual's recovery of $500 does not amount to the "significant benefit…conferred on the

In the next week, Defendants will pay Plaintiff the full amount she alleges she spent on the Calico Critters products at issue, plus interest. By June 12, 2026, Defendants will move for dismissal on mootness grounds of Plaintiff's lone remaining claim. Because the dismissal motion should end the case, there is no need for the Court to enter any schedule.

Defendants respectfully request that the Court take up their mootness motion as the first order of business and not enter a further schedule at this time.

**Plaintiff's Position:**

Plaintiff reserves all rights to respond to the mootness motion contemplated by Defendants at the appropriate time. However, Plaintiff recognizes that that motion presents a potentially dispositive issue. Accordingly, based on Defendants' representations in this joint status report as to the payment they intend to make and the motion they intend to file, Plaintiff proposes the following schedule. Absent resolution of this matter on mootness grounds, Plaintiff anticipates filing a Motion for Summary Judgment. The parties are in agreement only as to the briefing schedule set forth below on the mootness motion.

| Event | Date/ Deadline |
|---|---|
| Deadline to file Mootness Motion | June 12, 2026 |
| Opposition to Mootness Motion | June 22, 2026 |
| Reply to Mootness Motion | June 29, 2026 |
| Fact Discovery Cutoff | September 4, 2026 |
| Expert Disclosure Deadline | September 25, 2026 |
| Rebuttal Expert Deadline | October 5, 2026 |
| Expert Discovery Cutoff | October 16, 2026 |

---

general public or a large class of persons" required by the statute. In any event, even if fees were recoverable, "[t]he existence of an attorneys' fees claim…does not resuscitate an otherwise moot controversy." *Berry*, 115 F.4th at 952 (internal quotation marks and citation omitted).

| | |
|---|---|
| Last Day for Settlement Conference | October 25, 2026 |
| Last Day to Hear Dispositive Motions | December 14, 2026 |
| File Proposed Pretrial Conference Order Documents | January 18, 2027 |
| Deadline to File Motions in Limine | January 18, 2027 |
| Final Pre-Trial Conference at 1:30 p.m. | January 25, 2027 |
| Oppositions to Motions in Limine | January 25, 2027 |
| Hearing on Motions in Limine at 1:30 p.m. | February 8, 2027 |
| Final Trial Exhibit Stipulation Due | February 15, 2027 |
| Bench Trial at 9:00 a.m. | February 22, 2027 |

Dated: May 13, 2026

**WADE KILPELA SLADE, LLP**

By: */s/ Gillian L. Wade*

Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.

**DURHAM, PITTARD & SPALDING, LLP**
Justin R. Kaufman (*pro hac vice*)
jkaufman@dpslawgroup.com
Philip Kovnat (*pro hac vice*)
pkovnat@dpslawgroup.com
badass7125 Lincoln Ave., Suite 402
Santa Fe, NM 87501
Telephone: (888) 998-6688

**MARTIN WALKER**
Jack Walker (*pro hac vice*)
jwalker@martinwalker.com
121 N. Spring Ave.
Tyler, TX 75702
Telephone: (903)526-1600

*Attorneys for Plaintiff*

Dated: May 13, 2025

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ James Speyer*
James F. Speyer (State Bar No. 133114)

**ARNOLD & PORTER KAYE SCHOLER LLP**
Ian S. Hoffman (*pro hac vice*)
ian.hoffman@arnoldporter.com
William C. Perdue
william.perdue@arnoldporter.com
601 Massachusetts Avenue NW
Washington, DC 20001

Attorneys for Defendants
EPOCH EVERLASTING PLAY, LLC and TARGET CORPORATION

Dated: May 13, 2026

**REED SMITH LLP**

By: */s/ Jennifer Nagle*
Jennifer J. Nagle (*pro hac vice*)
JNagle@reedsmith.com
Robert W. Sparkes, III (*pro hac vice*)
RSparkes@reedsmith.com
Olivia M. Treister
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2700

Attorney for Defendant
AMAZON.COM SERVICES LLC

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.