**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (*pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendant*
EPOCH EVERLASTING PLAY, LLC

**REED SMITH LLP**
OLIVIA M. TREISTER (SBN 341191)
otreister@reedsmith.com
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 457-8000

JENNIFER J. NAGLE (*pro hac vice*)
jnagle@reedsmith.com
ROBERT W. SPARKES, III (*pro hac vice*)
rsparkes@reedsmith.com
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2700

*Attorneys for Defendant*
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated,

Plaintiff,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Date: July 13, 2026
Time: 1:30 p.m.
Judge: Hon. Otis D. Wright II
Crtrm.: 5D

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 13, 2026, at 1:30 p.m. at 350 W. 1st Street, Los Angeles, California 90012 in Courtroom 5D of the above-captioned Court, Defendants Epoch Everlasting Play, LLC ("EEP") and Amazon.com Services LLC ("Amazon") will and hereby do move the Court for an order granting Defendants' motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

This motion is based on this notice, the following memorandum, any arguments heard or considered by the Court, and any other matters the Court may properly consider.

Dated: June 12, 2026

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ James F. Speyer*
James F. Speyer (SBN 133114)

Ian S. Hoffman (*pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue NW
Washington, DC 20001

Attorneys for Defendant
EPOCH EVERLASTING PLAY, LLC

Dated: June 12, 2026

**REED SMITH LLP**

By: */s/ Olivia M. Treister*
Olivia M. Treister (SBN 341191)

Jennifer J. Nagle (*pro hac vice*)
jnagle@reedsmith.com
Robert W. Sparkes, III (*pro hac vice*)
rsarkes@reedsmith.com
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2700

Attorneys for Defendant
AMAZON.COM SERVICES LLC

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1
BACKGROUND .......... 1
LEGAL STANDARD .......... 2
ARGUMENT .......... 3
CONCLUSION .......... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple iPhone Antitrust Litig.*, 846 F.3d 313 (9th Cir. 2017) ........ 1

*Ballin v. Russ Bassett Corp. & Insperity PEO Servs.*, No. 17-CV-3981 PSG, 2017 WL 10527368 (C.D. Cal. Dec. 6, 2017) ........ 3

*Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 8537 (9th Cir. 2017) ........ 4

*Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948 (9th Cir. 2024) ........ 3, 4

*Cammermeyer v. Perry*, 97 F.3d 1235 (9th Cir. 1996) ........ 4

*Chen v. Allstate Ins. Co.*, 819 F.3d 1136 (9th Cir. 2016) ........ 2, 3

*Dioquino v. United of Omaha Life Ins. Co.*, No. 20-cv-00167-BAS-RBB, 2021 WL 1378747 (S.D. Cal. Apr. 12, 2021) ........ 3

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013) ........ 2

*Kouba v. Renzenberger, Inc.*, No. CIV 10-159 TUC FRZ (FEE), 2012 WL 7149410 (D. Ariz. July 6, 2012) ........ 3

*Kouba v. Renzenberger, Inc.*, No. CIV 10-159 TUC FRZ (LAB), 2013 WL 593458 (D. Ariz. Feb. 7, 2013) ........ 3

*Martinez v. Newsom*, 46 F.4th 965 (9th Cir. 2022) ........ 4

*Rueling v. MOBIT LLC*, No. CV-18-00568-PHX-BSB, 2018 WL 3159726 (D. Ariz. June 28, 2018) ........ 3

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) ........................................................................ 4

*Wood v. City of San Diego*,
678 F.3d 1075 (9th Cir. 2012) ................................................................ 1

Pursuant to the Court's order, ECF No. 131, Defendants Epoch Everlasting Play, LLC ("EEP") and Amazon.com Services LLC ("Amazon") (collectively, "Defendants") respectfully submit this motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and Rule 12(h)(3). For such motions, Rule 12 is the proper procedural vehicle even after the pleadings have closed. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, including for failure to allege injury sufficient for Article III standing, may be made at any time."); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) ("[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3) . . . .").

## INTRODUCTION

Due to the prior rulings of the Ninth Circuit and this Court, Plaintiff Williene Jackson-Jones ("Plaintiff") can seek relief only on her own behalf, and the only relief she can seek is restitution. Defendants have delivered to Plaintiff a cashier's check that provides her with the full amount she seeks in restitution. That payment moots her claims in their entirety, and dismissal is accordingly appropriate.

## BACKGROUND

This case is about Calico Critters flocked toys (the "Products"). Plaintiff alleges Defendants' marketing and sale of the Products violate California's Unfair Competition Law (UCL) because these Products are legally classified as banned hazardous substances under the Federal Hazardous Substances Act, 15 U.S.C. § 1261, et seq. ("FHSA"), and should not be sold. Plaintiff's complaint alleges three causes of action: 1) violation of the "unlawful" prong of the UCL, 2) violation of the "unfair" prong of the UCL, and 3) unjust enrichment. The complaint sought restitution and injunctive relief on behalf of a proposed class of tens of thousands of California buyers of the Products. ECF No. 1-1 at 29–32. The amount of restitution Plaintiff sought was "a refund of the full purchase price, or, alternatively, a portion of the purchase price." ECF No. 63-1 at 36.

This Court previously certified a class of California consumers of the products. ECF No. 92 at 12–13. The Ninth Circuit vacated that class certification order on the ground that Plaintiff lacked standing to seek injunctive relief and was accordingly an inadequate class representative. ECF No. 107. Following remand, Plaintiff filed a renewed motion for class certification that sought only restitution on behalf of the proposed class. ECF No. 108 at 3; ECF No. 111 at 8. On April 29, 2026, this Court denied that motion with prejudice, finding Plaintiff remains an inadequate class representative. *See generally* ECF No. 129. Thus, *the only claims remaining in this case are Plaintiff's individual claims for restitution*.

On May 27, 2026, Defendants delivered to Plaintiff, through her counsel, a cashier's check for the full amount of the purchase price for all of the Products she bought, plus interest. Decl. of I. Hoffman at ¶¶ 4–7; *id.* at Exhibits 1–4.

## LEGAL STANDARD

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 71–72 (internal quotation marks and citations omitted). One such intervening circumstance is where the plaintiff receives the full relief she seeks. This deprives her of a personal stake in the litigation and moots her lawsuit. *See Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 (9th Cir. 2016) ("Under Supreme Court and Ninth Circuit case law, a claim becomes moot when a plaintiff *actually receives* complete relief on that claim . . . .").

## ARGUMENT

### I. PLAINTIFF'S LAWSUIT IS MOOT BECAUSE SHE HAS RECEIVED COMPLETE RELIEF

When a plaintiff seeks only monetary relief on her own behalf, a defendant may moot her claim by fully addressing her alleged injury via payment of the full amount she asserts she is owed. *See Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 951–52 (9th Cir. 2024) (citing *Chen*, 819 F.3d at 1145) (affirming dismissal of claim as moot when "[a]fter [plaintiff] sued, the defendants voluntarily paid her the full amount they owed her, including penalties and interest"); *Ballin v. Russ Bassett Corp. & Insperity PEO Servs.*, No. 17-CV-3981 PSG, 2017 WL 10527368, at *3–*4 (C.D. Cal. Dec. 6, 2017) (citing *Chen*, 819 F.3d at 1138–45) (finding plaintiff's claims moot because "Defendant's unconditional payment in the form of a check to Plaintiff constitutes tender" and "Plaintiff's damages have been paid at the maximum amount to which she may be entitled; her injuries have been fully redressed"); *Dioquino v. United of Omaha Life Ins. Co.*, No. 20-cv-00167-BAS-RBB, 2021 WL 1378747, at *4–*5 (S.D. Cal. Apr. 12, 2021) (citing *Chen*, 819 F.3d at 1144) (finding "Plaintiff's claim for STD benefits is moot" after "Defendant issued Plaintiff a check for $1,244.76 plus interest, which it calculated to be the maximum amount she is owed under the STD Plan"); *Rueling v. MOBIT LLC*, No. CV-18-00568-PHX-BSB, 2018 WL 3159726, at *2–*5 (D. Ariz. June 28, 2018) (citing *Chen*, 819 F.3d at 1144–46) (finding claim moot after defendant "made a wire transfer of $5,000 to Plaintiff's bank account, without restrictions or conditions, and thus relinquished its interest in that amount to Plaintiff"); *Kouba v. Renzenberger, Inc.*, No. CIV 10-159 TUC FRZ (FEE), 2012 WL 7149410, at *1–*2 (D. Ariz. July 6, 2012), *report and recommendation adopted,* 2013 WL 593458 (D. Ariz. Feb. 7, 2013) (finding plaintiff's claim moot after "[defendant] tendered payment [via check] for the maximum amount of damages that [plaintiff] could receive" because "[e]ven if [plaintiff] won at trial, the court would be unable to

award him anything more than he has already been offered. His claim is no longer 'capable of legal or equitable redress.'" (citations omitted)).

Defendants have paid Plaintiff the maximum amount she claims she is owed: a full refund of the purchase price of the products, plus interest at the statutory maximum. *See supra* at 2. The payment is in the form of a cashier's check and is unconditional. Plaintiff need not dismiss her suit, accept an "offer," or perform any action in return for receiving that payment, and payment does not depend on dismissal of this case by the Court. Decl. of I. Hoffman at Exhibit 2; *id.*at ¶ 7; Decl. of R. Sparkes at ¶ 4. Her claim is accordingly no longer capable of legal or equitable redress. This moots her lawsuit and requires dismissal.[1]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss Plaintiff's lawsuit with prejudice.

[1] Plaintiff cannot avoid a finding of mootness by claiming she has not received attorney's fees or costs. Under settled Ninth Circuit law, a claim for attorney's fees or costs "does not resuscitate an otherwise moot controversy." *Berry*, 115 F.4th at 952 (quoting *Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996)) (affirming dismissal of claim as moot after defendants voluntarily paid full amount owed); *see also Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 866–67 (9th Cir. 2017) ("To the extent [plaintiff] suggests his interest in attorney fees and legal costs associated with this action is sufficient to avoid mootness, it has long been established that such costs standing alone are insufficient to confer Article III jurisdiction 'where none exists on the merits of the underlying claim.'"); *Martinez v. Newsom*, 46 F.4th 965, 972–73 (9th Cir. 2022) ("Since Plaintiffs' requests for injunctive relief against these defendants are moot, we turn to Plaintiffs' requests for a declaratory judgment and for attorneys' fees and costs. Neither form of relief, standing alone, can save Plaintiffs' claims."). And Plaintiff could not plausibly claim entitlement to attorney's fees or costs in any event: She has failed to obtain any injunctive relief, which is the "primary" relief available under the UCL, *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009), and has obtained monetary relief only for herself and not the tens of thousands of members of her purported class. A plaintiff who fails to obtain over 99.99% of the relief sought by her lawsuit cannot obtain attorney's fees or costs.

Dated: June 12, 2026

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ James F. Speyer*
James F. Speyer (SBN 133114)

Ian S. Hoffman (*pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue NW
Washington, DC 20001

Attorneys for Defendant
EPOCH EVERLASTING PLAY, LLC

Dated: June 12, 2026

**REED SMITH LLP**

By: */s/ Olivia M. Treister*
Olivia M. Treister (SBN 341191)

Jennifer J. Nagle (*pro hac vice*)
jnagle@reedsmith.com
Robert W. Sparkes, III (*pro hac vice*)
rsarkes@reedsmith.com
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2700

Attorneys for Defendant
AMAZON.COM SERVICES LLC

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned counsel of record for EPOCH EVERLASTING PLAY, LLC certifies that this brief contains 1,446 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 12, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James F. Speyer*
James F. Speyer
Ian S. Hoffman

Attorneys for Defendant
EPOCH EVERLASTING PLAY, LLC