**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (pro hac vice)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendant*
EPOCH EVERLASTING PLAY, LLC

**REED SMITH LLP**
OLIVIA M. TREISTER (SBN 341191)
otreister@reedsmith.com
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 457-8000

JENNIFER J. NAGLE (*pro hac vice*)
jnagle@reedsmith.com
ROBERT W. SPARKES, III (*pro hac vice*)
rsparkes@reedsmith.com
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2700

*Attorneys for Defendant*
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated,

Plaintiff,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**DECLARATION OF IAN S. HOFFMAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## DECLARATION

I, Ian S. Hoffman, declare and state as follows:

1. I am a partner at the law firm of Arnold & Porter Kaye Scholer LLP and represent Defendant Epoch Everlasting Play, LLC ("EEP") in the above-captioned action. I am admitted *pro hac vice* to appear before the United States District Court for the Central District of California.

2. I make this declaration in support of Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction. I have personal knowledge of the facts stated below and, if called upon, could and would testify competently thereto.

3. Attached hereto as **Exhibit 1** is a chart listing every Calico Critter product Plaintiff alleges to have purchased, the retailer from which she made the purchase, the date of the purchase, the price of that product, how that price was determined, and taxes and shipping fees Plaintiff paid. The total of all these expenses is $372.37.

4. On May 27, 2026, Defendants EEP and Amazon.com Services LLC ("Amazon"), through EEP's counsel at Arnold & Porter Kaye Scholer LLP, delivered to Plaintiff's counsel via messenger a letter signed by counsel for EEP. A true and correct copy of that letter is attached hereto as **Exhibit 2**.

5. Enclosed in that letter delivered on May 27, 2026, was a cashier's check, dated May 21, 2026, payable to Plaintiff in the total gross amount of $2,575.18. The payment of the cashier's check was authorized by and on behalf of EEP and Amazon. The "For" line on the check reads, "Payment on behalf of EEP and Amazon." A true and correct copy of that cashier's check is attached hereto as **Exhibit 3**.

6. Attached hereto as **Exhibit 4** is a true and correct copy of a proof of delivery provided by FedEx for delivery to Plaintiff's counsel of that letter with the enclosed cashier's check.

7. The letter explained that the check represents payment to Plaintiff from Defendants exceeding the maximum amount the Court could award her in restitution plus interest were she to succeed on all her claims against Defendants. The payment is unconditional and is not dependent upon dismissal. The payment is not an offer of settlement and should not be interpreted as such. Defendants relinquish all interest in the $2,575.18 cashier's check and acknowledge that the check and the underlying funds belong to Plaintiff.

8. On May 13, 2026, and on June 10, 2026, I conferred with Plaintiff's counsel regarding Defendants' Motion to Dismiss. During that June 10, 2026 conference, Plaintiff's counsel conveyed that Plaintiff is at this time not willing to consent to the Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed this 12th day of June, 2026, in Washington, D.C.

By: ______________________
Ian S. Hoffman