**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

[Additional counsel on signature page.]

*Attorneys for Plaintiff Williene Jackson-Jones*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WILLIENE JACKSON-JONES, individually and on behalf of all others situated,

Plaintiff

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No. 2:23-cv-02567-ODW-SK

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Date: July 13, 2026
Time: 1:30 p.m.
Judge: Hon. Otis D. Wright II
Crtrm.: 5D

**INTRODUCTION**

Plaintiff Williene Jackson-Jones ("Plaintiff") does not dispute Defendants' cashier's check moots her individual claim for restitution. Defendants have provided her the full purchase price of the Calico Critters products she bought, plus interest, and that form of relief is no longer in controversy.

But Defendants' motion does not stop there. They ask this Court to dismiss this action *with prejudice*, a result that would permanently extinguish Plaintiff's live claim for injunctive relief under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"), which has been pending since Plaintiff filed her complaint in the Los Angeles Superior Court in January 2023, and which Defendants themselves chose to remove federal court. Defendant's request is both legally unjustified and contrary to binding Ninth Circuit authority.

The Ninth Circuit held Plaintiff lacks Article III standing to seek injunctive relief in *federal* court. It never held, nor could have held, the injunctive relief claim does not exist, or that it is not viable in California state court, where Article III's constraints do not apply. When a federal court in a removed case determines that it lacks subject-matter jurisdiction, the remedy under 28 U.S.C. § 1447(c) is not dismissal but remand. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). Defendants' motion never references this authority, nor does it support its request for dismissal with prejudice with any controlling, let alone persuasive, legal justification.

The Court should grant Defendants' motion with respect to the individual restitution claim, which is moot, but deny the motion with respect to Plaintiff's injunctive relief claim. The proper disposition of the injunctive relief claim is severance and remand to Los Angeles Superior Court pursuant to 28 U.S.C. § 1447(c).

//

//

//

## ARGUMENT

### A. The Restitution Claim is Moot.

Plaintiff does not contest the portion of Defendants' motion concerning her claims for restitution. The Ninth Circuit's ruling established Plaintiff may seek relief only on an individual basis, and the only individual relief remaining was restitution. Defendants have now paid the full purchase price of all Products Plaintiff purchased, plus interest. Under, "a claim becomes moot when a plaintiff *actually receives* complete relief on that claim." *Chen v. Allstate Insurance Co.*, 819 F.3d 1136, 1138 (9th Cir. 2016) (emphasis in original). Because Defendants have provided complete relief on Plaintiff's individual restitution claim, that claim is moot and is no longer a live controversy for this Court to adjudicate. The Court should grant Defendants' motion to that extent.

### B. The Injunctive Relief Claims Remains Live and Was Never Dismissed.

Defendants treat the mootness of the restitution claim as if it resolves the entirety of this action. It does not. An independent claim for injunctive relief has been pending since Plaintiff filed this case, and nothing in the procedural history of this litigation has dismissed it.

Plaintiff's complaint, filed in the Los Angeles Superior Court in January 2023 and removed by Defendants, asserts claims under both the "unlawful" and "unfair" prongs of California's Unfair Competition Law, each of which independently authorizes injunctive relief. *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009). Injunctive relief is "the primary form of relief available under the UCL to protect consumers from unfair business practices," *id.*, a point Defendants themselves acknowledge. *See* Mot. at 4 n.1. The complaint seeks injunctive relief compelling Defendants to recall the Calico Critters products and refrain from their continued sale. *See* Compl. ¶¶ 83–84, 94–95. That prayer for relief has never been stricken, dismissed, or adjudicated on the merits.

The Ninth Circuit's ruling addressed standing, not the merits. The court held that Plaintiff lacks Article III standing to seek injunctive relief in federal court because she cannot demonstrate a sufficiently concrete threat of future injury under federal constitutional standards. ECF No. 107. That is a ruling about subject matter jurisdiction, i.e. this Court's power to adjudicate the injunctive relief claim. It is not a holding that the claim fails under California law, nor could it be. Article III is a federal constitutional constraint that defines the jurisdiction of federal courts; it does not speak to whether a California court may adjudicate a claim for injunctive relief under the UCL. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("the constraints of Article III do not apply to state courts").

The class certification denial is similarly irrelevant. The Court's April 29, 2026 order denying class certification was predicated on a lack of adequacy under Federal Rule of Civil Procedure 23(a)(4). *See* ECF No. 129. It did not adjudicate, let alone dismiss, the underlying injunctive relief claim. Plaintiff's claim for injunctive relief was asserted throughout this litigation, including in both class certification motions, precisely because it is the central remedy available under the UCL.

Defendants' motion simply ignores the injunctive relief claim. Their entire argument proceeds as though Plaintiff's only remaining claim was for individual restitution, a premise that is incorrect. Defendants "bear the burden of establishing that a case is moot." *Meland v. Weber*, 2 F.4th 838, 849 (9th Cir. 2021). By failing to address the injunctive relief claim at all, Defendants have not met that burden with respect to it, underscoring that the claim remains unresolved.

### C. The Correct Remedy Is Remand, Not Dismissal.

#### 1. When Article III Standing Is Absent in a Removed Case, Remand Is the Default Under § 1447(c).

When a federal court in a removed case determines that it lacks subject-matter jurisdiction, the governing statute mandates a specific remedy: remand. Section 1447(c) provides: "If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). That mandatory language applies with full force here.

Ninth Circuit authority further compels remand. In *Polo v. Innoventions International, LLC*, 833 F.3d 1193 (9th Cir. 2016), the defendant removed a class action asserting several claims, including a claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA"), from California state court to federal court. The district court found the plaintiff's claim had been mooted by a full refund and dismissed the action rather than remanding it. The Ninth Circuit reversed, holding the obligation to remand under § 1447(c) applies whenever a federal court in a removed case "'lacks subject matter jurisdiction,'" and that "the district court generally must remand the case to state court, rather than dismiss it." *Id.* at 1196 (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). The court also noted: "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Id.* (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

The *Polo* court further noted this rule applies equally to cases removed under the Class Action Fairness Act of 2005 ("CAFA"). *Id.* ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). Moreover, the court noted remand was *not futile* because California law does not permit a defendant to defeat a CLRA class action by "picking off" the named plaintiff with a refund after she has asserted class claims. *Id.* at 1198–99 (citing *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 642 (2009). Accordingly, the Ninth Circuit ordered the case remanded to state court. *Id.* at 1199. Here, because (1) the Court lacks subject matter jurisdiction, (2) California state court is not bound by the constraints of Article III, and (3) remand is not futile, *Polo* controls and this matter should be remanded to state court pursuant to 28 U.S.C. § 1447(c).

This principle has repeatedly been affirmed. In *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956 (9th Cir. 2017), the Ninth Circuit noted: "[a]s a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court." *Id*. at 970 n.8 (citing 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196). The Supreme Court recently confirmed the same in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). Addressing a removed case in which the plaintiff eliminated the federal claims that had provided the basis for removal, the Court held that the case had to be remanded to state court. The Court explained: "'[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction,' the case must be 'remanded' to state court. §1447(c). That is because, to return to where we started, federal courts are courts of limited jurisdiction: When they do not have (or no longer have) authorization to resolve a suit, they must hand it over." *Id*. at 28. The same logic applies here with equal force. This Court no longer has authorization to resolve the injunctive relief claim as a federal matter. It should return the matter to the Los Angeles Superior Court where the claims were first asserted.

### 2. When Standing Is Absent for Only Some Relief, the Standing-Deficient Portion Should Be Severed and Remanded.

Defendants' motion rests on a false binary: either the Court has jurisdiction over the entire case, or it dismisses the entire case. The law recognizes a third option that is appropriate precisely here — severance and remand of the standing-deficient claim to state court while the federal portion is resolved (or, as here, dismissed as conceded).

The Ninth Circuit has expressly recognized this option, albeit without resolving it in a context like this one. In *Davidson*, the *en banc* court noted: "We do not resolve here whether severance and remand, as opposed to dismissal, is the appropriate option where standing is lacking for only some claims or forms of relief." 889 F.3d at 970

n.8. The court left that question open because it found standing existed on the facts before it. *Id.* at 971–72. Here, where standing is concededly absent for injunctive relief, but where that claim is live and viable in state court, the question is squarely presented — and the answer is severance and remand.

District courts within this Circuit have exercised precisely this discretion. In *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954 (N.D. Cal. 2015), the court held that it "has the discretion to order a remand rather than a dismissal of the injunctive relief portions of plaintiff's claims" where the plaintiff lacked Article III standing to seek injunctive relief in federal court. *Id.* at 961. In remanding the injunctive portions of the plaintiff's claims to state court, the *Machlan* court noted:

> A California state court ought to decide whether injunctive relief is appropriate for plaintiff's claims. Respect for comity and federalism compel that conclusion, and just tossing aside the state's injunction remedy because of this Court's limited jurisdiction is an unwarranted federal intrusion into California's interests and laws.

*Id*. Similarly, in *Martinez-Graciano v. JRA Trademark Co*., No. EDCV 24-2529 JGB (SPx), 2025 U.S. Dist. LEXIS 35767 (C.D. Cal. Feb. 27, 2025), the court remanded the action to state court due to lack of subject matter jurisdiction (1) over the plaintiff's claims for restitution based on Ninth Circuit precedent on equitable jurisdiction (*Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020) and (2) over the plaintiff's claims for injunctive relief based on the lack of an plausible allegation of future harm. *Id.* at *6-8 (C.D. Cal. Feb. 27, 2025) ("The Court lacks jurisdiction over both of Plaintiff's claims, and so must remand to state court.").

Accordingly, because Article III poses a jurisdictional limitation only on this Court—not on the California courts where this action originated—the Court should sever the standing-deficient claim for injunctive relief and remand it to the Los Angeles Superior Court rather than extinguish it through dismissal. To hold otherwise would transform Article III from a limitation on federal judicial power into a

mechanism for extinguishing state-law remedies that California courts remain fully empowered to adjudicate.

**3. The Injunctive Relief Claim Is Fully Cognizable in California State Court.**

The reason remand is appropriate, and not a futile exercise, is that the injunctive relief claim is viable in California state court under California law. The Ninth Circuit's Article III ruling does not follow Plaintiff into state court. "The constraints of Article III do not apply to state courts." *ASARCO*, 490 U.S. at 617. California has its own standing doctrine, which does not impose the same "real and immediate threat of repeated injury" requirement that forecloses injunctive relief under Article III in federal court. *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). Plaintiff's UCL claims, including her prayer for injunctive relief, are cognizable state-law claims that California courts are fully competent to adjudicate.

Injunctive relief is, moreover, the primary remedy the UCL was designed to provide. *In re Tobacco II*, 46 Cal. 4th at 319. Allowing Defendants to use federal removal jurisdiction as a mechanism to permanently strip Plaintiff of that relief would be, as the Ninth Circuit has recognized, "'an unnecessary affront to federal and state comity . . . [and] an unwarranted federal intrusion into California's interests and laws." *Davidson*, 889 F.3d at 970 (quoting *Machlan*, 77 F. Supp. 3d at 961). This Court should decline to permit that result.

**D. Dismissal with Prejudice is Doubly Improper.**

Even setting aside the injunctive relief issue, Defendants' request for dismissal *with prejudice* is independently unjustified. Defendants provide no authority for a with-prejudice dismissal grounded solely in lack of subject-matter jurisdiction. Critically, this Court lacks the power to enter a merits adjudication it does not have jurisdiction to make. A dismissal for lack of subject-matter jurisdiction is by definition not a judgment on the merits. *See Polo*, 833 F.3d at 1197 ("It rendered no judgment on the merits of that claim."). It cannot, consistent with due process and the

principles of *res judicata*, preclude Plaintiff from pursuing the injunctive relief claim in a court that has jurisdiction to hear it. Every case Defendants cite in support of their mootness argument simply affirms dismissal or holds that the claim is no longer justiciable in federal court. None of them supports a with-prejudice dismissal that would bar the claim in state court as well. Defendants' request for that relief should be denied.

## CONCLUSION

Plaintiff does not contest that her individual restitution claim is moot. The Court should grant Defendants' motion to that extent. However, the Court should deny Defendants' motion as to Plaintiff's injunctive relief claim. That claim has been pending since the inception of this litigation, was never dismissed, and remains fully viable under California law in California state court. This Court's lack of Article III jurisdiction over that claim is not a basis for dismissal, but a basis for remand. The Court should sever the injunctive relief claim and remand it to Los Angeles Superior Court pursuant to 28 U.S.C. § 1447(c). Dismissal with prejudice, as Defendants seek, is foreclosed by binding Ninth Circuit authority and would permanently extinguish a live state-law claim that Defendants themselves chose to remove from its proper forum.

Dated: June 22, 2026

**WADE KILPELA SLADE, LLP**

By: GWade
Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.

**DURHAM, PITTARD & SPALDING, LLP**
Justin R. Kaufman (*pro hac vice*)
jkaufman@dpslawgroup.com
Philip Kovnat (*pro hac vice*)
pkovnat@dpslawgroup.com
125 Lincoln Ave., Suite 402
Santa Fe, NM 87501
Telephone: (888) 998-6688

**MARTIN WALKER**
Jack Walker (*pro hac vice*)
jwalker@martinwalker.com
121 N. Spring Ave.
Tyler, TX 75702
Telephone: (903)526-1600

*Attorneys for Plaintiff Williene Jackson-Jones*

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned, counsel of record for Plaintiff Williene Jackson-Jones, certifies that this brief contains 2,555 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 22, 2026 **WADE KILPELA SLADE, LLP**

By: GWade

Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.

**DURHAM, PITTARD & SPALDING, LLP**
Justin R. Kaufman (*pro hac vice*)
jkaufman@dpslawgroup.com
Philip Kovnat (*pro hac vice*)
pkovnat@dpslawgroup.com
505 Cerillos Rd., Ste. A209
Santa Fe, NM 87501
Telephone: (505)986-0600

**MARTIN WALKER**
Jack Walker (*pro hac vice*)
jwalker@martinwalker.com
121 N. Spring Ave.
Tyler, TX 75702
Telephone: (903)526-1600

*Attorneys for Plaintiff and the Proposed Class*