**ARNOLD & PORTER KAYE SCHOLER LLP**
JAMES F. SPEYER (Bar No. 133114)
james.speyer@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

IAN S. HOFFMAN (*pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Telephone: +1 202.942.6406
Facsimile: +1 202.942.5999

*Attorneys for Defendant*
EPOCH EVERLASTING PLAY, LLC

**REED SMITH LLP**
OLIVIA M. TREISTER (SBN 341191)
otreister@reedsmith.com
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 457-8000

JENNIFER J. NAGLE (*pro hac vice*)
jnagle@reedsmith.com
ROBERT W. SPARKES, III (*pro hac vice*)
rsparkes@reedsmith.com
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2700

*Attorneys for Defendant*
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIENE JACKSON-JONES, individually and on behalf of all others situated,

Plaintiff,

vs.

EPOCH EVERLASTING PLAY, LLC, a Delaware limited liability company, and AMAZON.COM SERVICES LLC, a Delaware corporation,

Defendants.

Case No.: 2:23-cv-02567-ODW-SK

**REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

| | |
|---|---|
| Date: | July 13, 2026 |
| Time: | 1:30 p.m. |
| Judge: | Hon. Otis D. Wright II |
| Crtrm.: | 5D |

# TABLE OF CONTENTS


Page

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. PLAINTIFF CONCEDES THERE IS NOTHING LEFT FOR THIS COURT TO ADJUDICATE ..... 2

II. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR SEVERANCE AND REMAND FOR FOUR REASONS ..... 2

A. Plaintiff Cannot Seek Affirmative Relief Via An Opposition ..... 2

B. Severance And Remand Of The Request For Injunctive Relief Amount To Impermissible Claim Splitting ..... 3

C. Plaintiff Failed To Carry Her Burden To Show Her Claim Would Be Viable In State Court ..... 4

D. Severance And Remand Would Be Futile In Any Event ..... 5

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991) ....................5

*Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143 (C.D. Cal. Mar. 24, 2016) ....................3, 4

*Californians for Disability Rts. v. Mervyn's, LLC*, 39 Cal. 4th 223 (2006) ....................5

*Chuang v. Dr Pepper Snapple Grp., Inc.*, No. CV 17-1875-MWF(MRWX), 2017 WL 2463951 (C.D. Cal. June 7, 2017) ....................3, 4

*Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905 (9th Cir. 2022) ....................5

*Goldwater v. Atlas Van Lines, Inc.*, No. 8:20-CV-3086-KKM-JSS, 2021 WL 1020994 (M.D. Fla. Mar. 17, 2021) ....................3

*Gonzales v. Comcast Corp.*, No. 1:10-CV-01010-LJO, 2012 WL 217708 (E.D. Cal. Jan. 23, 2012) ....................5

*Gonzales v. Comcast Corp.*, No. 10-CV-01010-LJO-BAM, 2012 WL 10621 (E.D. Cal. Jan. 3, 2012) ....................5

*Harrell v. California State Univ.*, 745 F. Supp. 3d 922 (N.D. Cal. 2024) ....................4

*Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954 (N.D. Cal. 2015) ....................4

*Mayes v. Am. Hallmark Ins. Co. of Texas*, No. 22-35075, 2024 WL 3899231 (9th Cir. Aug. 22, 2024) ....................5

*Mezzadri v. Med. Depot, Inc.*, 113 F. Supp. 3d 1061 (S.D. Cal. 2015) ....................4

*Omer G. G. v. Kaiser*,
815 F. Supp. 3d 1098 (E.D. Cal. 2025) ....................................................... 2

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
223 Cal. App. 4th 1105 (2014), *as modified on denial of reh'g* (Feb. 27, 2014) ....................................................... 6

*Prime Healthcare Servs.-Lehigh Acres, LLC v. Blue Cross Blue Shield of Fla., Inc.*,
No. 3:20-CV-988-J-34JBT, 2020 WL 6273744 (M.D. Fla. Oct. 26, 2020) ....................................................... 3

*RG Abrams Ins. v. L. Offs. of C.R. Abrams*,
342 F.R.D. 461 (C.D. Cal. 2022) ....................................................... 2

*Sauk-Suiattle Indian Tribe v. City of Seattle*,
56 F.4th 1179 (9th Cir. 2022) ....................................................... 5

*Strojnik v. Driftwood Hosp. Mgmt., LLC*,
No. 21-16060, 2022 WL 1642234 (9th Cir. May 24, 2022) ....................................................... 5

*Troyk v. Farmers Grp., Inc.*,
171 Cal. App. 4th 1305 (2009) ....................................................... 5

*United States v. Hayes*,
515 U.S. 737 (1995) ....................................................... 5

*Yamindi v. Osmer*,
No. 2:22-CV-00961-LK, 2023 WL 3093127 (W.D. Wash. Apr. 26, 2023) ....................................................... 2

**Statutes**

28 U.S.C. § 1447(c) ....................................................... 2

Cal. Bus. & Prof. Code § 17204 ....................................................... 5

**Court Rules**

Fed. R. Civ. P. 7(b) ....................................................... 3

Fed. R. Civ. P. 7(b)(1) ....................................................... 2

## INTRODUCTION

This motion is based on the premises that (1) all that remains in this case is Plaintiff's individual claim for restitution, and (2) Defendants' payment of the full amount Plaintiff seeks has mooted that claim. *Plaintiff expressly concedes both premises*. Indeed, shortly before Defendants filed this motion, Plaintiff cashed the cashier's check Defendants sent to her, representing the amount Plaintiff spent to buy the products in issue, plus interest. Declaration of J. Speyer at ¶ 3. By cashing this check, Plaintiff has chosen to negate her claimed injury and eliminate whatever remaining stake she had in this matter.

Although nothing remains for this Court to adjudicate, Plaintiff insists that dismissal is not appropriate. Instead, she asks for "severance and remand" of the injunctive relief portion of her claim because that claim is "viable" in California state court. ECF No. 133 ("Opp.") at 6–8. The Court should deny Plaintiff's request for four reasons.

*First*, Plaintiff cannot seek affirmative relief through her opposition to Defendants' motion.

*Second*, the relief she seeks—severance and remand of just her request for injunctive relief—would constitute impermissible claim splitting.

*Third*, even if she could seek this affirmative relief via her opposition, she has failed to carry her burden of proving her entitlement to such relief. Her opposition contains no showing whatsoever that her claim would be viable in state court.

*Fourth*, Plaintiff would not in fact have a viable claim in California state court. To have standing to maintain her Unfair Competition Law (UCL) claim in state court (for any form of relief), Plaintiff must plead and prove that she "lost money or property" due to a UCL violation. Under settled California law, this standing must exist at all times until judgment is entered. By cashing the cashier's check, Plaintiff has erased whatever injury she might have suffered when she bought the products; she accordingly cannot show the "lost money or property" required to maintain her standing. This

would render a remand futile, and in such circumstances dismissal is the appropriate outcome.

## ARGUMENT

### I. PLAINTIFF CONCEDES THERE IS NOTHING LEFT FOR THIS COURT TO ADJUDICATE

Plaintiff concedes that the only claim remaining in this case is her individual claim for restitution, and that Defendants have mooted that claim by fully refunding, with interest, the amounts she paid for the products in question. Opp. at 3 (stating because "Defendants have provided complete relief" on the "only individual [claim for] relief remaining," the claim is "moot"). By cashing the check Defendants provided, Decl. of J. Speyer at ¶ 3, Plaintiff has chosen to eliminate any stake she had in the matter, leaving nothing for this Court to adjudicate.

### II. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR SEVERANCE AND REMAND FOR FOUR REASONS

While conceding there is "no longer a live controversy for this Court to adjudicate," Opp. at 3, Plaintiff nevertheless opposes dismissal. Instead, invoking 28 U.S.C. § 1447(c), she asks this Court to sever and remand the injunctive relief portion of her claim. Opp. at 6–8. The Court should deny her request for four reasons.

**A. Plaintiff Cannot Seek Affirmative Relief Via An Opposition**

"[A party] may not seek affirmative relief through their opposition to [a] Motion. Courts in this and other districts have concluded that a request for affirmative relief is not proper when raised for the first time in an opposition." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 530 (C.D. Cal. 2022) (collecting cases); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made *by motion*." (emphasis added)). Courts have repeatedly found remand and severance to be forms of affirmative relief that cannot be granted when raised in an opposition filing. *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1105 n.3 (E.D. Cal. 2025) (denying request to sever and strike parties raised in opposition); *Yamindi v. Osmer*, No. 2:22-CV-00961-LK, 2023 WL 3093127, at *5 (W.D. Wash. Apr. 26, 2023) (denying request to sever claims raised in

opposition); *Goldwater v. Atlas Van Lines, Inc.*, No. 8:20-CV-3086-KKM-JSS, 2021 WL 1020994, at *1 (M.D. Fla. Mar. 17, 2021) ("A request for affirmative relief, such as a remand to state court, is not properly raised when included in an opposition to another motion."); *Prime Healthcare Servs.-Lehigh Acres, LLC v. Blue Cross Blue Shield of Fla., Inc.*, No. 3:20-CV-988-J-34JBT, 2020 WL 6273744, at *1 (M.D. Fla. Oct. 26, 2020) ("[I]t appears that Plaintiff has imbedded within the Response a request for the Court to remand this action to state court. However, a request for affirmative relief from the Court, such as an order remanding this action to state court, must be made by separate motion." (citations to Fed. R. Civ. P. 7(b) and filing omitted)).

**B. Severance And Remand Of The Request For Injunctive Relief Amount To Impermissible Claim Splitting**

Plaintiff requests the Court sever her "prayer for injunctive relief," Opp. at 8, from the rest of her UCL causes of action and remand only that prayer to state court, *id.* at 2, 5–8. Because that would constitute impermissible claim splitting, courts have repeatedly denied requests like Plaintiff's.

In light of California's well-established prohibition against claim-splitting, the courts of this circuit have repeatedly refused to split remedies from claims. *See Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143, at *3 (C.D. Cal. Mar. 24, 2016) ("Plaintiff is seeking not to remand a *claim* but to remand a specific *remedy*. Neither the text of 28 U.S.C. § 1447(c) nor the policies underlying CAFA support such claim-splitting. . . . More important still, splitting a claim between state and federal courts would result in an incredible waste of litigation resources." (citations omitted)); *Chuang v. Dr Pepper Snapple Grp., Inc.*, No. CV 17-1875-MWF(MRWX), 2017 WL 2463951, at *2 (C.D. Cal. June 7, 2017) ("[T]he Court may not remand only the request for injunctive relief. . . . Plaintiff seeks to remand a particular form of relief, not a standalone claim. Permitting two very similar lawsuits to go forward—one suit in this Court for damages, and a second, otherwise identical, suit in Superior Court for an injunction—'would produce immense inefficiencies.' *Cabral*, 2016 WL 1180143, at *4. It would also violate California's

primary rights doctrine . . . ."); *Mezzadri v. Med. Depot, Inc.*, 113 F. Supp. 3d 1061, 1063–66 (S.D. Cal. 2015) ("California courts have held that injunctive relief is not a separate cause of action, instead being contained within the primary right of the underlying cause of action. The theory prohibits courts from splitting a cause of action unless an exceptional circumstance is presented. . . . [T]he Court is convinced that remanding solely a remedy is not a sound approach." (citations omitted)); *Harrell v. California State Univ.*, 745 F. Supp. 3d 922, 934 (N.D. Cal. 2024) ("[R]emanding solely a remedy is not a sound approach." (quoting *Mezzadri*, 113 F. Supp. 3d at 1066)).

Plaintiff cites, Opp. at 7, only one case where the court severed an injunctive relief portion of a claim and remanded to state court: *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954 (N.D. Cal. 2015). Subsequent opinions have almost universally rejected that opinion as wrongly decided. *See, e.g.*, *Mezzadri*, 113 F. Supp. 3d at 1066 ("*Machlan* does not bind this Court and the Court determines the holding in that case to be unworkable once a federal court has determined that subject matter jurisdiction does not exist."); *Cabral*, 2016 WL 1180143, at *4 ("The Court respectfully disagrees with the reasoning in *Machlan*."); *Chuang*, 2017 WL 2463951, at *3 ("Plaintiff, while recognizing the Court's previous decision in *Cabral*, disagrees with the Court's reasoning and urges the Court instead to adopt the reasoning of *Machlan*. The Court refuses Plaintiff's invitation . . . ."). *Machlan* is not binding authority and, in light of its subsequent treatment, has no persuasive weight.

### C. Plaintiff Failed To Carry Her Burden To Show Her Claim Would Be Viable In State Court

Even if it were appropriate for Plaintiff to request in her opposition severance and remand of a remedy, that request would still fail because she has not satisfied her burden of proof. Plaintiff concedes that remand is only appropriate if the remand would not be "futile"—that is, if her claim for injunctive relief would be "viable in California state court under California law." Opp. at 5, 8. While she asserts that "California has its own standing doctrine," which does not impose the same requirements as Article III, *id.* at 8, she offers no evidence or legal argument to show that she in fact satisfies

California's standing doctrine. This dooms her request, because "it is axiomatic that Plaintiffs bear the burden of demonstrating their own standing." *Gonzales v. Comcast Corp.*, No. 10-CV-01010-LJO-BAM, 2012 WL 10621, at *5 (E.D. Cal. Jan. 3, 2012) (citing *United States v. Hayes*, 515 U.S. 737, 743 (1995)), *report and recommendation adopted*, No. 1:10-CV-01010-LJO, 2012 WL 217708 (E.D. Cal. Jan. 23, 2012).

**D. Severance And Remand Would Be Futile In Any Event**

"Where the remand to state court would be futile," the district court may dismiss a removed action for lack of subject-matter jurisdiction instead of remanding it. *Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991) (affirming dismissal of removed case after finding of no subject matter jurisdiction). Under such circumstances, "[d]istrict court resolution of the entire case prevents any further waste of valuable judicial time and resources." *Id.* at 1425. In recent years, the Ninth Circuit has repeatedly cited this futility principle to affirm the dismissal of removed cases when remand to state court would do nothing but waste additional time and resources. *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (affirming dismissal instead of remand); *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1190 (9th Cir. 2022) (same); *Mayes v. Am. Hallmark Ins. Co. of Texas*, No. 22-35075, 2024 WL 3899231, at *1 (9th Cir. Aug. 22, 2024) (same); *Strojnik v. Driftwood Hosp. Mgmt.*, LLC, No. 21-16060, 2022 WL 1642234, at *1 (9th Cir. May 24, 2022) (same).

Here, severance and remand would be futile because private plaintiffs have standing under the UCL (to seek any form of relief) only if they have "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "Furthermore, for a UCL lawsuit to be allowed to continue, standing must exist at all times until judgment is entered and not just on the date the complaint is filed." *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1345 (2009) (cleaned up) (quoting *Californians for Disability Rts. v. Mervyn's, LLC*, 39 Cal. 4th 223, 232–33 (2006)).

By choosing to cash the cashier's check providing a full refund of the amounts she spent to buy the products, Plaintiff has entirely negated her claimed injury—the money or property she "lost" when she bought the products. Whatever standing she might have previously had no longer exists as a result of her own voluntary action to benefit herself. Because Plaintiff can no longer point to any money or property she has lost, and in light of the rule that standing must exist at all times until judgment is entered, Plaintiff's current lack of standing disposes of any claim she might have in state court. Remand would accordingly be futile, and dismissal is appropriate.[1]

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Dismiss, Defendants respectfully request that the Court grant their motion.

[1] Because Plaintiff sought injunctive relief only in connection with her UCL claims, *see* ECF No. 1-1 at 29–32, it is unnecessary to analyze whether she would have standing to prosecute her claim for unjust enrichment in state court. In any event, Plaintiff would lack standing to prosecute any unjust enrichment claim in state court because Defendants' full refund of the amounts she paid would bar her from establishing the essential element of an unjust enrichment claim: the "unjust retention of the benefit at the expense of another." *See Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014)*, as modified on denial of reh'g* (Feb. 27, 2014).

Dated: June 29, 2026

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ James F. Speyer*
James F. Speyer (SBN 133114)

Ian S. Hoffman (*pro hac vice*)
ian.hoffman@arnoldporter.com
601 Massachusetts Avenue NW
Washington, DC 20001

Attorneys for Defendant
EPOCH EVERLASTING PLAY, LLC

Dated: June 29, 2026

**REED SMITH LLP**

By: */s/ Robert W. Sparkes, III*
Robert W. Sparkes, III (*pro hac vice*)

Jennifer J. Nagle (*pro hac vice*)
jnagle@reedsmith.com
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 517-2700

Olivia M. Treister (SBN 341191)
otreister@reedsmith.com
515 South Flower Street, Suite 4300
Los Angeles, CA 90071
Telephone: (213) 457-8000

Attorneys for Defendant
AMAZON.COM SERVICES LLC

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned counsel of record for EPOCH EVERLASTING PLAY, LLC certifies that this brief contains 2,043 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 29, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James F. Speyer*
James F. Speyer
Ian S. Hoffman

Attorneys for Defendant
EPOCH EVERLASTING PLAY, LLC