**O**
**JS-6**

# United States District Court
# Central District of California

WILLIENE JACKSON-JONES et al.,

Plaintiff,

v.

EPOCH EVERLASTING PLAY, LLC, et al.,

Defendants.

Case № 2:23-cv-02567-ODW (ASx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [132]; AND REMANDING ACTION**

## I. INTRODUCTION

Plaintiff Williene Jackson-Jones filed this putative class action against Defendants Epoch Everlasting Play, LLC and Amazon Services LLC asserting claims of unjust enrichment and violations of California's Unfair Competition Law ("UCL"). (Notice Removal ("NOR") Ex. A ("Compl.") ¶¶ 13, 16, 78–102, Dkt. No. 1-1.) Defendants now move to dismiss for lack of subject matter jurisdiction on the basis that Jackson-Jones's claims are moot. (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 132.) For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.[1]

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Defendants market, distribute, and sell Calico Critters, a line of animal figurines with exteriors coated in velvety, fuzzy fibers, i.e. "flocked." (Compl. ¶¶ 13, 16–18.) The figurines often come with "accessories, furniture, and dollhouse playsets," some of which qualify as "small parts." (*Id.* ¶¶ 19–22, 24.) Under the Federal Hazardous Substances Act and the Consumer Product Safety Commission's regulations, any toy intended for children under age three that presents a choking hazard from small parts is a "banned hazardous substance" and may not be sold in interstate commerce. (*Id.* ¶ 2); 15 U.S.C. § 1263(a). This Court has found that the regulations define "flocked" animals and figures as intended for use by children under three as a matter of law. (Order Den. Defs.' Mot. Dismiss 5, Dkt No. 43.) Jackson-Jones's claims all rest on the assertion that Calico Critters flocked toys with "small parts" are thus "banned hazardous substances" under federal law. (Compl. ¶ 6.)

In January 2023, Jackson-Jones initiated this putative class action in Los Angeles County Superior Court on behalf of herself and a proposed class of California purchasers of Calico Critters. (*Id.* ¶¶ 7, 65–67.) Jackson-Jones asserts that Defendants violated the "unlawful" and "unfair" prongs of the UCL and seeks injunctive relief, to recall and cease the sale of the offending Calico Critters, and restitution, to recover the paid purchase price. (*Id.* ¶ 7, 81, 87, 101.) Defendants removed the action to federal court pursuant to the Class Action Fairness Act ("CAFA"). (NOR ¶ 8, Dkt. No. 1.)

The Court previously certified a class of California consumers. (Order Grant Class Cert. 12–13, Dkt. No. 92.) On appeal, the Ninth Circuit vacated class certification and held that Jackson-Jones lacks Article III standing to seek injunctive relief. (Ninth Cir. Mem. 3 ("Mem."), Dkt. No. 107.) On remand, Jackson-Jones renewed her motion for class certification, this time seeking to certify a

---

[2] All factual references derive from Jackson-Jones's Complaint except where otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

restitution-only class. (Renewed Mot. Class Cert. 1, Dkt. No. 111.) The Court found that Jackson-Jones's lack of standing to seek injunctive relief made her an inadequate class representative and denied the renewed motion with prejudice. (Order Den. Renewed Mot. Class Cert. 9, Dkt. No. 129.) As a result of the Ninth Circuit's decision and this Court's denial of class certification, the only claims remaining in this action are Jackson-Jones's individual causes of action for unjust enrichment and UCL violations.

On May 26, 2026, Defendants sent Jackson-Jones a letter enclosing a cashier's check for $2,575.18. (Decl. Ian Hoffman ISO Mot. ("Hoffman Decl.") ¶¶ 4–7, Exs. 2 ("Letter"), 3 ("Check"), Dkt. Nos. 132-1, 132-3, 132-4.) The payment represented the full purchase price of the Calico Critters Jackson-Jones alleges she purchased, plus interest calculated at the maximum statutory rate, plus an additional buffer. (Letter 3.) On June 10, 2026, Jackson-Jones cashed the check. (Decl. James F. Speyer ISO Reply ("Speyer Decl.") ¶ 3, Ex. 1 ("Negotiated Check"), Dkt. Nos. 134-1 to 134-2.)

Now, Defendants move to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), arguing that Jackson-Jones received complete relief on her remaining claims for individual restitution such that this action is moot and the Court should dismiss with prejudice. (Mot. 2–4.) Jackson-Jones concedes that her restitution remedy is moot but argues her UCL cause of action for injunctive relief survives and the Court must remand that claim to state court. (Opp'n 1–2, Dkt. No. 133.)

## III. LEGAL STANDARD

Rule 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. As "standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under" Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To satisfy Article III standing, a plaintiff must show that (1) she has suffered an injury in fact that is concrete and particularized and actual or imminent, not

conjectural or hypothetical; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016). The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

## IV. DISCUSSION

Defendants move to dismiss this action in its entirety, and with prejudice, for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3). (Mot. 1, 4.) Jackson-Jones does not oppose dismissal of her claims for restitution, but contends her UCL claims for injunctive relief remain viable in state court and should be remanded, not dismissed. (Opp'n 1–2.)

### A. UCL & Unjust Enrichment—Restitution Remedy

"Under Supreme Court and Ninth Circuit case law, a claim becomes moot when a plaintiff *actually receives* complete relief on that claim . . . ." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1148 (9th Cir. 2016). Jackson-Jones concedes that her individual claims for restitution are moot. (Opp'n 2 ("Plaintiff does not contest the portion of Defendants' motion concerning her claims for restitution. . . . The Court should grant Defendants' motion to that extent.").) Further, Defendants submit evidence that they have paid the full purchase price plus interest and that Jackson-Jones cashed that check. (Letter; Check; Negotiated Check.) As Jackson-Jones has "actually receive[d] complete relief" on her individual claims for restitution, those claims are moot. *Chen*, 819 F.3d at 1148. As such, the Court **GRANTS** the Motion and dismisses Jackson-Jones's individual restitution claims.

### B. UCL—Injunctive Relief Remedy

In contrast to her restitution claims, Jackson-Jones contends her UCL claims for injunctive relief are not moot. (Opp'n 2–3.) She argues that, although she lacks Article III standing to pursue injunctive relief in federal court, the constraints of

Article III do not apply to state courts, so her UCL claim for injunctive relief remains viable there. (*Id.* at 3.)

"In an ordinary removal case, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citation modified) (quoting 28 U.S.C. § 1447(c)). "[T]he literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). "The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo*, 833 F.3d at 1196.

The Ninth Circuit held that Jackson-Jones lacks Article III standing to pursue the only claims remaining in this case, her UCL claims for injunctive relief. (Mem. 3.) Consequently, the Court lacks jurisdiction and must remand the action to state court. *Polo*, 833 F.3d at 1196.

Defendants urge the Court to reject Jackson-Jones's remand arguments and dismiss her injunctive relief remedy because: (1) she cannot affirmatively seek remand via opposition; (2) remanding only the UCL injunctive relief would constitute impermissible claim splitting; and (3) remand would be futile. (Reply 1.) None of these arguments overcome the literal words of § 1447(c).

First, when subject matter jurisdiction is at issue, "[n]o motion . . . is necessary: ultimate responsibility to ensure jurisdiction lies with the district court." *Polo*, 833 F.3d at 1196 (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). Defendants raised the issue of jurisdiction in their Motion and Jackson-Jones responded. That she disagrees with Defendants about the procedural consequences from a lack of jurisdiction does not prevent the Court from considering her position.

Second, remand would not result in impermissible claim splitting. The only claims remaining in this case are the UCL claims for injunctive relief, over which the Court lacks subject matter jurisdiction. Remanding those claims would split nothing, as remand will send the entire action back to state court. The cases on which Defendants rely do not hold otherwise. Each of those courts declined to remand where remand would split a remedy from a claim, or split claims from related claims, such that the same subject matter would then proceed simultaneously in two different courts. (Reply 3–4.) Such is not the case here, where the case as a whole will proceed only in state court.

Finally, despite the literal words of § 1447(c), Defendants argue the Court should dismiss because remand would be futile. (Reply 4–6.) "Section 1447(c) states that a district court *shall* remand a removed case when it concludes that it lacks subject matter jurisdiction." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022). "Indeed, a majority of circuits have held that remand is mandatory pursuant to Section 1447(c) when the court lacks subject matter jurisdiction." *People for Ethical Operation of Prosecutors & L. Enf't v. Rackauckas*, No. 8:18-cv-00805-CJC (JDEx), 2018 WL 3533461, at *2 (C.D. Cal. July 23, 2018) (citing *Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1226 (10th Cir. 2012) (collecting cases from the Second, Third, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits)). In contrast, Ninth Circuit precedent recognizes a "narrow 'futility' exception to this general remand rule," which allows dismissal rather than remand if a state court would inevitably dismiss the action as well. *Sauk-Suiattle*, 56 F.4th at 1189–90 (citation modified); *see Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991) (adopting futility exception). "However, the *Bell* rule has been questioned, and may no longer be good law." *Polo*, 833 F.3d at 1197. "Even applying the *Bell* rule, however, a district court must have 'absolute certainty' that a state court would simply dismiss the action on remand." *Id.* at 1198 (citation modified) (citing

*Bell*, 922 F.2d at 1425). Only "when the eventual outcome of a case after remand is so clear as to be foreordained" may a district court dismiss it. *Id.*

The Court declines to dismiss the UCL injunctive relief claims. First, the Court notes that the literal words of § 1447(c) give no discretion to dismiss rather than remand a removed action when jurisdiction is lacking. *Int'l Primate*, 500 U.S. at 89; *Polo*, 833 F.3d at 1198. Absent subject matter jurisdiction, the Court lacks authority to dismiss. Second, even assuming the futility exception remains viable, Defendants have not shown, and the Court cannot determine, that it is "absolutely certain" the state court would dismiss Jackson-Jones's UCL injunctive relief claims. *See Polo*, 833 F.3d at 1199 (holding "the district court should have remanded" because "we cannot say with 'absolute certainty' that remand would be futile"); *Y.H. v. Blizzard Ent., Inc.*, No. 8:22-cv-00998-SSS (ADSx), 2024 WL 5431490, at *6 (C.D. Cal. Aug. 14, 2024) (remanding rather than dismissing under the futility exception where court could not determine with absolute certainty that claim would fail in state court). Defendants may raise that challenge with the state court.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. (Dkt. No. 132.) Specifically, the Court **GRANTS** Defendants' Motion and **DISMISSES** Jackson-Jones's restitution claims for unjust enrichment and UCL violations. The Court **DENIES** Defendants' Motion and declines to dismiss Jackson-Jones's injunctive relief claims under the UCL.

The Court **REMANDS** this action, consisting of only Jackson-Jones's UCL claims for injunctive relief, to the Superior Court of California, Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012, Case No. 23STCV01931.

All dates and deadlines are **VACATED**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 4, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**